SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
JILL M. PIETRINI, Cal. Bar No. 138335
PAUL BOST, Cal. Bar No. 261531
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
Telephone: 310.228.3700
Facsimile: 310.228.3701
Email JPietrini@sheppardmullin.com
PBost@sheppardmullin.com

JOHN F. BURNS, Cal. Bar No. 290523
501 West Broadway, 19th Floor
San Diego, CA 92101
Telephone: 619.338.6588
Facsimile: 619.515.4182
Email: JBurns@sheppardmullin.com

Attorneys for Defendants Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

STEPHAN DEAN and LIZA DEAN, Individually and DBA SUREFILE FILING SYSTEMS,

Plaintiffs,

v.

KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and Does 1-50 Inclusive,

Defendants.

Case No. 5:22-cv-00278

Removed from Riverside Superior Court, Case No. CVPS2106526

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1331 AND 1338 (FEDERAL QUESTION JURISDICTION)**

Complaint Filed: December 17, 2021

**TO THE COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, under 28 U.S.C. §§ 1331, 1338, and 1446, defendants Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively, "Kaiser") remove the state court action described below from the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California, and submits the following statement of facts, which entitles it to removal.

## STATEMENT OF THE STATE COURT ACTION

1. On December 17, 2021, plaintiffs Stephan Dean and Liza Dean, individually and doing business as SureFile Filing Systems ("Plaintiffs") filed a Complaint against Kaiser in the Superior Court of the State of California for the County of Riverside, entitled *Stephan Dean, et al. v. Kaiser Found. Health Plan, et al.*, Case No. CVPS2106526. **Exhibit A** is a true and correct copy of the Complaint. Plaintiffs served Kaiser with the Complaint on January 13, 2022. **Exhibit B** is a true and correct copy of the Notice of Service of Summons.

2. This lawsuit is the latest episode in a series of Plaintiffs' brazen and improper attempts to use Kaiser trademarks for their own financial gain. Over a decade ago, Plaintiffs had contracts with Kaiser to store and process the private medical records of Kaiser's patients. Complaint, ¶¶ 6-12. Nothing gave Plaintiffs the right to use Kaiser's trademarks or to sell patients' information. *Id*. But Plaintiffs now claim a right to do exactly this, because they claim a settlement agreement between the parties did not specifically preclude it. *Id*. Plaintiffs registered a domain name and operated a website that featured Kaiser trademarks and offered for sale the patient information Plaintiffs did not turn over after their contract with Kaiser ended. *Id.*, ¶¶ 17-18.

3. Recently, an arbitration panel tasked with deciding petitions filed pursuant to the Internet Corporation for Assigned Names and Numbers' Uniform

Domain Name Dispute Resolution Policy ("UDRP") struck a blow to Plaintiffs' attempts to unlawfully exploit Kaiser trademarks. **Exhibit C** is a true and correct copy of the arbitration panel's decision. As the panel explained it, Plaintiffs "registered <kphealthconnectusa.com>," the website on the domain name "displays the Kaiser Mark and logo on the landing page," and its use by Plaintiffs "is intended to sow confusion." The panel also concluded that Plaintiffs registered the domain name "primarily for the purpose of extorting a benefit from the trademark owner [Kaiser]." The arbitration panel definitively rejected every one of the arguments Plaintiffs again raise in their complaint here, and ordered that Plaintiffs' infringing domain name be transferred to Kaiser.

4. Plaintiffs did not, pursuant to UDRP § 4.k., timely challenge the panel's ruling by commencing a lawsuit against Kaiser in a jurisdiction to which it submitted. Instead, they brought this lawsuit contesting Kaiser's right to initiate the UDRP proceeding and seeking the right to continue their use of Kaiser trademarks, a right that the ICANN panel correctly concluded that Plaintiffs do not have.

5. Plaintiffs' complaint contains four causes of action for: (i) breach of contract; (ii) declaratory relief; (iii) preliminary injunction; and (iv) interference with prospective business advantage. All four turn on substantial questions of federal trademark and Anti-cybersquatting law.

## GROUNDS FOR REMOVAL – FEDERAL QUESTION

6. Because Plaintiffs' causes of action arise under federal law, this timely removal is proper.

### Jurisdiction – Federal Question

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 as an action "arising under the Constitution, laws, or treaties of the United States," and under 28 U.S.C. § 1338 as an action "arising under any Act of Congress relating to . . . trademarks." *See also* 15 U.S.C. § 1121 (providing federal jurisdiction over all actions arising under the Lanham Act). Specifically, this is a

trademark and cybersquatting dispute between Plaintiffs and Kaiser that arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and the Anti-Cybersquatting Consumer Protection Act (ACPA), codified in part as 15 U.S.C. § 1125(d). 15 U.S.C. § 1114(2)(D)(v) specifically states, "A domain name registrant whose domain name has been suspended, disabled, or transferred under a policy described under clause (ii)(II) may, upon notice to the mark owner, file a civil action to establish that the registration or use of the domain name by such registrant is not unlawful under this chapter."

8. Kaiser owns several federal trademark registrations issued by the United States Patent and Trademark Office for the trademarks KAISER PERMANENTE, KP, and variations thereof, including, but not limited to, KP HEALTHCONNECT, U.S. Reg. No. 3,506,362.

9. Plaintiffs registered the internet domain name <kphealthconnectusa.com>, and used Kaiser trademarks on the website associated with that domain name. Complaint, ¶ 18; **Exhibit C**. Additionally, Plaintiffs allege in their Complaint that they have a "right to use the . . . name and logo" of the Kaiser defendants, including "the right to use the KAISER name and logo in his website and other materials" and to register domain names that include "the word 'Kaiser' or the initials 'KP' or KAISER's logo." Complaint, ¶¶ 27, 31, 32, 34, 42. Plaintiffs also challenge the arbitration panel's decision that Plaintiffs' use of Kaiser's trademarks in the <kphealthconnectusa.com> domain name was improper. *Id.*, ¶¶ 17-24, 32-42. Plaintiffs seek a declaration that, among other things, they have the right to continue the ownership and use of Kaiser-related domain names, and use of Kaiser trademarks in connection with the domain names. *Id.*

10. All four of Plaintiffs' causes of action depend on substantial questions of federal law. First, Plaintiffs contend that Kaiser breached a settlement agreement by enforcing their trademark rights pursuant to the UDRP and before the arbitration panel. Second, Plaintiffs seek declaratory relief allowing their use of Kaiser

trademarks in connection with the sale of Kaiser patient data, and to prevent Kaiser from bringing cases related to Plaintiffs' unauthorized use of Kaiser trademarks pursuant to the UDRP. Third, Plaintiffs seek to enjoin Kaiser from bringing actions to enforce their trademark rights and to protect their patients' information. Fourth, Plaintiffs contend that Kaiser interfered with their prospective business advantage by filing the UDRP petition to stop their trademark-infringing activities. *Evans v. Trimont Land Co*., 2006 WL 1377031, at *1 (E.D. Cal. May 18, 2006) (removal proper where plaintiff brought lawsuit for a declaration that his use of mark was rightful, after defendant sent plaintiff a cease a desist letter contending that the use was infringing).

11. Because this Court has original jurisdiction over the causes of action alleged under federal law by Plaintiffs, this case is properly removable to this Court.

**Compliance with 28 U.S.C. § 1441(a)**

12. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

13. Consistent with 28 U.S.C. § 1441(a), this District embraces the place where the state court action is pending.

**Timeliness of Removal**

14. The procedure for removal is outlined in 28 U.S.C. § 1446(b). This procedure requires removal "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." *Yanik v. Countrywide Home Loans, Inc*., 2010 WL 4256312, at *3 n.6 (C.D. Cal. Oct. 18, 2010) (explaining that a notice of removal must be filed within 30 days from the date on which the defendant is served with a copy of the state-court complaint, but where the 30th day falls on a weekend or holiday, the defendant has until the next day that is not a weekend or holiday under Fed. R. Civ.

P. 6(a)).

15. Because Kaiser is filing the Notice of Removal within the time permitted, removal of this action is timely pursuant to 28 U.S.C. § 1446(b). **Exhibit B**; *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347 (1999) (the 30-day removal period cannot be triggered for a complaint removable on its face until the defendant has been served with legal process).

**Venue**

16. The United States District Court for the Central District of California embraces Riverside County, the county in which this action is brought. Therefore, the United States District Court for the Central District of California is a proper venue for this Action under 28 U.S.C. §§ 84(c) and 1441(a); *see also* 28 U.S.C. § 1446(a).

**Attachment of State Court Proceedings**

17. Copies of all other documents filed in the state court action are attached as **Exhibit D**. *See* 28 U.S.C. § 1446(a).

**Consent to Removal**

18. Pursuant to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

19. The two Kaiser defendants that are filing this Notice of Removal are the only defendants named in the Complaint. Thus, consistent with 28 U.S.C. § 1446(b)(2)(A), "all defendants" join in the removal of this action.

**Notice of Removal Given to The State Court**

20. Pursuant to 28 U.S.C. § 1446(d), Kaiser will promptly provide written Notice of Removal of this action to Plaintiffs and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Riverside.

/ / /

Kaiser prays that the state court action pending against it in the Superior Court for the State of California for the County of Riverside be removed to this United States District Court for the Central District of California.

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Dated: February 14, 2022

By *\/s/ John F. Burns*

JILL M. PIETRINI
PAUL BOST
JOHN F. BURNS
Attorneys for Defendants

SMRH:4859-5971-3292.3