Alan R. Jampol (053815)
JAMPOL LAW APC
1801 Century Park East, 25th Floor
Los Angeles, CA 90067
(310) 556 – 9678 Office
(310) 614-4149 Cell
Email: alan@jampol-law.com

Attorneys for Plaintiffs Stephan Dean and Liza Dean Individually and dba SureFile Filing Systems

# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN DEAN AND LIZA DEAN INDIVIDUALLY AND DBA SUREFILE FILING SYSTEMS, *Plaintiffs,*<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS; DOES 1-50 INCLUSIVE, *Defendants.* | No. 5:22-cv-00278-MCS-KKx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>**[Request for Judicial Notice and [Proposed] Order filed concurrently]**<br><br>Date:      March 28, 2022<br>Time:     9:00 AM<br>Courtroom: 7C |

*MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS*

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ............................................................................... 1

TABLE OF AUTHORITIES ......................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS ....................................................... 4

    1. The Complaint Now Consists Only of the Second Cause of Action for Declaratory Relief ..................................................... 4

    2. This Court Probably Lacks Subject Matter Jurisdiction of this Case ................................................................................. 5

    3. A Motion to Dismiss Admits all Well-Pleaded Allegations .......... 6

    4. The Request for a Declaratory Relief May Proceed as the Only Claim .................................................................................. 7

    5. All of Defendants' Substantive Contentions Were Legally Rejected in a Binding State Court Judgment in a Prior Lawsuit by Kaiser ........................................................... 10

    6. Defendants' Contentions About Prior Negotiations are Immaterial but Incorrect ............................................................. 13

    7. The Request for a Declaration as to the ICANN Arbitration is Valid ...................................................................... 14

    8. Conclusion – the Motion Should be Denied ............................... 16

# TABLE OF AUTHORITIES

Page

**Cases:**

*Arbaugh v. Y & H Corp.*
   546 U.S. 500 (2006) ............................................................................... 6

*Cervantes v. United States*
   330 F.3d 1186 (9th Cir. 2003) ............................................................... 6

*Concha v. London*
   62 F.3d 1493 (9th Cir. 1995) ................................................................. 4

*Flores v. EMC Mortg. Co.*
   997 F.Supp.2d 1088 (E.D. Cal. 2014) ................................................ 10

*In re Century Aluminum Co. Secs. Litig.*
   729 F.3d 1104 (9th Cir. 2013) ............................................................... 8

*Kontrick v. Ryan*
   540 U.S. 443 (2004) ............................................................................... 6

*Lopez v. Wells Fargo Bank, N.A.*
   727 F. App'x 425 (9th Cir. 2018) ...................................................... 8, 9

*Mathews v. Eldridge*
   424 U.S. 319 (1970) ............................................................................. 15

*MedImmune, Inc. v. Genentech, Inc.*
   549 U.S. 119 (2007) ............................................................................... 7

*Roberts v. L.A. Cnty. Bar Assn.*
   105 Cal.App.4th 604 (2003) .................................................................. 9

*Robi v. Five Platters, Inc.*
   838 F.2d 318 (9th Cir. 1988) ............................................................... 12

*Scheuer v. Rhodes*
   416 U.S. 232 (1974) ............................................................................... 8

*Skilstaf, Inc. v. CVS Caremark Corp.*
   669 F.3d 1005 (9th Cir. 2012) ............................................................. 13

*Stock W., Inc. v. Confederated Tribes of the Colville Reservation*
   873 F.2d 1221 (9th Cir. 1989) ........................................................... 5, 9

*United States v. Howard*
    381 F.3d 873 (9th Cir. 2004) ................................................................... 7

*United States v. Ritchie*
    342 F.3d 903 (9th Cir. 2003) ................................................................... 7

*Weston v. Indymac Mortg. Servs.*
    No. CV102198GAFFFMX, 2010 WL 11549748 (C.D. Cal. Sept.
    22, 2010) ............................................................................................... 10

**Statutes:**

28 U.S.C. § 2201 ......................................................................................... 7

Cal. Civ. Proc. Code § 1060 ....................................................................... 7

**Court Rules:**

Fed. R. Civ. P., rule 12 ............................................................................... 6

Fed. R. Civ. P., rule 57 ............................................................................... 7

**Memorandum of Points and Authorities in Opposition to Motion to Dismiss**

### 1. The Complaint Now Consists Only of the Second Cause of Action for Declaratory Relief

On February 25, 2022, Plaintiffs filed and served their Notice of Dismissal Without Prejudice of the First, Third, and Fourth Causes of Action (Doc. 14). This is permitted under Federal Rule of Civil Procedure. See *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) ["The plaintiff may dismiss…some or all of his claims through a Rule 41(a)(1) notice."]

The complaint now includes only the Second Cause of Action, which seeks declaratory relief - and not damages. Doc. 1–1. The declarations sought by Plaintiffs are:

- Plaintiffs have the right to use the Kaiser name and logo and to sell or transfer data on their computers relating to Kaiser members;
- Kaiser may not further attack Plaintiffs' use of any domain name adopted by Plaintiffs that includes Kaiser's name, logo, or initials (KP); and
- The decision of the arbitrators in the ICANN dispute, which found that the Plaintiffs had no right to use the domain name KPHealthConnect.com, was in excess of their jurisdiction and legally incorrect. Under Rule 4.k. of the ICANN Uniform Domain Name Dispute Resolution Policy, the award may be challenged by filing a civil action within ten days of the receipt of the award, as was done here.

### 2. This Court Probably Lacks Subject Matter Jurisdiction of this Case

Defendants contend that the case must be dismissed because a claim for declaratory relief may not be asserted as a separate claim. In *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989), the court held that a claim for declaratory relief was an insufficient basis for federal jurisdiction. That is the case here.

The only basis for federal question jurisdiction is that portion of the claim for declaratory relief that requests that the ICANN arbitration award (see Defendants' Request for Judicial Notice, Doc. 11–2, Exhibit E) be set aside – in effect, under the applicable rules, an appeal from the decision. As Defendants point out, ICANN is derived from federal law, and the procedure therefore raises the application of a federal question as a basis for jurisdiction.

There is no basis in the other requests for declaratory relief for subject matter jurisdiction of this Court even if they remained as part of the complaint. The only issues are the application of certain provisions of a contract (the settlement agreement) and of a California state court judgment construing that agreement. Even were the dismissed causes of action, breach of contract, injunction (admittedly a remedy as opposed to a substantive cause of action) and interference, with prospective business advantage still asserted in the complaint, the result would be the same. None of the dismissed claims raises a federal question; each of those claims

1 is a state law dispute over the parties' rights under the settlement
2 agreement or a tort claim (interference) arising out of a breach of the
3 contract. They are insufficient to create federal question jurisdiction here.
4     Since the declaratory relief claim is the only basis for federal subject
5 matter jurisdiction and there is no other claim that would support such
6 jurisdiction, the action, now one solely for declaratory relief, lacks any basis
7 for federal jurisdiction and the case should be remanded to the Riverside
8 Superior Court.
9     Jurisdiction was not raised by a motion to remand given the
10 contemporaneous filing of this motion and the related anti-SLAPP motion,
11 but lack of jurisdiction can be raised at any time. Fed. R. Civ. P., rule
12 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); *Kontrick v.*
13 *Ryan*, 540 U.S. 443, 455 (2004) ["Whenever it appears by suggestion of the
14 parties or otherwise that the court lacks jurisdiction of the subject matter,
15 the court shall dismiss the action."].
16
17         **3. A Motion to Dismiss Admits all Well-Pleaded Allegations**
18
19     A motion to dismiss assumes the truth of all well-pleaded allegations.
20 *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003) ["In
21 determining whether dismissal was properly granted, we assume all factual
22 allegations are true and construe them in the light most favorable to the
23

6

plaintiff"]. The myriad facts alleged by Defendants in their motion have no place in ruling on a motion to dismiss. See *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

In ruling on the motion to dismiss, the Court looks only to documents attached to or incorporated by reference into the complaint or matters of judicial notice. *Id.* The key documents requested to be judicially noticed are the order of the Riverside Superior Court of August 20, 2013, Exhibit D to Defendants' Request for Judicial Notice filed concurrently (Doc. 10–2) and the transcript of the hearing on Kaiser's summary judgment motion on July 13. 2013 which led to the final judgment (Exhibit 1 to Plaintiffs' Request for Judicial Notice filed concurrently). *See United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004) [taking judicial notice of court records in another case].

### 4. The Request for a Declaratory Relief May Proceed as the Only Claim

Plaintiffs' attack the request for declaratory relief as merely a remedy and not a cause of action. (Opp. Mem. Doc 10–1-at p. 12). This argument is unavailing. This is a removed case, and under California law, declaratory relief is a statutory right. Cal. Civ. Proc. Code § 1060 et seq. Federal law explicitly authorizes declaratory judgments. 28 U.S.C. § 2201(a); Fed. R. Civ. P., rule 57; *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 119, 126–127 (2007) [declaratory judgment action appropriate where "the facts alleged,

1  under all the circumstances, show that there is a substantial controversy,
2  between parties having adverse legal interests, of sufficient immediacy and
3  reality to warrant the issuance of a declaratory judgment"].

4  A motion to dismiss is not an appropriate method to evaluate whether a
5  plaintiff is entitled to the specific declaration he or she seeks. *See Scheuer*
6  *v. Rhodes*, 416 U.S. 232, 236 (1974) ["When a federal court reviews the
7  sufficiency of a complaint . . . [t]he issue is not whether a plaintiff will
8  ultimately prevail but whether [he] is entitled to offer evidence to support
9  the claims."]. If, however, there is only one declaration legally possible, a
10 court may adjudicate that on motion to dismiss. *See In re Century*
11 *Aluminum Co. Secs. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013). That is not
12 the case here. If anything, the complaint demonstrates that Plaintiffs are
13 entitled to the declarations they seek, including what is really their appeal
14 from an arbitration decision under ICANN regarding a domain name.

15 Defendants cite two federal cases, both unpublished, for its proposition
16 that an independent declaratory relief claim is improper. Neither is
17 applicable.

18 First, Defendants cite *Lopez v. Wells Fargo Bank, N.A.*, 727 F. App'x 425
19 (9th Cir. 2018), where the Ninth Circuit concluded that dismissal of a
20 declaratory relief claim was proper because all of the plaintiff's other claims
21 were properly dismissed, and the declaratory relief claim sought the same
22
23

8
*MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS*

1 relief as those claims. *Id.* at 426. Here, there is only a single claim for

2 declaratory judgment; it is not duplicative of other dismissible claims.

3 Therefore, *Lopez* is inapplicable

4     *Lopez* relied on a single inapposite federal case, *Stock W., Inc. v.*

5 *Confederated Tribes of the Colville Reservation*, 873 F.2d 1221. That case

6 held that a lawsuit cannot proceed solely on the basis of a declaratory relief

7 claim if the Court's jurisdiction rested on that claim.

8     *Lopez* also cites a California appellate court decision, *Roberts v. L.A.*

9 *Cnty. Bar Assn.*, 105 Cal.App.4th 604 (2003). *Roberts* does not help. In

10 *Roberts,* the plaintiff challenged the Bar Associations' rating of him as "not

11 qualified" for the elective post of Superior Court judge. After the complaint

12 was filed, but before any action on its could be taken, the election took

13 place. The essence of the *Roberts* opinion was that declaratory relief was

14 inapplicable because by then, the claims were at that point solely for

15 damages for past wrongs. The court concluded:

> [W]e have found no authority for the proposition that declaratory relief is proper procedure when the rights of the complaining party have crystallized into a cause of action for past wrongs, all relationship between the parties has ceased to exist and there is no conduct of the parties subject to regulation by the court."] *Id.* at 618.

21 Plaintiffs' entire claim is prospective. There is no claim for damages for

22 past wrongs, and the conduct of the parties is subject to court

23

determination. That is what declaratory relief is all about. See *Flores v. EMC Mortg. Co.*, 997 F.Supp.2d 1088, 1111 (E.D. Cal. 2014) ["A declaratory relief claim operates 'prospectively,' not to redress past wrongs."].

Defendants' second federal case citation, *Weston v. Indymac Mortg. Servs.*, No. CV102198GAFFFMX, 2010 WL 11549748, at *4 (C.D. Cal. Sept. 22, 2010) is moot because that case applied only to a request for an injunction, which is no longer present here.

In summary, Defendants have not addressed the merits of the only claims that remain in the action – the declaratory relief claims. The motion should be denied on that ground alone.

### 5. All of Defendants' Substantive Contentions Were Legally Rejected in a Binding State Court Judgment in a Prior Lawsuit by Kaiser

Defendants' entire position is premised on the assertion that Plaintiffs have "no Right to Use Kaiser's Trademarks" (Opp. Memo at p. 8–12). However, the complaint alleges to the contrary. The complaint alleges the existence of the 2011 settlement agreement (paragraph 9), which, while it did not explicitly provide that the Deans retained the right to use Kaiser trademarks, it did not prohibit it. As Defendants point out (Opp. Mem. p. 5), Kaiser filed a lawsuit against Plaintiffs, and there was a judgment in that lawsuit. Defendants ignore the holding of the court in that lawsuit, which is final and binding.

1  As alleged in paragraphs 13, 15, and 16 of the complaint, Kaiser alleged
2  in its 2012 lawsuit against Dean (meaning both Stephan and Liza Dean)
3  that Dean was precluded from using the Kaiser name or logo. See Exhibit 4
4  to Plaintiffs' Request for Judicial Notice filed concurrently. Dean moved for
5  summary judgment in that lawsuit on the ground that Defendants "had
6  released any claim against DEAN [i.e., Plaintiffs here] that DEAN was not
7  permitted to use the KAISER name and logo and thus could not pursue its
8  claim to prevent DEAN from such use." (Complaint paragraph 15). This is
9  exactly what Defendants are asserting here.

10  Plaintiffs further allege that "The court rejected this argument and held
11  that the Settlement Agreement applied to any claim of any kind against
12  DEAN, including a claim that DEAN did not have the right to use KAISER'
13  name and logo." *Id.* That language is quoted from the transcript of the
14  Court's hearing on the motion for summary judgment in the prior Kaiser
15  action (see Exhibit 1 to Plaintiffs' Request for Judicial Notice, filed
16  concurrently).

17  Merely as an example, the following colloquy occurred at the hearing on
18  DEAN's summary judgment motion (see Transcript, Exhibit 1 to Plaintiffs'
19  Request for Judicial Notice, at p. 9 (Mr. Freeman was Kaiser's lawyer):

20
21  THE COURT: Did it [that is, the settlement agreement] define the dispute?

22  MR. FREEMAN: It does.
23

11
*MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

> THE COURT: And would you read that to the court, and for the record, as to how it defines the dispute.
>
> MR. FREEMAN: So in the recitals, it says: "Whereas, Surefile asserts that it has yet to be fully compensated for services performed and costs incurred in providing services to KP, and has alleged other claims against KP -- "
>
> THE COURT: Stop right there. "Other claims against KP." Do they identify what those other claims are?
>
> MR. FREEMAN: They do not define them in the settlement agreement.
>
> THE COURT: And in addition to the dispute that you identified in that language, the settlement agreement goes on to purport to settle any and all claims that one has against the other, both past, present, and future. In fact, known and unknown claims.
>
> MR. FREEMAN: It does. And -- and I'll concede that perhaps some of that language is not as precise, which we would now hope it would have been…

This is a textbook application of the well-established principle of res judicata, now referred to as claim preclusion. *See Robi v. Five Platters, Inc.*, 838 F.2d 318, 321–22 (9th Cir. 1988) ["Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same 'claim' or cause of action." (Internal quotation omitted)).

Even more specifically, this is also a case of issue preclusion, which precludes relitigation of an issue previously litigated to judgment between the parties. "Issue preclusion bars relitigation of issues adjudicated in an

12

*MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS*

1 earlier proceeding if three requirements are met: (1) the issue necessarily
2 decided at the previous proceeding is identical to the one which is sought to
3 be relitigated; (2) the first proceeding ended with a final judgment on the
4 merits; and (3) the party against whom collateral estoppel is asserted was a
5 party or in privity with a party at the first proceeding." *Skilstaf, Inc. v. CVS
6 Caremark Corp.*, 669 F.3d 1005, 1021 (9th Cir. 2012) (internal quotation
7 marks omitted).

8 The determination by the court in the lawsuit brought by Kaiser that in
9 the settlement agreement, Kaiser waived and released any claim, then or in
10 the future, that Plaintiffs may not use the Kaiser name or logo is binding
11 and not further subject to adjudication by this Court (or by the arbitrators
12 in the ICANN proceeding).

### 6. Defendants' Contentions About Prior Negotiations are Immaterial but Incorrect

16 Defendants argue that the Court may not look behind the settlement
17 agreement, which is an integration. Opp. Memo, Doc. 10–1, p. 8–12.
18 Defendants are correct – but they nevertheless ask the Court to indulge in
19 that very process, citing prior agreements (see Exhibits A, B, and C of
20 Defendants' Request for Judicial Notice, Doc. 10–2) as well as certain rules
21 of construction (Opp. Memo p. 9–11). None of those rules of construction are

applicable here; the California court in 2013 did that work and construed the settlement agreement as noted above – and that construction is binding.

### 7. The Request for a Declaration as to the ICANN Arbitration is Valid

One of the declarations sought by Plaintiffs is that the ruling of the arbitrators in the ICANN arbitration was legally wrong. Filing a separate action like this is the method designated by the applicable rules to seek review of the award. See section 4.k. of the Uniform Domain Name Resolution Policy ("the Policy"), Exhibit 4 to Plaintiffs' Request for Judicial Notice filed concurrently. Plaintiffs are entitled to a declaration as to the validity of the ICANN ruling.

The arbitrators did not have the power or jurisdiction under the Policy to adjudicate the claims and contentions made in this action. The power of the arbitrators is limited as set forth in § 4.a. of the Policy as follows:

> **Applicable Disputes.** You are required to submit to a mandatory administrative proceeding in the event that a third party (a "complainant") asserts to the applicable Provider, in compliance with the Rules of Procedure, that
>
> (i) your domain name is identical or confusingly similar to a trademark or service mark in which the complainant has rights; and
>
> (ii) you have no rights or legitimate interests in respect of the domain name; and

14

*MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS*

> (iii) your domain name has been registered and is being used in bad faith.

"Bad faith" as used in the Policy is described in §4.b. of the Policy. None of those circumstances are present here. {Plaintiffs are not competing with Kaiser or trying to steer Kaiser patients to them. Plaintiffs objected in the proceeding to any consideration of Kaiser's complaint.

None of the matters which ICANN proceedings are designed to review were before the arbitrators; the only matters that the arbitrators purported to decide were beyond their power to do so. Plaintiffs are not "cybersquatting;" they did not and do not claim any rights or legitimate interests in respect to the domain name challenged by Kaiser. They contend that Defendants have released any claim they might otherwise have had to preclude Plaintiffs from using that specific domain name (and Plaintiffs have stopped all use of that domain name). In fact, as shown in Plaintiffs' opposition to Defendants' anti-SLAPP motion to be heard concurrently with this motion, Plaintiffs have paid Kaiser for the right to use its name and logo.

The arbitration award in the ICANN arbitration extends only to the obligation of Plaintiffs to retransfer a single specific domain name (KPhealthconnect.com) back to Defendants. The arbitration did not afford Plaintiffs due process; there was no direct examination or cross-examination of witnesses, no hearing, and no witnesses can testify. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1970) ["The fundamental

requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (Internal quotation marks omitted)].

### 8. Conclusion – the Motion Should be Denied

In sum, declaratory relief is a valid form of action in these circumstances, Plaintiffs are entitled to their declaration. Defendants fail to address the substantive merit of the declaratory relief claims, so the motion should be denied. In any event,

putting that aside, there is no basis for granting the motion when the allegations of the complaint adequately and plausibly allege valid rights in Plaintiffs.

Jampol Law APC
Respectfully submitted,

Dated: March 7, 2022                By:  /s/ Alan Jampol

Attorney for Plaintiffs
Stephan Dean, Liza Dean