1  Alan R. Jampol (053815)
   JAMPOL LAW APC
2  1801 Century Park East, 25th Floor
   Los Angeles, CA 90067
3  (310) 556 – 9678 Office
   (310) 614-4149 Cell
4  Email: alan@jampol-law.com
5

6  Attorneys for Plaintiffs Stephan
   Dean and Liza Dean Individually
7  and dba SureFile Filing Systems

8
          **IN THE UNITED STATES DISTRICT COURT**
9
       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10

11                                   | No. 5:22-cv-00278-MCS-KKx

12
   STEPHAN DEAN AND LIZA DEAN        | **MEMORANDUM OF POINTS**
13 INDIVIDUALLY AND DBA              | **AND AUTHORITIES IN**
   SUREFILE FILING SYSTEMS,          | **OPPOSITION TO ANTI-SLAPP**
14 *Plaintiffs,*                     | **MOTION**
15            v.                     | **[Declaration of Stephan Dean,**
                                     | **Request for Judicial Notice, and**
16 KAISER FOUNDATION HEALTH          | **[Proposed] Order filed**
   PLAN, INC.; KAISER               | **concurrently]**
17 FOUNDATION HOSPITALS;
   DOES 1-50 INCLUSIVE,              | Date:      March 28, 2022
18 *Defendants.*                     | Time:      9:00 AM
                                     | Courtroom: 7C
19

20

21

22

23

1

# **TABLE OF CONTENTS**

2

Page

3

TABLE OF CONTENTS ...................................................... 1

4

TABLE OF AUTHORITIES ................................................... 2

5

MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO ANTI-SLAPP MOTION ................................... 3

6

    1.  Overview Matter – This is a Simple Contract Case in
        Which Plaintiffs Seek a Declaration of their Rights

7

        Under the Contract ...................................................... 3

8

    2.  This Anti-SLAPP Motion is an Anomaly ..................................... 4

    3.  The Requirements for an Anti-SLAPP Motion ............................... 5

9

    4.  The Complaint does not Arise from an Act by
        Defendants in Furtherance of Their Right of Petition as

10

        to a Matter of Public Issue .............................................. 6

11

    5.  Plaintiffs Can, and Likely Will, Prevail on the Merits ............... 7

12

        a.  The Request for Declaratory Relief is Proper and
            Applies Only to Future Conduct ............................. 7

13

        b.  The Settlement Agreement and its Construction
            and Effect .................................................... 8

14

        c.  Plaintiffs in Effect Paid $90,000 to Kaiser for the
            Right to Use Kaiser's Name, Logo, and Information .......... 11

15

        d.  Plaintiffs Have a Right to a Declaration as to

16

            Whether the Ruling in the ICANN Arbitration was
            Beyond the Arbitrators' Jurisdiction. ..................... 13

17

    6.  Conclusion – the Motion Should be Denied ............................... 15

18

19

20

21

22

23

*MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANTI-SLAPP MOTION*

1

# TABLE OF AUTHORITIES

2

Page

3

**Cases:**

4

*Calista Enters. Ltd. v. Tenza Trading Ltd.*
    2014 WL 3695487 (D. Ore. 2014)  ......................................................  13

5

*Caruso v. Nat'l Recovery Agency*
    16-CV-1679-BAS(WVG) 2017 WL 1550156 (S.D. Cal. Apr. 28,
    2017)  ....................................................................................................  10

6

7

*Concha v. London*
    62 F.3d 1493 (9th Cir. 1995)  ......................................................  3, 10

8

*Fed. Home Loan Bank v. Countrywide Fin. Corp*
    214 Cal.App.4th 1520 (2013)  ............................................................  10

9

*Mathews v. Eldridge*
    424 U.S. 319 (1970)  ............................................................................  15

10

*Navellier v. Sletten*
    29 Cal.4th 82 (2002)  .............................................................................  5

11

12

*United Food & Com.Workers Loc. Union Nos. 137, 324, 770, 899,
    905, 1167, 1222, 1428, & 1442 v. Food Emps. Council, Inc.*
    827 F.2d 519 (9th Cir. 1987)  .........................................................  7, 8

13

14

*Varian Med. Sys., Inc. v. Delfino*
    35 Cal.4th 180 (2005)  ...........................................................................  5

15

16

**Statutes:**

17

28 U.S.C. § 2201  ........................................................................................  7

18

Cal. Civ. Proc. Code § 426.16  ...................................................................  5

Cal. Civ. Proc. Code § 1060  .......................................................................  8

19

20

**Court Rules:**

Fed. R. Civ. P., rule 41  ..............................................................................  3

21

Fed. R. Civ. P., rule 57  ..............................................................................  7

22

23

*MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANTI-SLAPP MOTION*

## Memorandum of Points and Authorities in Opposition to Anti-SLAPP Motion

### 1. Overview Matter – This is a Simple Contract Case in Which Plaintiffs Seek a Declaration of their Rights Under the Contract

Upon its removal to this Court, the complaint included four causes of action centered around what Plaintiffs allege were breaches of contract, a settlement agreement entered into in 2011 (Exhibit 1 to the complaint and Exhibit F to Defendants' Request for Judicial Notice, Doc. 11–2). There was no claim that affected Defendants' rights of petition or free speech in connection with a public matter (or any matter). The issues were entirely contractual with a related tort claim (interference with prospective advantage). One of the causes of action was for declaratory relief, which is a statutory right in California and a common claim by parties to a contract.

On February 22, 2022, Plaintiffs filed and served their Notice of Dismissal Without Prejudice of the First, Third, and Fourth Causes of Action (Doc. 14)[1] pursuant to Federal Rules of Civil Procedure, rule 41(a)(1)(A)(i). See also *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) ["The plaintiff may dismiss…some or all of his claims – through a Rule 41(a)(1) notice"].

---

[1]    It was, however, improperly e-filed along with another unrelated document and so was stricken, with permission to refile it – which Plaintiffs did on February 25 (see Docs. 9, 13).

The complaint now includes only the Second Cause of Action, which seeks only declaratory relief. Plaintiffs do not seek damages.

The declarations sought by Plaintiffs are:

· They have the right to use the Kaiser name and logo and use or transfer data on their computers relating to Kaiser members;

· They have the right to be free of further efforts by Kaiser to attack Plaintiffs' use of any domain name adopted by Plaintiffs that includes Kaiser's name, logo, or initials (KP) which the contract (a settlement agreement) gives them; and

· The decision of the arbitrators in an ICANN dispute which ruled that the Plaintiffs had no right to use the domain name KPHealthConnectusa.com was in excess of their jurisdiction. Under Rule 4.k. of the ICANN Uniform Domain Name Dispute Resolution Policy, filing a civil action within ten days of the receipt of the award of the arbitrators is an appropriate (and probably the only) way to challenge the award. That was done here.

## 2.   This Anti-SLAPP Motion is an Anomaly

This anti-SLAPP motion is an anomaly - it is essentially backward. Plaintiffs are not by any stretch of the imagination trying to stop Defendants from exercising their rights or petition or free speech. On the contrary, Defendants are moving against two individuals, by threat and

*MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANTI-SLAPP MOTION*

motions rather than a lawsuit (which they previously tried and lost) to prevent Plaintiffs from exercising their right of free speech or to conduct their business. This motion should be viewed in that realistic light.

### 3.   The Requirements for an Anti-SLAPP Motion

In order to prevail on an anti-SLAPP motion under California Code of Civil Procedure section 426.16, Defendants must first show that "the challenged cause of action arises from an act in furtherance of the right of petition or free speech in connection with a public issue." *Navellier v. Sletten*, 29 Cal.4th 82, 88 (2002).

If that is satisfied, Plaintiffs must show that they have prima facie case – in essence whether Plaintiffs have sufficient evidence to defeat a summary judgment motion. *Varian Med. Sys., Inc. v. Delfino*, 35 Cal.4th 180, 192 (2005). Plaintiffs must "demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'" *Navellier v. Sletten*, 29 Cal.4th at 89 [citation and internal quotation marks omitted].

*MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANTI-SLAPP MOTION*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

### 4. The Complaint does not Arise from an Act by Defendants in Furtherance of Their Right of Petition as to a Matter of Public Issue

This lawsuit is a business dispute between Plaintiffs and Defendants over the effect of a contract between them. Plaintiffs seek only declaratory relief; they are not addressing any act by Defendants "in furtherance of the right of petition or fee speech in connection with a public issue" – not an act, and certainly not act in furtherance of a right or petition. The declaration sought as to the ICANN arbitration is not that Defendants had no right to bring it, but that the ruling was error and beyond the power of the arbitrators. The reality, as noted above, is that just the opposite is true here.

The parties entered into a settlement agreement in March 2011. That agreement contains several provisions for release of "any" claims either party has against the other. See, e.g., *id.* at paragraphs 1.B. and 3. There is nothing public about this matter.

The requested declaration that is the appeal from the ICANN arbitration ruling under the Rules is *sui generis*. In the ICANN arbitration, the situation was just the opposite; Kaiser sought to prevent Plaintiffs from exercising their contract right to use Kaiser's initials in a domain name. The ruling by the arbitrators was, Plaintiffs contend, beyond their power and authority.

*MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANTI-SLAPP MOTION*

The Policy that governs domain name proceedings provides that a civil action is the method of appeal. See section 4.k. of the Uniform Domain Name Resolution Policy issued by ICANN ("the Policy"), found at https://www.icann.org/resources/pages/policy-2012–02–25-en. (Exhibit 5, Plaintiffs' Request for Judicial Notice).

The right to appeal is Plaintiffs' right under the Policy, and exercise of that right by Plaintiffs via the declaratory relief claim in this action is unrelated to Defendants' action in furtherance of their right of petition as to a public issue – or any issue.

## 5.  Plaintiffs Can, and Likely Will, Prevail on the Merits

### a.  The Request for Declaratory Relief is Proper and Applies Only to Future Conduct

Declaratory judgment actions are recognized in federal law. See 28 U.S.C. § 2201; Fed. R. Civ. P., rule 57; *United Food & Com.Workers Loc. Union Nos. 137, 324, 770, 899, 905, 1167, 1222, 1428, & 1442 v. Food Emps. Council, Inc.*, 827 F.2d 519 (9th Cir. 1987).

The declaratory judgment cause of action essentially requests two overall categories of declaration: (i) that Plaintiffs are, under the settlement agreement, entitled to use the Kaiser name and logo and disseminate non-HIPAA information about Kaiser members to the public, and (ii) an appeal from the ruling of the arbitrators in the ICANN arbitration.

*MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANTI-SLAPP MOTION*

In *United Food & Com.Workers Loc. Union Nos. 137, 324, 770, 899, 905, 1167, 1222, 1428, & 1442 v. Food Emps. Council, Inc.*, 827 F.2d 519, the Ninth Circuit explained that:

> The Declaratory Judgment Act was enacted to afford an added remedy to one who is uncertain of his rights and who desires an early adjudication without having to wait until he is sued b his adversary. The remedy available under the Act is intended to minimize the danger of avoidable loss and the unnecessary accrual of damages and to afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued. It permits actual controversies to be settled before they ripen into violations of law or a breach of contractual duty and it helps avoid multiplicity of actions by affording an adequate expedient and inexpensive means for declaring in one action the rights and obligations of litigants. *Id.* at 524 [internal citations quotations and alterations omitted].

In California, from whence this action was removed, a plaintiff has a statutory right to bring an action for declaratory relief. California Code of Civil Procedure section 1060 et seq. That statutory right should be recognized in this action even after removal.

## b.  The Settlement Agreement and its Construction and Effect

As noted above, the settlement agreement includes several broad releases and disclaimers, including:

• the fourth WHEREAS clause ("the parties...now desire to settle and compromise any claims they might possess against the other"),

*MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANTI-SLAPP MOTION*

· ¶ 1.B. ("The settlement funds shall be in full land final settlement and comprise any claims they might possess against the other, including without limitation the Dispute and any counterclaims and allegations related to or in connection with the Dispute for all times prior and after the Effective Date"), and

· ¶ 3 (a release of "all claims…of any nature and for all liabilities and obligations of every kind and character arising out of relating to the Dispute and any and all claims that were or could have been asserted relating to and/or arising from any of the foregoing regardless of whether such claims…have arising prior the Effective Date or arise after the Effective Date.")

In October 2012, Kaiser filed a lawsuit in the Riverside Superior Court seeking damages allegedly resulting from, and for an injunction barring, Plaintiffs' use of Kaiser patient information, one of the several business disputes between the Deans and Kaiser. See Exhibit 3 to Plaintiffs' Request for Judicial Notice filed concurrently.

The Deans moved for summary judgment on the ground that all of Kaiser's claims were released by the settlement agreement. After reviewing the settlement agreement and hearing argument, the court granted the motion, holding that the agreement was a release of any and all claims by Kaiser of any kind against Plaintiffs. See the transcript of the summary

*MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANTI-SLAPP MOTION*

judgment hearing, Exhibit 1 to Plaintiff's Request for Judicial Notice filed concurrently, pp. 34–38 and the order, Exhibit D to Defendants' Request for Judicial Notice, Doc.10–2.

At the hearing on the motion, Kaiser contended that it made the settlement agreement as a result of fraud or mistake, upon which the court, after granting the motion, held up its effect so as to give Kaiser the right to file an amended complaint asserting these new claims. Kaiser, however, declined to amend and instead dismissed the action with prejudice. See Exhibit 2 to Plaintiffs' Request for Judicial Notice filed concurrently.

The result is the rendition of a final judgment that holds that any claim by Kaiser's against the Deans was barred and released and that there was no claim of fraud or mistake. See *Concha v. London*, 62 F.3d at 1507 [by obtaining a voluntary dismissal with prejudice, "the plaintiff submits to a judgment that serves to bar his claims forever."].

A final judgment covering this specific issue having been made, claim preclusion bars any claim that was actually made or that could have been made in the action. *Concha v. London*, 62 F.3d 1493; *Caruso v. Nat'l Recovery Agency*, 16-CV-1679-BAS(WVG) 2017 WL 1550156, at *3 (S.D. Cal. Apr. 28, 2017) ["Voluntary dismissal with prejudice is considered a final judgment on the merits for the purposes of res judicata"]; *Fed. Home Loan Bank v. Countrywide Fin. Corp*, 214 Cal.App.4th 1520, 1532 (2013) [a

1    voluntary dismissal with prejudice constituted a "determination on the

2    merits invoking the principles of res judicata barring relitigation of those

3    issues as affirmative defenses in" a subsequent action].

4        Defendants' contentions regarding how the settlement agreement should

5    be construed (Opp. Memo at 12–13) is irrelevant. The settlement agreement

6    has already been construed and applied by the court in the prior Kaiser

7    lawsuit, and that construction is binding here.

8

9        **c.    Plaintiffs in Effect Paid $90,000 to Kaiser for the
              Right to Use Kaiser's Name, Logo, and Information**

10

11       The Declaration of Stephan Dean at paragraphs 8–12 sets out the

12   negotiation of the precise terms of paragraph 13 of the settlement

13   agreement and how he wound up as a practical matter paying Kaiser

14   $90,000 for the rights to use Kaiser's name and logo. Plaintiffs already had

15   the right to use the Kaiser information they possessed. See Declaration of

16   Stephan Dean at paragraph 18.

17       In summary, the original draft of the agreement (all drafts and revisions

18   were done by Kaiser attorney Holly Burke) provided an express bar to

19   Dean's use of the Kaiser name, initials, logo, and information. Dean

20   objected because his business depended upon his ability to have use of that

21   information. He therefore presented Kaiser with two options: (i) pay him

22   $110,000 but not have any bar to his use of the Kaiser name and logo,

23

*MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANTI-SLAPP MOTION*

1  leaving Dean with the right to use them in his business, or (ii) pay Dean

2  $200,000 for which Dean would agree to a permanent preclusion of such

3  use.

4       These options are reflected in an email from Ms. Burke to Dean's

5  counsel, Tom Stefanelli dated March 8, 2011 (Decl. of Stephan Dean,

6  Exhibit 1). Kaiser elected option (i) so paid Dean $110,000 (see section 1.A.

7  of the settlement agreement). In addition, Ms. Burke revised the agreement

8  to delete the initial wording imposing the bar on Dean; a redline copy of

9  that page with the deletion of the prohibiting wording clearly marked is

10  Dean Declaration Exhibit 2.

11       The result is that in economic reality, Plaintiffs paid Kaiser $90,000 to

12  maintain the rights to use the Kaiser name and logo. That is an actual

13  economic consideration; Kaiser now wants to renege on that agreement

14  (notably without offering to pay Plaintiffs the extra $90,000 it would have

15  cost to impose the bar).

16       That Kaiser elected not to amend its complaint to allege fraud or

17  mistake reflects that the error was entirely that of Kaiser in making what

18  it now perceives as the wrong business decision to save $90,000.

19

20

21

22

23

*MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANTI-
SLAPP MOTION*

### d. Plaintiffs Have a Right to a Declaration as to Whether the Ruling in the ICANN Arbitration was Beyond the Arbitrators' Jurisdiction.

One of Plaintiffs' requests for declaratory relief is in essence an appeal from the findings of the arbitrators in the ICANN arbitration, which Plaintiffs contend were beyond the power of those arbitrators and legally wrong. That ruling is not a SLAPP – it is simply the exercise by Plaintiffs of their right to seek review of the arbitration ruling.

The arbitration was commenced by an amended complaint by Kaiser to the National Arbitration Forum under the Uniform Domain Name Dispute Resolution Policy ("the Policy") (Exhibit 4 to Plaintiffs' Request for Judicial Notice filed concurrently).

The parties submitted documents, and without testimony, evidence (other than a statement of position in the prescribed form signed by counsel), or a hearing, the arbitrators made a ruling finding that Plaintiffs were not entitled to use the domain name KPhealthconnectusa.com. See Defendants' Request for Judicial Notice, Doc 11–2, Exhibit 5 at 39–47.[2]

Under Rule 4.k. of the Policy, the filing of a separate action like this is the sole method to seek review of the award. Plaintiffs are thus entitled to a declaration as to the validity of the ICANN ruling.

---

[2]    The ICANN process and the Policy are discussed in some detail in *Calista Enters. Ltd. v. Tenza Trading Ltd.*, 2014 WL 3695487 (D. Ore. 2014).

*MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANTI-SLAPP MOTION*

The arbitrators did not have the power or jurisdiction under the Policy to adjudicate the claims and contentions made in this action. The power of the arbitrators is limited as set forth in § 4 of the Policy as follows:

> a. **Applicable Disputes.** You are required to submit to a mandatory administrative proceeding in the event that a third party (a "complainant") asserts to the applicable Provider, in compliance with the Rules of Procedure, that
>
> (i) your domain name is identical or confusingly similar to a trademark or service mark in which the complainant has rights; and
>
> (ii) you have no rights or legitimate interests in respect of the domain name; and
>
> (iii) your domain name has been registered and is being used in bad faith.

Plaintiffs did not claim and do not claim any rights to ownership of the domain name that was the only subject of the arbitration. They do not attempt or plan to confuse any members of the public or "cybersquat" by attempting to drive to themselves by the use of a similar name people who would otherwise seek medical attention from Kaiser.

The arbitrators were not empowered to decide claims of breach of contract, waiver, claim preclusion, or the construction of a separate business agreement (the settlement agreement). That the arbitrators did so was beyond their power. While Plaintiffs did set out their position in brief,

*MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANTI-SLAPP MOTION*

they did so merely out of caution having first objected to the arbitration (as a practical matter, Plaintiffs have stopped use of the challenged domain name).

The arbitration award in the ICANN arbitration extends only to the obligation of Plaintiffs to retransfer a single specific domain name back to Kaiser because Kaiser owns it. Ownership of the trademarks was never challenged. Nothing else about the award relevant to anything. Moreover, the arbitration is not a "due process" kind of proceeding; there is no direct examination or cross-examination of witnesses, no hearing is held, so no witnesses can testify. See *Mathews v. Eldridge*, 424 U.S. 319, 333 (1970) ["The fundamental requirement of due process is the opportunity to be heard a meaningful time and in a meaningful manner." (Internal quotation marks omitted)].

## 6.  Conclusion – the Motion Should be Denied

In sum, the declaratory relief claim is not an effort to limit or attack Defendants' rights of petition or free speech as to a matter of public interest – or any interest. This is a business dispute between Plaintiffs and Defendants arising out of a settlement agreement in 2011. Although it should be unnecessary, Plaintiffs have also shown that they have met the

*MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANTI-SLAPP MOTION*

1    standard of the anti-SLAPP statute in that it is it is "probable" (which

2    means legally possible) that they will prevail on their claims. Indeed, it is

3    difficult to imagine any other outcome given the uncontradicted evidence.

4        The motion should be denied.

5

6                                    Jampol Law APC

7                                    Respectfully submitted,

8    Dated: March 7, 2022        By: /s/ Alan Jampol

9

10                                   Attorney for Plaintiffs
                                     Stephan Dean, Liza Dean
11

12

13

14

15

16

17

18

19

20

21

22

23

*MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANTI-SLAPP MOTION*