1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   JILL M. PIETRINI, Cal. Bar No. 138335
3  PAUL BOST, Cal. Bar No. 261531
   1901 Avenue of the Stars, Suite 1600
4  Los Angeles, California 90067
   Telephone:  310.228.3700
5  Facsimile:  310.228.3701
   Email       JPietrini@sheppardmullin.com
6               PBost@sheppardmullin.com

7  JOHN F. BURNS, Cal. Bar No. 290523
   501 West Broadway, 19th Floor
8  San Diego, CA 92101
   Telephone:  619.338.6588
9  Facsimile:  619.515.4182
   Email:      JBurns@sheppardmullin.com
10
   Attorneys for Defendants Kaiser
11 Foundation Health Plan, Inc. and Kaiser
   Foundation Hospitals
12

13                 UNITED STATES DISTRICT COURT

14                CENTRAL DISTRICT OF CALIFORNIA

15

16 STEPHAN DEAN and LIZA DEAN,          Case No. 5:22-cv-00278-MCS-SHK
   Individually and DBA SUREFILE
17 FILING SYSTEMS,                      **OBJECTIONS TO DECLARATION OF
                                        STEPHAN DEAN SUBMITTED BY
18             Plaintiffs,              PLAINTIFF IN OPPOSITION TO
                                        DEFENDANTS' ANTI-SLAPP MOTION**
19        v.
                                        *[Filed concurrently with Defendants'
20 KAISER FOUNDATION HEALTH             Reply Brief]*
   PLAN, INC., KAISER FOUNDATION
21 HOSPITALS, and Does 1-50 Inclusive,  Hearing
                                        Date:       Monday March 28, 2022
22            Defendants.               Time:       9:00 a.m.
                                        Courtroom:  7C
23

24

25

26

27

28

Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively, "Kaiser"), hereby object to the *Declaration of Stephan Dean* ("Dean Declaration") submitted by Plaintiffs in opposition to Kaiser's Anti-SLAPP Motion pursuant to Local Rule 7-7, which requires that declarations "shall contain only factual, evidentiary matter and shall conform as far as possible to the requirements of Fed.R.Civ.P. 56(c)(4)." Kaiser requests that the Court exclude, strike, and/or otherwise disregard the Dean Declaration and the exhibits thereto, and issue a ruling on each objection set forth below.

# I. OBJECTIONS

I.      Kaiser objects to the Dean Declaration to the extent that it is not based on personal knowledge or that Mr. Dean has failed to lay a foundation for his knowledge of the purported facts asserted. Fed. R. Evid. 602 provides: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." *See also* Fed. R. Evid. Adv. Comm. Notes (1972) (a witness's testimony must be based upon what he or she saw, heard, or otherwise experienced through his or her own senses); *U.S. v. Lopez*, 762 F.3d 852, 863 (9th Cir. 2014) ("Personal knowledge means knowledge produced by the direct involvement of the senses."). Kaiser refers to this objection as "**Lack of Foundation and Personal Knowledge (Fed. R. Evid. 602)**" in its specific objections, set forth below.

II.     Kaiser objects to the Dean Declaration to the extent that it purports to use Mr. Dean's testimony to prove the content of a writing, instead of relying on a copy of the writing itself. Fed. R. Evid. 1002 provides, "An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise," and Fed. R. Evid. 1003 provides, "A duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit

1  the duplicate." *See also United States v. Gonzales-Benitez*, 537 F.2d 1051, 1053
2  (9th Cir. 1976) (the best evidence rule applies when one seeks to prove the contents
3  of documents or recordings).

4       The Federal Rules of Evidence do not permit Plaintiff to submit testimony of
5  its own witnesses to prove the contents of a writing. *See* Fed. R. Evid. 1007 ("The
6  proponent may prove the content of a writing, recording, or photograph by the
7  testimony, deposition, or written ***statement of the party against whom the evidence***
8  ***is offered***. The proponent need not account for the original." (emphasis added)).
9  Kaiser refers to this objection as "**Best Evidence Rule (Fed. R. Evid. 1002)**" in its
10 specific objections, set forth below.

11      III.    Kaiser objects to the Dean Declaration to the extent that it makes
12 improper legal conclusions. Fed. R. Evid. 701(a) only permits a lay witness to
13 testify as to an opinion that is "rationally based on the witness's perception," and not
14 a legal conclusion. *See also Evangelista v. Inlandboatmen's Union of Pac.*, 777
15 F.2d 1390, 1398 n. 3 (9th Cir. 1985) ("Mihalopoulos's opinion as to the correct
16 construction of the collective bargaining agreement -- i.e., what is or is not the
17 proper procedure for handling grievances -- is an inadmissible legal conclusion.");
18 *Miracle Blade, LLC v. Ebrands Commerce Group, LLC*, 207 F. Supp. 2d 1136,
19 1145 (D. Nev. 2002) ("The first statement will also be disregarded as an improper
20 opinion because it arrives at a legal conclusion. Fed. R. Evid. 701 & 704."); *United
21 States v. Moran*, 493 F.3d 1002, 1008 (9th Cir. 2007) ("an expert witness cannot
22 give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of
23 law. Similarly, instructing the jury as to the applicable law is the distinct and
24 exclusive province of the court."). Kaiser refers to this objection as "**Improper
25 Legal Conclusion (Fed. R. Evid. 701)**" in its specific objections, set forth below.

26      IV.    Kaiser objects to the Dean Declaration to the extent that it is based on
27 irrelevant materials. Fed. R. Evid. 401 defines relevant evidence as follows:
28 "Evidence is relevant if:  (a) it has any tendency to make a fact more or less

1  probable than it would be without the evidence; and (b) the fact is of consequence in

2  determining the action."  Fed. R. Evid. 402, in turn, provides:  "Irrelevant evidence

3  is not admissible."

4          In particular, Kaiser objects to the Dean Declaration to the extent that it offers

5  parol evidence.  The settlement agreement's integration clause, California contract law,

6  and Ninth Circuit precedent all preclude the consideration of parol evidence when

7  interpreting a written contract.  Ex. A to Kaiser's RJN  at ¶ 18, ECF 10-2 ("This

8  Agreement states the entire agreement among the parties who have executed this

9  Agreement and supersedes their prior agreements, negotiations or understandings.");

10  Cal. Civ. Code § 1625 ("[E]xecution of a contract in writing … supersedes all the

11  negotiations or stipulations concerning its matter which preceded or accompanied

12  the execution of the instrument."); *Brinderson-Newberg v. Pac. Erectors, Inc*., 971

13  F.2d 272, 277 (9th Cir. 1992).  Therefore, such inadmissible evidence is necessarily

14  irrelevant.  Kaiser refers to this objection as "**Irrelevant Parol Evidence (Fed. R.**

15  **Evid. 402)**" in its specific objections, set forth below.

16

17  ## II.  SPECIFIC OBJECTIONS TO THE DEAN DECLARATION

18

| No. | Material Objected To | Objection | Ruling |
|-----|----------------------|-----------|--------|
| 1. | **Dean Declaration, ¶ 6, lines 13-15:** <br><br> "I am registered as a data broker under California Civil Code sections 1798.99.80 et seq. and have the right as a data broker to sell information that is not HIPAA protected to the public, including the kind of information I have regarding Kaiser members." | **Lack of Foundation and Personal Knowledge (Fed. R. Evid. 602):** Declarant has provided no foundation to support his legal conclusion that the subject information is not protected by HIPAA. Such foundation should have described the nature and content of the information he seeks to disclose. <br><br> **Improper Legal Conclusion (Fed. R. Evid. 701):** Declarant may not testify to | ☐ Sustained <br><br> ☐ Overruled |

| No. | Material Objected To | Objection | Ruling |
|---|---|---|---|
| | | the fact that the information he seeks to disclose is not protected by HIPAA. | |
| 2. | **Dean Declaration, ¶ 7, lines 17-22:**<br><br>"[I]t was my expectation at the time the settlement agreement was being negotiated that I would be able to disseminate (sell) to others information about Kaiser members that was not health-related or medical – in other words, was not personally identifiable information about a member's health or condition that might be subject to the federal law known as HIPAA. . . ." | **Irrelevant Parol Evidence (Fed. R. Evid. 402)**: Declarant's "expectation[s]" at the time of the parties' negotiations are inadmissible and irrelevant parol evidence. | ☐ Sustained<br><br>☐ Overruled |
| 3. | **Dean Declaration, ¶ 8:**<br><br>"When the negotiations regarding settlement progressed from the money issues to the settlement of all the other claims in the Dispute, Ms. Burke, who had drafted the initial version of a proposed settlement agreement, started to add additional terms, including broadening the scope of paragraph 13, which is the non-disclosure provision. Among other things, Ms. Burke added a broad provision prohibiting us from using the Kaiser name. At that point, the negotiation focused primarily upon that paragraph 13." | **Irrelevant Parol Evidence (Fed. R. Evid. 402)**: Declarant's representations regarding the settlement negotiations are inadmissible and irrelevant parol evidence.<br><br>**Best Evidence Rule (Fed. R. Evid. 1002)**: Declarant's attempts to characterize the settlement agreement, including calling language "broad," violate the best evidence rule. | Sustained ☐<br><br>Overruled ☐ |

| No. | Material Objected To | Objection | Ruling |
|---|---|---|---|
| 4. | **Dean Declaration, ¶ 9:**<br><br>"In response to Ms. Burke's concern about my using Kaiser's name in my business, I offered (via Mr. Stefanielli) to Kaiser two options: (i) pay me $110,000 or (ii) pay me $200,000. If Kaiser chose the first option, the settlement agreement would not include any bar to my use of the Kaiser name and logo in my business. If Kaiser chose option (ii), the settlement agreement would include such a bar. | **Irrelevant Parol Evidence (Fed. R. Evid. 402):** Declarant's representations regarding the settlement negotiations are inadmissible and irrelevant parol evidence. | ☐ Sustained<br><br>☐ Overruled |
| 5. | **Dean Declaration, ¶ 10 and Exhibit 1**<br><br>"The two options are referred to by Ms. Burke in her email to Mr. Stefanielli of March 8, 2011." | **Irrelevant Parol Evidence (Fed. R. Evid. 402):** Declarant's representations regarding the settlement negotiations and the exhibit he submits in support thereof are inadmissible and irrelevant parol evidence.<br><br>**Best Evidence Rule (Fed. R. Evid. 1002):** Declarant's characterizations of the written email are barred by the best evidence rule. | ☐ Sustained<br><br>☐ Overruled |
| 6. | **Dean Declaration, ¶ 11 and Exhibit 2**<br><br>"Kaiser chose the first option, the payment of $110,000 which did not include any provision precluding my use of the Kaiser name or logo. In light of that choice, Mr. Burke revised the settlement agreement by removing the language in her initial draft that provided such a bar. . . . the last three lines of that paragraph [13], which are | **Irrelevant Parol Evidence (Fed. R. Evid. 402):** Declarant's statements relate to the parties' negotiations of the contract and therefore constitute inadmissible and irrelevant parol evidence.<br><br>**Best Evidence Rule (Fed. R. Evid. 1002):** Declarant's characterizations of the written contract are barred by the best evidence rule. | ☐ Sustained<br><br>☐ Overruled |

| No. | Material Objected To | Objection | Ruling |
|---|---|---|---|
| | shown as being deleted from the original, state:<br><br>      Except as set forth above, without the prior written consent of KP [Kaiser], SureFile [Dean] shall not use in advertising or publicity the trade names, service, marks or logo of KP, the Kaiser Permanente Medical Care Program or any affiliates.<br><br>The deleted provision was permanently removed from the final draft of the settlement agreement." | | |
| 7. | **Dean Declaration, ¶ 12 and Exhibit 2**<br><br>"At the time the settlement agreement was negotiated, Kaiser and I had a number of disputes about a wide spectrum of issues. . . . One of those issues what my right to use the Kaiser name and logo in my business, which was fully discussed by counsel (in my presence or in emails that I reviewed).  This was also stated in a more expansive scope in paragraph 1.B. of the agreement and in the broad general release set forth in paragraph 3 of the agreement." | **Irrelevant Parol Evidence (Fed. R. Evid. 402)**: Declarant's assertions relate to the parties' negotiations and are therefore inadmissible and irrelevant parol evidence.<br><br>**Improper Legal Conclusion (Fed. R. Evid. 701)**: Declarant's statements purport to reach legal conclusions regarding the scope of the settlement agreement. Such conclusions are improper lay opinion as they are not helpful to the court.<br><br>**Best Evidence Rule (Fed. R. Evid. 1002)**: Declarant's characterizations of the agreement as "expansive" and "broad" is barred by the best evidence rule. | ☐ Sustained<br><br>☐ Overruled |

| No. | Material Objected To | Objection | Ruling |
|---|---|---|---|
| 8. | **Dean Declaration, ¶ 14**<br><br>"The language in paragraph 13 referring to maintenance of the Kaiser information subject to any restrictions of HIPAA or California's Civil Code §56 (the Confidentiality of Medical Information Act) was something that we (Liza and I) insisted upon to specify that we could use the Kaiser information as long as we did so without violating any laws.  Kaiser agreed and it is now part of paragraph 13." | **Irrelevant Parol Evidence (Fed. R. Evid. 402)**: Declarant's assertions relate to the parties' negotiations and are therefore inadmissible and irrelevant parol evidence.<br><br>**Improper Legal Conclusion (Fed. R. Evid. 701)**:  This dispute centers on the interpretation of the settlement agreement. Therefore, Declarant's characterizations and opinion of the scope of that agreement are improper.<br><br>**Best Evidence Rule (Fed. R. Evid. 1002)**: Declarant's characterization of the settlement agreement is improper. | ☐ Sustained<br><br>☐ Overruled |
| 9. | **Dean Declaration, ¶ 18**<br><br>"Paragraph 13 also includes an obligation by us to 'take appropriate steps to preserve all confidential information n [sic] the medical records handled by Dean during course of [sic] providing Services as required by [the CMIA and HIPAA]." That provision was inserted at my request to make sure it was clear that I was going to use the Kaiser records I had consistent with applicable law and regulations. There were no definitions or limitations as to what I could do with the information, and it was left to my discretion so long as I complied with the law." | **Irrelevant Parol Evidence (Fed. R. Evid. 402)**:  Declarant asserts that paragraph 13 of the settlement agreement was "inserted at [his] request" and for a particular reason. Such declarations are inadmissible and irrelevant parol evidence.<br><br>**Improper Legal Conclusion (Fed. R. Evid. 701)**:  This dispute centers on the interpretation of the settlement agreement. Therefore, Declarant's characterizations and opinion of the scope of that agreement are improper.<br><br>**Best Evidence Rule (Fed. R. Evid. 1002)** | ☐ Sustained<br><br>☐ Overruled |

| No. | Material Objected To | Objection | Ruling |
|---|---|---|---|
| 10. | **Dean Declaration, ¶ 19**<br><br>"The decision by Kaiser to exclude from the settlement agreement a provision precluding me from using its name or logo was in economic terms a payment by me to Kaiser of over $90,000 for that right. That amount is the difference in the settlement amount between the two options. It is no different than had I affirmatively paid Kaiser $90,000 for those rights." | **Irrelevant Parol Evidence (Fed. R. Evid. 402)**: Declarant's contentions relate to the parties' negations and are therefore inadmissible and irrelevant.<br><br>**Improper Legal Conclusion (Fed. R. Evid. 701)**: Declarant purports to draw a legal conclusion regarding the effect of Kaiser's refusal to increase the amount of the settlement. Though there is undoubtedly no law to support this odd claim, it is nonetheless barred as an improper attempt to draw a legal conclusion. | ☐ Sustained<br><br>☐ Overruled |

## III.   CONCLUSION

Based on the foregoing, the Court should exclude, strike, or otherwise disregard the Dean declaration and exhibits thereto.

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Dated:   March 14, 2022

By */s/ John Burns*
　　Jill Pietrini
　　Paul Bost
　　John Burns
　　Attorneys for Kaiser Foundation Health
　　Plan, Inc. and Kaiser Foundation Hospitals

SMRH:4894-1813-0196.1