1  Alan R. Jampol (053815)
   JAMPOL LAW APC
2  1801 Century Park East, 25th Floor
   Los Angeles, CA 90067
3  (310) 556 – 9678 Office
   (310) 614-4149 Cell
4  Email: alan@jampol-law.com

5  Attorneys for Plaintiffs Stephan Dean and
   Liza Dean Individually and dba SureFile
6  Filing Systems

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 STEPHAN DEAN AND LIZA DEAN          Case No: 5:22-CV-00278-MCS-KKx
   INDIVIDUALLY AND DBA
12 SUREFILE FILING SYSTEMS,
                                       **ANSWER TO COUNTERCLAIM**
13            Plaintiffs,

14        v.

15 KAISER FOUNDATION HEALTH
   PLAN, INC.; KAISER FOUNDATION
16 HOSPITALS; DOES 1-50 INCLUSIVE

17            Defendants
   ━━━━━━━━━━━━━━━━━━━━━━━━
18 KAISER FOUNDATION HEALTH
   PLAN, INC. AND KAISER
19 FOUNDATION HOSPITALS

20            Counterclaimants

21        v.

22 STEPHAN DEAN AND LIZA DEAN

23            Counterdefendants

24        Plaintiffs and Counterdefendants Stephan Dean and Liza Dean, individually

25 and doing business as SureFile Filing Systems, hereby answer the counterclaim of

26 Kaiser Foundation Health Plan, Inc. and Kaiser Hospital Foundation as follows.

27

28

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

1.   The allegations of paragraph 1 are denied.

2.   The allegations of paragraph 2 are denied.

3.   There was no paragraph 3 in the counterclaim so Counterdefendants cannot admit or deny that paragraph

4.   There was no paragraph 4 in the counterclaim so Counterdefendants cannot admit or deny that paragraph

5.   There was no paragraph 5 in the counterclaim so Counterdefendants cannot admit or deny that paragraph

6.   There was no paragraph 6 in the counterclaim so Counterdefendants cannot admit or deny that paragraph

7.   There was no paragraph 7 in the counterclaim so Counterdefendants cannot admit or deny that paragraph.

8.   There was no paragraph 8 in the counterclaim so Counterdefendants cannot admit or deny that paragraph

9.   The allegations of paragraph 9 are admitted

10.   The allegations of paragraph 10 are admitted

11.   The allegations of paragraph 11 are admitted

12.   The allegations of paragraph 12 are admitted

13.   The allegations of paragraph 13 are admitted

14.   The allegations of paragraph 14 are admitted

15.   The allegations of paragraph 15 are admitted

16.   Whether KHFP Marks are 'strong" or whether the KAISER PERMANENTE and the Happy Family Logo trademarks are "famous" are unknown, and based upon that lack of information or belief, the allegations of paragraph 16 are denied.

17.   The allegation of the first sentence of paragraph 17 is admitted. The remaining allegations of paragraph 17 are a legal conclusion as to what certain documents provide or as to the legal effect of such provisions and are denied.

18.   The allegations of paragraph 18 are denied.

ANSWER TO COUNTERCLAIM

19.    The allegations of paragraph 19 are admitted

20.    The allegations of paragraph 20 are admitted

21.    The allegations of paragraph 21are part of a settlement offer and are therefore privileged, Subject to that privilege, which is not waived, the allegations of paragraph 21 are denied.

22.    The allegation in paragraph 22 "In light of Plaintiffs' intransigence and outrageous demand" is argumentative and is denied. The remainder of the allegations of paragraph 22 are admitted

23.    The allegations of paragraph 23 are conclusory and are denied, although the allegation that a true copy of the ruling is attached is admitted.

24.    The allegations of paragraph 24 are denied except that Plaintiffs admit that they formed a new website with a domain name <patientslist.org> and that the printout of the website is accurate.

25.    The allegations of paragraph 25 are denied.

Answer to First Cause of Action

26.    In answer to paragraph 26, Counterdefendants incorporate by reference their responses to paragraphs 1-25.

27.    The allegations of paragraph 27 are denied.

28.    The allegations of paragraph 28 are denied.

29.    The allegations of paragraph 29 are denied.

30.    The allegations of paragraph 30 are denied.

31.    The allegations of paragraph 31are denied.

32.    The allegations of paragraph 32 are denied.

33.    The allegations of paragraph 33 are denied.

Answer to Second Cause of Action

34.    In answer to paragraph 34, Counterdefendants incorporate by reference their responses to paragraphs 1-33.

35.    The allegations of paragraph 35 are denied.

ANSWER TO COUNTERCLAIM

36.    The allegations of paragraph 36 are denied.

37.    The allegations of paragraph 37 are denied.

38.    The allegations of paragraph 38 are denied.

39.    The allegations of paragraph 39 are denied.

40.    The allegations of paragraph 40 are denied.

Answer to Third Cause of Action

41.    In answer to paragraph 41, Counterdefendants incorporate by reference their responses to paragraphs 1-40.

42.    The allegations of paragraph 42 are admitted

43.    The allegations of paragraph 43 are admitted

44.    The allegations of paragraph 44 are denied.

45.    The allegations of paragraph 45 are denied.

46.    The allegations of paragraph 46 are denied.

47.    The allegations of paragraph 47 are denied.

48.    The allegations of paragraph 48 are denied.

Answer to Fourth Cause of Action

49.    In answer to paragraph 49, Counterdefendants incorporate by reference their responses to paragraphs 1-48.

50.    The allegations of paragraph 50 are denied.

51.    The allegations of paragraph 51 are denied.

52.    The allegations of paragraph 52 are denied.

53.    The allegations of paragraph 53 are denied.

54.    The allegations of paragraph 54 are denied.

55.    The allegations of paragraph 55 are denied.

Answer to Fifth Cause of Action

56.    In answer to paragraph 56, Counterdefendants incorporate by reference their responses to paragraphs 1-55.

57.    The allegations of paragraph 57 are denied.

- 4 -

58.    The allegations of paragraph 58 are denied.

Answer to Sixth Cause of Action

59.    In answer to paragraph 59, Counterdefendants incorporate by reference their responses to paragraphs 1-58.

60.    Answering paragraph 60, Counterdefendants have no knowledge or belief as to the allegations of said paragraph and therefore deny such allegations.

61.    The allegations of paragraph 61 are denied.

62.    The allegations of paragraph 62 are denied.

63.    The allegations of paragraph 63 are denied.

64.    The allegations of paragraph 64 are denied.

65.    The allegations of paragraph 65 are denied.

66.    The allegations of paragraph 66 are denied.

Answer to Seventh Cause of Action

67.    In answer to paragraph 67, Counterdefendants incorporate by reference their responses to paragraphs 1-66.

68.    The allegations of paragraph 68 are denied.

69.    The allegations of paragraph 69 are purely a legal conclusion and the agreement referred to is the best evidence of its terms. Counterdefendants therefore deny the allegations of this paragraph.

70.    The allegations of paragraph 70 are purely characterizations of statements by Stephan Dean at some unspecified hearing and are an incomplete recitation of the statements are accurate. Counterdefendants therefore deny the allegations of this paragraph.

71.    Counterdefendants admit that portion of the allegations of paragraph 71 that they offer Kaiser patient information for sale on their website under the domain name <patientlist.org.> Counterdefendants deny the remaining allegations of paragraph 71.

ANSWER TO COUNTERCLAIM

72.   The allegation in paragraph 72 that Kaiser paid Counterdefendants $110,000 as a part of the settlement agreement is admitted. The remaining allegations of paragraph 72 ae denied.

73.   The allegations of paragraph 73 are denied.

74.   The allegations of paragraph 74 are denied.

75.   The allegations of paragraph 75 are denied.

[First Affirmative Defense]

[Claim Preclusion]

76.   On July 31, 2013, the Superior Court of Riverside County, California, in an action entitled *Kaiser Foundation Health Plan, Inc. ("Kaiser") v. Stephan Dean and Liza Dean,* case no. INC1207724 ("the Kaiser Lawsuit") granted the motion for summary judgment by Stephan and Liza Dean, finding that a settlement agreement entered into by Kaiser and Counterdefendants on Mary 24, 2011 released all of Kaiser's claims against Counterdefendants, including those asserted in this counterclaim.

77.   An order memorializing the granting of the motion was entered in the Kaiser Lawsuit on August 23, 2013.

78.   While Kaiser was given leave to amend to allege additional claims of fraud and mistake in entering into the settlement agreement, Kaiser declined to do so, and on September 13, 2013, the Kaiser Lawsuit was dismissed with prejudice without any attempt by Kaiser to amend its complaint.

79.   That judgment of dismissal combined with the granting by the court of summary judgment in favor of Counterdefendants constituted a final judgment on all claims which were or could have been made in the Kaiser Lawsuit, which include all of the claims made by Counterclaimants in this counterclaim.

80.   As a result of the foregoing, all of the claims in the counterclaim are barred by the doctrine of claim preclusion.

Second Affirmative Defense

[Issue Preclusion]

81.  Counterdefendants incorporate by reference herein the allegations in paragraphs 76-80 of the First Affirmative Defense.

82.  The judgment of dismissal and the summary judgment granted to Counterdefendants in the Kaiser Lawsuit result in issue preclusion, barring Counterclaimants from pursuing any of the claims or issues in their counterclaim, all of which were decided in the Kaiser Lawsuit.

Third Affirmative Defense

[Waiver]

83.  By entering into the settlement agreement on March 24, 2011, Kaiser, and thus Counterclaimants, knowingly relinquished their right to make any claims made in the Counterclaim and therefore waived all such claims.

Fourth Affirmative Defense

[Estoppel]

84.  By entering into the settlement agreement on March 24, 2011, and as a result of Counterdefendants' reasonable reliance on that agreement, which reliance was intended by Kaiser, Kaiser, and therefore Counterclaimants are estopped to pursue any of the claims alleged in their counterclaim.

Fifth Affirmative Defense

[Judicial Estoppel]

85.  In the Kaiser Lawsuit, Kaiser asserted that the settlement agreement superseded all of the prior agreements and understandings between Kaiser and Counterdefendants.

86.  The allegations of the counterclaim are inconsistent with the above position of Kaiser in the Kaiser Lawsuit, and Counterclaimants are therefore judicially estopped from taking such positions.

- 7 -

Sixth Affirmative Defense

[Lack of Jurisdiction]

87. As a request for a declaratory judgment is the only claim made by Counterdefendants as plaintiffs in this action, that claim does not support federal subject matter jurisdiction.

88. The counterclaim, despite its reference to trademarks, is not based upon any interpretation or application of federal law, but solely upon the effect of a contract.

89. Therefore, the Court lacks subject matter jurisdiction over this case.

Seventh Affirmative Defense

[Unclean Hands]

90. In entering into the settlement on March 24, 2011, Kaiser knowingly and deliberately declined to include any provision barring Counterdefendants from the use of Kaiser's trademarks.

91. Despite such decision and the decision by Kaiser to accept an option presented by Counterdefendants to pay them less in settlement than they otherwise would have had to do and therefore permit Counterdefendants to use the Kaiser name and logo in their business, Kaiser has continued to obstruct Counterdefendants in Counterdefendants' exercise of the rights they purchased from Kaiser.

92. Such conduct on the part of Counterclaimants is inequitable and unfair and constitutes unclean hands, barring Counterclaimants from all equitable relief.

Eighth Affirmative Defense

[Laches]

93. Counterclaimants unreasonably delayed in bringing their counterclaim as an affirmative claim, which delay has prejudiced Counterdefendants. As a result, such unreasonable delay constitutes laches and bars all equitable claims in the counterclaim.

- 8 -

ANSWER TO COUNTERCLAIM

Ninth Affirmative Defense

[Breach of Contract]

94.   Counterclaimants have asserted that Counterdefendants do not have the rights that Counterdefendants in effect purchased from Kaiser in the March 24, 2011 settlement agreement and have thereafter acted in a manner consistent with that repudiation.

95.   Counterclaimants have therefore committed an anticipatory breach of the settlement agreement.

96.   Counterdefendants have at all times performed all obligations to be performed by them under the settlement agreement and every other agreement between Counterdefendants and Counterclaimants.

97.   Counterclaimants' anticipatory breach of the settlement agreement is a substantial and direct cause of damage to Counterdefendants and bars any claim by Counterclaimants for breach of the settlement agreement or any other agreement relating to the Kaiser name, trademark, or business.

Tenth Affirmative Defense

[Statute of Limitations]

98.   Any breach of the settlement or of Counterclaimants' rights occurred more than four years prior to the filing of the counterclaim or the initial lawsuit by Counterdefendants that was removed to this Court, so the claims of

//

//

//

//

//

//

//

- 9 -

1  Counterclaimants alleged in the Counterclaim are barred by the applicable

2  statutes of limitation for such claims.

3  Dated: March 15, 2022

4  JAMPOL LAW APC

5

6  By _____

7  Alan R. Jampol

8  Attorneys for Plaintiffs and Counterdefendants
   Stephan Dean and Liza Dean individually and dba

9  SureFile Filing Systems

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -

ANSWER TO COUNTERCLAIM