Alan R. Jampol (053815)
JAMPOL LAW APC
1801 Century Park East, 25th Floor
Los Angeles, CA 90067
(310) 556 – 9678 Office
(310) 614-4149 Cell
Email: alan@jampol-law.com

Attorneys for Plaintiffs Stephan Dean and Liza Dean Individually and dba SureFile Filing Systems

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN DEAN AND LIZA DEAN INDIVIDUALLY AND DBA SUREFILE FILING SYSTEMS,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS; DOES 1-50 INCLUSIVE<br><br>Defendants. | Case No: 5:22-CV-00278-MCS-KKx<br><br>**RESPONSE TO OBJECTIONS TO DECLARATION OF STEPHAN DEAN IN OPPOSITION TO ANTI-SLAPP MOTION**<br><br>Date: March 28, 2022<br>Time: 9:00 AM<br>Courtroom: 7C |

Plaintiffs Stephan Dean and Liza Dean respond to the objections of Defendants to certain portions of the Declaration of Stephan Dean filed in opposition to Defendants' anti-SLAPP motion and ask the Court to overrule all such objections as follows:

**Objection 1:**

Whether the information is protected by HIPAA is a legal conclusion in any event – and it does not affect the motion (Defendants do not have standing to enforce HIPAA provisions). While not in Mr. Dean's declaration, he has a letter from the Office of Civil Rights, the federal agency that

enforces HIPAA, that the information retained and to be used by the Deans in their business is not subject to HIPAA.

**Objection 2:**

Mr. Dean's statements are explanatory to the discussions with Kaiser that resulted in the settlement agreement and are relevant to its construction. See Cal. Civil Code §1647 (contract explainable by circumstances under which it was made). See also discussion below of basic rule of evidence in aid of construction of a contract.

**Objections 3-10:**

The statements to which objections are made are not parol evidence. See *Morey v. Vannucci* 64 Cal. App. 4th 904, 915 fn 4 in which the court noted that the rules regarding construction of a contract are different from the parol evidence rule, which is prohibition of evidence intended to vary or contradict the terms of the contract. That is not the case here.

The admissibility of extrinsic evidence regarding a contract is admissible to prove a construction of a contract to which the document is "reasonable susceptible." *Pacific Gas & Electric Co. v. G.W. Thomas Drayage & Rigging Co.* 69 Cal. 2nd 33, 37 (1968) ["The test of admissibility of extrinsic evidence to explain the meaning of a written instrument is not whether it appears to the court to be plain and unambiguous on its face, but whether the offered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible." (Citations omitted)].

In *Morey v. Vannucci*, *supra*, at page 912, citing *Pacific Gas & Electric Co. supra,* among other authorities, the court held that

> Where the meaning of the words used in a contract is disputed, the trial court must provisionally receive any proffered extrinsic evidence which is relevant to show whether the contract is

RESPONSES TO OBJECTIONS TO DECLARATION OF STEPHAN DEAN IN OPPOSITION TO ANTI-SLAPP MOTION

reasonably susceptible of a particular meaning. Indeed, it is reversible error for a trial court to refuse to consider such extrinsic evidence on the basis of the trial court's own conclusion that the language of the contract appears to be clear and unambiguous on its face. Even if a contract appears unambiguous on its face, a latent ambiguity may be exposed by extrinsic evidence which reveals more than one possible meaning to which the language of the contract is yet reasonably susceptible. (Citations omitted).

In this case, the evidence relates to the construction of the settlement agreement. Among other terms, the settlement agreement does not define the term "disputes," and Defendants appear to be arguing that their claims were not part of the disputes that were settled. That term, at a minimum, is therefore ambiguous, and the testimony of Mr. Dean and the correspondence from Kaiser's counsel are properly admitted as to that issue. *Pacific Gas & Electric Co., supra.*

Dated: March 22, 2022

                JAMPOL LAW APC

By _____
  Alan R. Jampol
Attorneys for Plaintiffs Stephan Dean and Liza Dean individually and dba SureFile Filing Systems

- 3 -
RESPONSES TO OBJECTIONS TO DECLARATION OF STEPHAN DEAN IN OPPOSITION TO ANTI-SLAPP MOTION