Alan R. Jampol (053815)
JAMPOL LAW APC
1801 Century Park East, 25th Floor
Los Angeles, CA 90067
(310) 556 – 9678 Office
(310) 614-4149 Cell
Email: alan@jampol-law.com

Attorneys for Plaintiffs and Counterdefendants
Stephan Dean and Liza Dean Individually and dba
SureFile Filing Systems

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN DEAN AND LIZA DEAN INDIVIDUALLY AND DBA SUREFILE FILING SYSTEMS,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS; DOES 1-50 INCLUSIVE<br><br>Defendants_____<br>_____<br>AND RELATED COUNTERCLAIM | Case No: 5:22-cv-00278-MCS-KKx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COUNTERCLAIMANTS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>**[Declaration of Stephan Dean and [Proposed] Order filed concurrently]**<br><br>Date:       April 18, 2022<br>Time:      9:00 AM<br>Courtroom: 7C |

**1. Counterclaimants have Misconceived the Nature and Purpose of the Deans' Business**

Counterclaimants (collectively "Kaiser") refuse to accept the fact that Kaiser agreed and in effect sold to Counterdefendants ("the Deans") the right to use the Kaiser name and logo in their business. The Deans do not use the Kaiser name to describe themselves or their business, to compete with Kaiser, or to offer any medical, health, or other services that Kaiser provides.

No one would confuse the Dean's name or service (most likely to assist Kaiser members in reviewing medical decisions made by Kaiser physicians) with Kaiser itself or the services that Kaiser provides. The word "Kaiser" will be used, if at all, only to identify what is being reviewed. See *New Kids on the Block v. News America Publishing, Inc.* 971 F. 3d 302 (9th Cir. 1992) [news article using band's name to ask readers which member they like best is not infringement].

The Deans have decided not to pursue their plan to sell or utilize the information on their computer in any way (which in any case related only to Kaiser members as of 2010 at the latest). See Declaration of Stephan Dean at ¶ 18. Their sole focus in this lawsuit is the right to use the Kaiser name and logo in their nascent business.

**2. Kaiser Has Shown Neither a Threat of Irreparable (or Any) Harm nor any Basis for a Preliminary Injunction**

In order to obtain a preliminary injunction, Kaiser must establish that "[it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A preliminary injunction is a harsh remedy that should be used only in the clearest of cases. *Id.* at 22 [preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." (Internal quotation marks omitted)].

There is no credible threat to Kaiser posed by the Deans' business. The Deans neither compete with Kaiser nor attempt to appear as Kaiser. No one is going to confuse the Deans with Kaiser (and there is no evidence that anyone has done) even if the Kaiser name appears on their website.

There is no evidence that Kaiser will suffer any harm, irreparable or otherwise, if the requested injunction is denied. The closest Kaiser comes is the statement in ¶

17 of the Declaration of Francisco J. Acevedo filed in support of the motion (Doc. No. 27-2) that Kaiser's marks and goodwill have "tremendous value" to Kaiser. There is no statement of what this "tremendous value" is or how that value is in any way diminished by the appearance of the Kaiser name on the Deans' website.

There is no threat that someone would conclude that the Deans are affiliated with Kaiser or are providing any services to the public that in any way compete with those of Kaiser. The Deans are addressing a different market than Kaiser – the market of persons who are and will remain members of Kaiser and might want someone to review Kaiser recommendations or medical decisions the patients must make. See, e.g., *AMF, Inc. v. Sleekcraft Boats* 599 F. 2d. 341, 348-349 (9th Cir. 1979) [finding no threat of confusion where competing boat manufactures catered to buyers of different financial levels].

If somehow there were to be an infringement, however unlikely, Kaiser will have a claim for damages. Such a claim is an adequate legal remedy, which makes an injunction unnecessary. *Herb Reed Enterprises, LLC v. Fla. Enterprise Management, Inc.* 736 F. 3d 1239, 1249-1250 (9th Cir. 2013).

**3.     It is Unlikely that Kaiser Will Prevail on the Merits**

To be entitled to injunctive relief, Kaiser must show that it is probable that it will prevail on the merits. *Herb Reed Enterprises, LLC v. Fla. Enterprise Management, Inc. supra* at 1247. Kaiser fails to make such a showing, for several separate and independent reasons:

**a)  The Deans bargained for the right to use the Kaiser name and logo**

Kaiser negotiated an agreement that left the Deans free to use Kaiser's name and logo. In negotiating the settlement agreement, Kaiser was offered a choice between paying the Deans $110,000 or $200,000. The lower payment would not include any preclusion of the Deans' right to use Kaiser's name (or logo) in their business. The higher payment would have entitled Kaiser to prohibit all such use by the Deans.

- 3 -
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

Kaiser, through lawyer Holly Burke, understood the options (Dean Declaration ¶¶8-9 and Exhibit 1 thereto) and chose the lower amount (option 1). That by agreement left the Deans free to use the Kaiser name and logo in their business.

The prohibition that Kaiser now seeks was in an earlier version of the settlement agreement that Ms. Burke drafted. When Kaiser was offered the two options mentioned above and chose the lower settlement payment without any prohibition on the Deans' use of Kaiser's name or logo, that prohibition was removed from the agreement by Ms. Burke. See Dean Declaration ¶ 10 and Exhibit 2 thereto.

This was, in other words, a deliberate decision by Kaiser to save money; Kaiser did save $90,000 by opting not to include the original prohibitory language in the settlement agreement. That difference is in economic terms a payment by the Deans to Kaiser for that right.

Notably, there is no provision, express or implied, prohibiting such use by the Deans. In her declaration in support of this motion, Ms. Burke is keen to show the Court how assiduous Kaiser was in protecting its name and trademark, so it is telling that she included no such provision in the settlement agreement.

### b) Kaiser's claims are barred by claim preclusion

Kaiser's claims are barred as a matter of law by claim preclusion (previously called res judicata). See *Robi v. Five Platters, Inc.,* 838 F.2d 318, 321–22 (9th Cir. 1988) ["Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action." (Internal quotation marks omitted)].

Kaiser filed a lawsuit against the Deans in 2012 alleging that the Deans breached the settlement agreement. See the Deans' prior Request for Judicial Notice, Doc. No. 20-1, Exhibit 3. The Deans, representing themselves, moved for summary judgment on the ground that Kaiser had released all claims arising out of their prior agreements in the settlement agreement. The court, after argument, held

that the release in the settlement agreement barred all of Kaiser's claims, including existing or future claims. See transcript, the Deans' prior Request for Judicial Notice, Doc. No. 20-1, Exhibit 1 at pp. 16, 26-28.

At the hearing, the court gave Kaiser the right to amend its complaint to allege fraud by the Deans or its own mistake. Kaiser elected not to do so but instead dismissed the action with prejudice. See the Deans' prior Request for Judicial Notice, Doc. No. 20-1, Exhibit 2. That made the decision final and binding.

### c) The Deans' use of the Kaiser name is statutory fair use

The use of the Kaiser name and logo by the Deans is an example of "fair use" permitted under the Lanham Act 15 U.S.C. §1115(b).[1] In *Cairns v. Franklin Mint Co.* 292 F. 3d 1139 (9th Cir. 2002), the court described "classic" fair use:

> Under the common law classic fair use defense codified in the Lanham Act at 15 United States Code § 1115(b), "[a] junior user is always entitled to use a descriptive term in good faith in its primary, descriptive sense other than as a trademark." To establish a classic fair use defense, a defendant must prove the following three elements: "1. Defendant's use of the term is not as a trademark or service mark; 2. Defendant uses the term `fairly and in good faith'; and 3. [Defendant uses the term] `[o]nly to describe' its goods or services." *Id* at 1150-1151 (citations omitted)

The Deans' use of the word Kaiser or even KP meets all three requirements. They do not use the name (or the logo) as their service mark, they use the term fairly and in good faith (it is a description of their potential client and the kind of decision they will review), and they use it only to describe what service they are providing.

---

[1] This defense was inadvertently omitted from the Deans' answer to the counterclaim, but they intend to seek leave of the Court to file an amended answer including that defense.

- 5 -
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

In *Playboy Enterprises, Inc. v. Welles* 279 F. 3d 796, 801 (9th Cir. 2002) the court found that a former Playboy "playmate of the year" could properly use Playboy's name and image in describing herself, noting that this was "nominative" fair use. The court, citing *New Kids on the Block v. New America Publishing, Inc. supra,* set out the requirements of nominative fair use:

> First, the product or service in question must be one not readily identifiable without use of the trademark; second, only so much of the mark or marks may be used as is reasonably necessary to identify the product or service; and third, the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder.[ ¶] We noted in *New Kids* that a nominative use may also be a commercial one. (Footnotes omitted)

The court noted that a nominative use is one that "does not imply sponsorship or endorsement of the product because the mark is used only to describe the thing, rather than to identify its source." *Id.* at fn. 7.

The Deans' use of the Kaiser name and logo meet this test as well. Without the Kaiser name, the services offered (they intend to assist Kaiser patients) would not be readily identifiable; the Deans use only the Kaiser or logo; and nothing in such use suggests sponsorship or endorsement by Kaiser (in fact, quite the opposite). As noted earlier, the Deans' use is aimed at a completely different market.

### d) The claims are barred by laches

All of the material events giving rise to Kaiser's claims occurred either by 2011 when the settlement agreement was signed or at the absolute latest, October 2013 when Kaiser dismissed its lawsuit against the Deans with prejudice. By that time, Kaiser knew or should have known all of the facts necessary to pursue a claim against the Deans.

The person who submitted a declaration with a myriad of exhibits in support of this motion, attorney Holly Burke, is the same person who negotiated the settlement agreement with the Deans. There can be no claim that Kaiser did not know of the facts underlying its claim by 2013 at the latest. While there is no federal statute of limitations under the Lanham Act, the claim can be barred by laches. 15 U.S.C. §1115(b)(9); *Pinkette Clothing, Inc. v. Cosmetic Warriors Limited* 894 F. 3d 1015, 1025-1026 (9th Cir. 2018).

Laches is "an equitable time limitation on a party's right to bring suit, resting on the maxim that one who seeks the help of a court of equity must not sleep on his rights." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002) (internal quotation marks and citations omitted). In *Pinkette Clothing, supra* at 1025, the court described the two-step process of determining whether laches bars the claim:

> We analyze the laches defense with a two-step process. First, we assess the plaintiff's delay by looking to whether the most analogous state statute of limitations has expired. If the most analogous state statute of limitations expired before suit was filed, there is a strong presumption in favor of laches. That presumption is reversed, however, if the most analogous state statute of limitations expired after suit was filed. Second, we assess the equity of applying laches using the *E-Systems* [*E-Sys., Inc. v. Monitek, Inc.,* 720 F.2d 604, 607 (9th Cir. 1983)] factors: (1) strength and value of trademark rights asserted; (2) plaintiff's diligence in enforcing mark; (3) harm to senior user if relief denied; (4) good faith ignorance by junior user; (5) competition between senior and junior users; and (6) extent of harm suffered by junior user because of senior user's delay. (Citations and internal quote marks omitted).

Other than factor (4), all of the factors weigh in favor of laches. The analogous California limitation period is four years. *Id*. Kaiser waited for nine years before bringing this action, which in the meantime required the Deans to deal with the ICANN proceeding, arrange to change their website, and other acts in reliance on Kaiser's failure to assert the claims it is asserting here. See Dean Declaration at ¶ 19. It would be inequitable to permit Kaiser to now pursue those claims; the claim should be barred by laches.

A preliminary injunction should also be denied because Kaiser delayed a long time in seeking it. *See Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) ["[L]ong delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm."]. A party's delay in seeking a preliminary injunction weighs against finding irreparable injury. *See Kiva Health Brands LLC v. Kiva Brands Inc.*, 402 F. Supp. 3d 877, 897 (N.D. Cal. 2019).

### 4. Conclusion – the Motion Should be Denied

Kaiser has utterly failed to demonstrate that (i) there is any threat of irreparable harm that requires a preliminary injunction, (ii) the equities favor Kaiser, or (iii) Kaiser is likely to prevail on the merits of its claims. The Court should conclude here that a preliminary injunction is inappropriate and deny the motion.

Dated: March 28, 2022

JAMPOL LAW APC

By: _____
Alan R. Jampol
Attorneys for Plaintiffs and Counterdefendants
Stephan Dean and Liza Dean individually and dba SureFile Filing Systems