Alan R. Jampol (053815)
JAMPOL LAW APC
1801 Century Park East, 25th Floor
Los Angeles, CA 90067
(310) 556 – 9678 Office
(310) 614-4149 Cell
Email: alan@jampol-law.com

Attorneys for Plaintiffs Stephan Dean and Liza Dean Individually and dba SureFile Filing Systems

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN DEAN AND LIZA DEAN INDIVIDUALLY AND DBA SUREFILE FILING SYSTEMS,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS; DOES 1-50 INCLUSIVE<br><br>Defendants. | Case No: 5:22-CV-00278-MCS-KKx<br><br>**DECLARATION OF STEPHAN DEAN IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:      April 18, 2022<br>Time:      9:00 AM<br>Courtroom: 7C |

I, Stephan Dean, declare:

1. I am one of the Plaintiffs in this matter. The other Plaintiff is my wife, Liza Dean. I have personal and firsthand knowledge of all facts set forth in this declaration unless stated otherwise, and if called as a witness, I would and could testify competently thereto.

2. In all references to "me," or "my" or "I" I include Liza Dean unless the context clearly refers just to me personally.

3. Prior to March 24, 2011, I and Kaiser Foundation Health Services, Inc. ("Kaiser") were parties to certain contracts involving the transfer to my computer of data regarding Kaiser members. In the course of that contractual relationship, I and

Kaiser experienced a wide array of disagreements as to our respective rights and obligations under those agreements.

4. In order to resolve all of the business disputes and resolve all issues regarding our business relationships (collectively "the Dispute"), Kaiser and I entered into a settlement agreement as of March 24, 2011. A copy of that settlement agreement is Exhibit 1 to my complaint in this action.

5. In the negotiations leading up to the preparation and signing of the settlement agreement, I was represented by lawyer Tom Stefanelli, while Kaiser was represented by attorney Holly Burke. Ms. Burke drafted the initial version and all revisions of the settlement agreement.

6. As part of my business, I intend to use the name "Kaiser" on my website only to indicate that my services are offered primarily to Kaiser members who desire additional information about any medical procedure recommended by Kaiser of being considered by the member. The only reason for the use of the Kaiser name is to identify those persons who could benefit from my services, not to divert patients or members from Kaiser, to compete with Kaiser, or anything that might affect Kaiser as an entity.

7. When the negotiations regarding settlement progressed from the money issues to the settlement of all of the other claims in the Dispute, Ms. Burke, who had drafted the initial version of a proposed settlement agreement, started to add additional terms, including broadening the scope of the confidentiality provision of the agreement. Among other things, Ms. Burke added a broad provision prohibiting us from using the Kaiser name or logo. At that point, the negotiation focused primarily upon that paragraph, which ended up as paragraph 13.

8. In response to Ms. Burke's concern about my using Kaiser's name in my business, I offered (via Mr. Stefanelli) to Kaiser two options: (i) pay me $110,000 or (ii) pay me $200,000. If Kaiser chose option (i), the settlement agreement would

not include any bar to my use of the Kaiser name and logo in my business. If Kaiser chose option (ii), the settlement agreement would include such a bar.

9. The two options are referred to by Ms. Burke in her email to Mr. Stefanelli of March 8, 2011. A true copy of the email thread, which was copied to me, that includes Ms. Burke's March 3, 2011 email is attached hereto as Exhibit 1.

10. Kaiser chose the first option, the payment of $110,000, which did not include any provision precluding my use of the Kaiser name or logo. In light of that choice, Ms. Burke revised the settlement agreement by removing the language in her initial draft that provided such a bar. Attached hereto as Exhibit 2 is a true copy of page 4 of the "redline" of the settlement agreement prepared by Ms. Burke showing the changes to paragraph 13. The last three lines of that paragraph, which are shown as being deleted from the original, state:

> Except as set forth above, without the prior written consent of KP [Kaiser], SureFile [Dean] shall not use in advertising or publicity the trade names, service, marks or logo of KP, the Kaiser Permanente Medical Care Program or any affiliates.

The deleted provision was permanently removed from the final draft of the settlement agreement.

11. At the time the settlement agreement was negotiated, Kaiser and I several disputes about a wide spectrum of issues. The purpose of the settlement agreement, as stated in the fourth WHEREAS clause of the agreement, was to "settle and compromise *any* claims they might possess against the other …and resolve *any* outstanding issues as more fully set forth herein." [The italics are mine].

12. One of the issues that was in dispute was my right to use the Kaiser name and logo in my business, which was fully discussed by counsel (in my presence or in emails that I reviewed). This was also stated in a more expansive scope in paragraph 1.B. of the agreement and in the general release set forth in paragraph 3 of the agreement.

DECLARATION OF STEPHAN DEAN IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

13. On October 12, 2012, Kaiser filed a complaint against me in the Riverside Superior Court seeking damages for, and an injunction prohibiting, my alleged breach of a business associate agreement ("BAA") into which I and Kaiser had entered in connection with our mutual business. A true copy of Kaiser's complaint is Exhibit 3 to my prior Request for Judicial Notice (Doc. 20-1).

14. Representing myself in the Kaiser lawsuit, I filed a motion for summary judgment on the ground that the releases in the settlement agreement barred all of Kaiser's claims against me and Liza. Kaiser contended that the settlement agreement applied only to the money I claimed Kaiser owed me. The motion came on for hearing on July 31, 2013 in the Riverside Superior Court.

15. The proceedings of the hearing and the rulings of the judge are set out in the transcript of the hearing, which is Exhibit 1 to my prior Request for Judicial Notice, which I have read and know is accurate (I was there representing myself). The form order, prepared by Kaiser's counsel (because I did not have a lawyer) is Exhibit D to Defendants' prior Request for Judicial Notice.

16. Kaiser was given permission to amend its complaint to allege fraud or mistake, but instead of amending, Kaiser chose to dismiss the lawsuit with prejudice. A copy of the order dismissing the case with prejudice at Kaiser's request is Exhibit 2 to my prior Request for Judicial Notice.

17. The decision by Kaiser to exclude from the settlement agreement a provision precluding me from using its name or logo was in economic terms a payment by me to Kaiser of over $90,000 for that right. That amount is the difference in the settlement amount between the two options. It is no different than had I affirmatively paid Kaiser $90,000 for those rights.

18. It is my intent to abandon any effort to sell or transfer Kaiser information on my computer. My business is (or is likely to be) designed to assist Kaiser members who have been recommended for various kinds of treatment or are considering such treatment in understanding the nature of the treatment and the pros and cons of

having it done. I do not intend to use in any way Kaiser information on my computer.

19. I brought this action only because Kaiser declined to do so. It is my desire to obtain a final court determination of my right to use the Kaiser name and logo before I actually start using it. The failure of Kaiser to make its claims now in its counterclaim is inexcusable, has caused me trouble, loss, money, and other prejudice. At a minimum, had Kaiser acted promptly, I would not have had to face the ICANN arbitration that was explained to the Court in the prior motions, to purchase and transfer certain information from one website to another, and could have started my business years earlier (assuming the Court rules in my favor on my claim).

    I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed by me on March 26, 2022 at Palm Springs, California.



_____
Stephan Dean

- 5 -
DECLARATION OF STEPHAN DEAN IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

**EXHIBIT 1**

From: Holly.B.Burke@kp.org <Holly.B.Burke@kp.org>
Subject: Action: Claim of Surefile - Need Confirmation of Existing Situation
To: lawstef7771@yahoo.com
Date: Tuesday, March 8, 2011, 6:06 PM

Hi Tom,

I'm really sorry to hear about your Dad.

Thanks for getting back to me. I wanted to get confirmation on the current Dean offer. I want to minimize any confusion at this important point.

I wondered if you could confirm my understanding. As I understand the new offer, we have two options.

1. Option 1: $110K to settle with the previous language re: confidentiality. Please see Option 1 document, which is Version 9 (without additional confidentiality and publicity restrictions). I want to confirm if the document as marked was the acceptable version to go with Option 1. We would need to update the dates in this version.

2. Option 2: $200k with updated language re confidentiality, publicity and disparagement. Please see Option 2 document, which is Version 9 that I sent to you in mid-Jan. We would need to update the $ amounts and dates in this version.


**Option 1 Document:**


**Option 2 Document:**


Can you let me know if this is correct?

Thanks much,
Holly



**HOLLY BURKE**
SENIOR COUNSEL
LEGAL DEPARTMENT

1800 HARRISON ST.
18TH FLOOR
OAKLAND, CA 94612

OFFICE – (510) 625 – 5679  TIE: 8-428-5679
FAX – (510) 625-2882
EMAIL – HOLLY.B.BURKE@KP.ORG

**NOTICE TO RECIPIENT:** If you are not the intended recipient of this e-mail, you are prohibited from sharing, copying, or otherwise using or disclosing its contents. If you have received this e-mail in error, please notify the sender immediately by reply e-mail and permanently delete this e-mail and any attachments without reading, forwarding or saving them. Thank you.

---

**Thomas Stefanelli <lawstef7771@yahoo.com>**
03/08/2011 04:02 PM

To Holly B Burke/PO/KAIPERM@KAIPERM
cc
Subject Claim of Surefile

Hi Holly:

Sorry I am so slow to get back to you. As you know, I have been dealing with some personal issues regarding my father that have necessitated me traveling to Canada.

For your information, I have spent a great deal of time working on my client, trying to get him to agree to settle this matter and sign the Release that you have proposed. Although he is ready to settle, as you know, the terms of the Release have been a sticking point. He is now prepared to reach a settlement and sign the last Release that you submitted to us, but he wants additional consideration. He is prepared to sign that Release in return for a payment by Kaiser in the amount of $200,000, as long as payment can be arranged within the next few days, by the end of this week.

I know that at the start of the negotiations you asked for a firm number that my client would accept to waive all claims against Kaiser. That number was $110,000. My client did not contemplate the language that you require in the Release. That is the reason for the increase in the settlement demand.

I look forward to hearing from you.

Tom Stefanelli

**EXHIBIT 2**

12. Construction. Should any paragraph, clause or provision of this Agreement be construed to be against public policy or determined by a court of competent jurisdiction to be void, invalid or unenforceable, such construction and decision shall affect only those paragraphs, clauses or provisions so construed or interpreted, and shall in no way affect the remaining paragraphs, clauses or provisions of this agreement, which shall remain in force.

13. Non-Disclosure. The nature and terms of this Agreement ~~and the Services provided~~ shall not be disclosed by any party hereto or its agents, attorneys, or any other representative, without the prior written consent of all of the other parties; ~~KP and Dean agree that each party will not disparage the other nor shall any party confirm or deny any facts concerning the other party other than the fact that the parties had business a business relationship together, the duration and type of Services provided and that as a matter of business no additional information can be given. Provided, however~~; provided, however, that provided that any party may disclose the existence of this Agreement, ~~Services provided~~ and the nature and terms thereof, (i) to the attorneys, accountants, and financial and tax advisors of that party, (ii) as required or compelled by law, or (iii) to enforce the provisions of this Agreement. KP and Dean will continue take appropriate steps to preserve all confidential information in the medical records handled by Dean during the course of providing Services as required by the Confidentiality of Medical Records Act, Cal. Civ. Code § 56 et seq., the federal Health Insurance Portability and Accountability Act ("HIPAA"), and the parties' Business Associate Agreement of June 24, 2009. ~~Except as set forth above, without the prior written consent of KP, Surefile shall not use in advertising or publicity the trade names, service marks or logo of KP, the Kaiser Permanente Medical Care Program or any affiliates.~~

14. Governing Law. This Agreement shall be construed and governed by the laws of the State of California.

15. Notices. Notices under this Agreement shall all be in writing, effective upon receipt and shall be sent by any of the following methods (a) facsimile with return facsimile acknowledging receipt; (b) United States Postal Service certified or registered mail with return receipt showing receipt; or (c) courier delivery service with proof of delivery; or (d) personal delivery. Either party hereunder may change the names and addresses for receipt of notices by notice given as provided for herein.

Notices to Sure File shall be sent as follows:

Stephan C. Dean,
dba Sure File Systems
43-915 Camp Place
Indio, California 92203
With a copy to:

Notices to KFHP or KFH shall be sent as follows:

Kaiser Foundation Health Plan, Inc.
Kaiser Foundation Hospitals
393 E. Walnut Street, 5th floor, (53R03)
Pasadena, CA 91188