# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN DEAN AND LIZA DEAN INDIVIDUALLY AND DBA SUREFILE FILING SYSTEMS,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS; DOES 1-50 INCLUSIVE<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No: 5:22-cv-00278-MCS-KKx<br><br>**[PROPOSED] ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:   April 18, 2022<br>Time:   9:00 AM<br>Courtroom: 7C |

The Court, having considered Counterclaimants' ("Kaiser") motion for preliminary injunction, the declarations of Holly Burke, John Burns, and Francisco J. Acevedo and all other supporting documents, Counterdefendants' ("the Deans") opposition to the motion and declaration of Stephan Dean, and Kaiser's reply, and having heard and considered the argument of counsel, for the reasons set forth below, DENIES the motion.

In order to grant a motion for preliminary injunction, the Court must find that Kaiser has shown that in the absence of such an injunction, it is likely to suffer

irreparable injury and that it is probable that Kaiser will prevail on the merits of its claims. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Kaiser has shown neither.

There is no evidence that the Deans will do anything prior to a trial that is likely to cause Kaiser any injury, much less irreparable injury. Stephan Dean has stated in his declaration that he will not do anything to utilize his website or enter into any transaction to transfer any data about Kaiser members until there is a judgment in this matter. See Dean Declaration (Doc. __) at paragraph 23.

Kaiser has not shown how anything that the Deans could arguably do would cause irreparable harm to it. Moreover, it appears that Kaiser has an adequate remedy at law in the form of damages if indeed the Deans have breached any contractual or statutory duty owed to Kaiser. *Herb Reed Enterprises, LLC v. Fla. Enterprise Management, Inc.* 736 F. 3d 1239, 1249-1250 (9th Cir. 2013).

Kaiser has not established that it is probable that it will prevail on the merits of its claims.

There is a dispute between Kaiser and the Deans as to the effect of the settlement agreement between them dated March 24, 2011 (Exhibit 1 to the Complaint) and of the judgment of the Riverside Superior Court in a lawsuit brought by Kaiser in 2012 against the Deans. The Court is not in the context of Kaiser's motion adjudicating that dispute, but the Deans have shown that they have a legitimate contention that Kaiser released the claims it is making here and that Kaiser is bound by claim preclusion from asserting those claims.

The Deans contend that their use of the Kaiser name is fair use as permitted by 15 U.S.C. §1115(b). See *Cairns v. Franklin Mint Co*. 292 F. 3d 1139 (9th Cir. 2002). The application of this statute is a genuine issue, and the Court cannot say at this point that Kaiser will probably prevail on this claim. While the Deans did not include this defense in their answer to the counterclaim, they have indicated an

intent to move for leave to amend their answer to assert it (see the Deans' Opposition to this motion, Doc. No. __, at p. 6, fn. 1).

The Deans have also raised issues of the statute of limitations and laches. The Deans contend that Kaiser has known about the Deans' possession of Kaiser data since at least 2013 and unreasonably delayed in both bringing this counterclaim and in seeking a preliminary injunction. See *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321–22 (9th Cir. 1988). Kaiser has not established a likelihood of success on this issue.

Overall, while the issues remain in dispute, the Court finds that it cannot conclude at this time that Kaiser will probably prevail on the merits.

For the foregoing reasons, the motion for preliminary injunction is DENIED.

Dated: _____, 2022

_____
United States District Judge

[PROPOSED] ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION