UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN DEAN et al., <br><br> Plaintiff, <br><br> v. <br><br> KAISER FOUNDATION HEALTH PLAN, INC., et al., <br><br> Defendants. | Case No. 5:22-cv-00278-MCS-KK <br><br> **ORDER RE: MOTION TO DISMISS (ECF NO. 10) AND MOTION TO STRIKE (ECF NO. 11)** |

Defendants Kaiser Foundation Health Plan, Inc., and Kaiser Foundation Hospitals move to dismiss the Complaint of Plaintiffs Stephan Dean and Liza Dean, individually and doing business as SureFile Filing Systems. (MTD, ECF No. 10-1; Compl., ECF No. 1-1.) Defendants also move to strike the state law claims in the Complaint under California's anti-SLAPP statute. (MTS, ECF No. 11-1.) Plaintiffs filed briefs opposing the motions, and Defendants filed replies. (MTD Opp'n, ECF No. 19; MTD Reply, ECF No. 23; MTS Opp'n, ECF No. 20; MTS Reply, ECF No. 24.) The Court heard oral argument on the motions on March 28, 2022.

///

## I. PRELIMINARY ISSUES

The parties submitted requests for judicial notice of certain records. (RJN ISO MTD, ECF No. 10-2; RJN ISO MTD Opp'n, ECF No. 19-1; RJN ISO MTS, ECF No. 11-2; RJN ISO MTS Opp'n, ECF No 20-1.) The Court considers a December 27, 2021 arbitration decision concerning a domain name dispute between the parties, (RJN ISO MTD Ex. E), which is incorporated by reference into the Complaint. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The Court need not review any other documents subject to the parties' requests to resolve the motions and denies the rest of the requests on that basis.

Defendants submitted evidentiary objections to the declaration Stephan Dean submitted in support of Plaintiffs' opposition to the motion to strike, and Plaintiffs responded to the objections. (Objs., ECF No. 25; Resp. to Objs., ECF No. 28; *see* Dean Decl., ECF No. 21-1.) The objections are overruled as unnecessary because the Court cannot consider the declaration in deciding the motion to strike. *Compare Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018) ("[W]hen an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard . . . ."), *with Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." (internal quotation marks omitted)).

After Defendants filed the motions, Plaintiffs purported to dismiss some of their claims without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Notice of Voluntary Dismissal, ECF No. 14.) Plaintiffs invoked the incorrect rule; dismissal of claims is governed by Rule 15, not Rule 41. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687–88 (9th Cir. 2005). Nonetheless, the Court declines Defendants' invitation to deem the notice of voluntary dismissal wholly ineffective merely because Plaintiffs cited the wrong rule. (MTD Reply 9–10; MTS Reply 2–3.) Plaintiffs had not previously exercised their opportunity to amend their pleading once

as a matter of course, so the Court construes Plaintiffs' filing as having effected a voluntary amendment of the Complaint to withdraw the "dismissed" claims from their pleading. *See* Fed. R. Civ. P. 15(a)(1)(B).

Only the claim for declaratory relief remains. This does not divest the Court of subject-matter jurisdiction, as Plaintiffs contend. (MTD Opp'n 5–6.) The case upon which Plaintiffs rely for their argument, *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221 (9th Cir. 1989), is distinguishable from the case at bar. There, the plaintiffs invoked federal question jurisdiction based on the Declaratory Judgment Act itself—not some independent source of federal law. *Id.* at 1225. Here, in their notice of removal, Defendants submitted that the Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338 because the claim for declaratory relief depends on substantial questions of federal cybersquatting and trademark law. (Notice of Removal ¶¶ 7–11, ECF No. 1.) The Court agrees with Defendants: the declaratory relief Plaintiffs seek would require an adjudication of the parties' rights under federal law. (*E.g.*, Compl. ¶ 34 (requesting a declaration that Plaintiffs have the right to use Defendants' trademarks).) The Court has jurisdiction to decide a claim for declaratory relief arising under federal law independent of the Declaratory Judgment Act.

The constructive amendment moots the motion to dismiss the withdrawn claims. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). However, the amendment does not moot the motion to strike the withdrawn breach and interference claims because the Court still must decide whether Defendants are entitled to fees. *Pfeiffer Venice Props. v. Bernard*, 101 Cal. App. 4th 211, 218 (2002); *see also Chambers v. Miller*, 140 Cal. App. 4th 821, 826 (2006) ("[I]f a plaintiff could avoid attorney fees by simply dismissing shortly before the court heard the motion, the plaintiff would have accomplished all the wrongdoing that triggers the defendant's eligibility for attorney's fees, but the defendant would be cheated of redress." (internal quotation marks omitted)).

Plaintiffs filed their opposition briefs a day late. *See* C.D. Cal. R. 7-9. In the

interests of justice and judicial economy, the Court considers the briefs. Any further untimely submissions will be stricken.

## II. BACKGROUND

Plaintiffs provide medical record scanning and storage services. (*See* Compl. ¶¶ 6–7 & Ex. 1.) Between 2008 and 2010, Defendants contracted Plaintiffs to scan and store Defendants' patients' private medical records. (*Id.* ¶¶ 6–7.) Defendants terminated the contracts in 2010. (*Id.* ¶ 8.) Disagreements arose concerning the parties' rights after termination, resulting in a settlement agreement and subsequent lawsuit in state court. (*Id.* ¶¶ 9–16 & Ex. 1.)

In 2020, Plaintiffs planned to sell data they retained concerning Defendants' patients. Plaintiffs registered a domain name, kphealthconnectusa.com, and informed Defendants of their plans. (*Id.* ¶¶ 17–18.) On October 15, 2021, Defendants submitted a complaint against Plaintiffs to the Internet Corporation for Assigned Names and Numbers ("ICANN") under the Uniform Domain-Name Dispute-Resolution Policy ("UDRP"), alleging Plaintiffs wrongfully used Defendants' trademarked name and logo on their website. (*Id.* ¶¶ 19–20.) A three-person arbitration panel issued a decision on December 7, 2021, finding that Plaintiffs "wrongfully and in bad faith created a domain that infringed [Defendants'] rights and ordered that the domain name kphealthconnectusa.com be transferred to [Defendants]." (*Id.* ¶ 22; *see generally* RJN ISO MTD Ex. E.) Plaintiffs contend the arbitration panel lacked jurisdiction to render the decision. (Compl. ¶¶ 22–24.)

In the Complaint, Plaintiffs brought four claims: (1) breach of contract, (2) declaratory relief, (3) permanent injunction, and (4) interference with prospective business advantage. (*Id.* ¶¶ 26–47.) Through their constructive amendment of the Complaint, Plaintiffs have withdrawn all but the claim for declaratory relief. (*See* Notice of Voluntary Dismissal.)

///

## III. LEGAL STANDARDS

### A. Anti-SLAPP Motion to Strike

California Code of Civil Procedure section 425.16 permits a special motion to strike a strategic lawsuit against public participation ("SLAPP"). Such a motion allows courts to dismiss at an early stage unmeritorious litigation that challenges various kinds of protected speech. *See* Cal. Civ. Proc. Code § 425.16(b)(1); *Kashian v. Harriman*, 98 Cal. App. 4th 892, 905 (2002). Federal courts give full effect to the anti-SLAPP statute. *See United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 973 (9th Cir. 1999).

Anti-SLAPP motions are subject to a two-step analysis with shifting burdens. First, the movant must make a threshold showing that the challenged claim arises from an "act . . . in furtherance of [the movant's] right of petition or free speech" within the meaning of California Civil Procedure Code section 425.16(e). *Sarver v. Chartier*, 813 F.3d 891, 901 (9th Cir. 2016) (internal quotation marks omitted). If the movant satisfies this threshold showing, the burden shifts to the claimant to establish a reasonable probability of prevailing by demonstrating that the challenged claim is "both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Id.* (internal quotation marks omitted). If the motion "challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Planned Parenthood*, 890 F.3d at 834.

### B. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## IV. DISCUSSION

### A. The Anti-SLAPP Statute Applies to the Conduct at Issue in the Challenged Claims

Plaintiffs' state law claims arise from Defendants' maintenance of a UDRP action against them. (Compl. ¶¶ 27, 42.) The parties have not presented, and the Court has not found, any court decision holding that maintenance of a UDRP action constitutes activity in or connected with an "official proceeding authorized by law" within the meaning of California Code of Civil Procedure section 425.16(e)(1)–(2). Notwithstanding, Defendants present significant, persuasive authority that the statute should apply to the UDRP arbitration before the ICANN panel because ICANN is a quasi-public organization to which the U.S. Department of Commerce has delegated authority to resolve disputes over domain names. *See Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 432 (2d Cir. 2004) (observing that the federal government "shift[ed] significant policy-making responsibilities" to ICANN); *see generally Vizer v. VIZERNEWS.COM*, 869 F. Supp. 2d 75, 77–78 (D.D.C. 2012) (discussing ICANN's role in the domain name system and coordination with the U.S. Department of Commerce); *compare Eurotech, Inc. v. Cosmos European Travels Aktiengesellschaft*,

189 F. Supp. 2d 385, 392–93 (E.D. Va. 2002) (applying *Noerr-Pennington* doctrine to immunize the World Intellectual Property Organization from suit because "WIPO proceedings, a form of arbitration, are part of the adjudicatory process" of disputes under the UDRP), *with Kearney v. Foley & Lardner*, 553 F. Supp. 2d 1178, 1181 n.3 (S.D. Cal. 2008) ("[T]he *Noerr-Pennington* doctrine is analogous to California's anti-SLAPP statute."). Further, Plaintiffs do not dispute that maintaining an action under the UDRP constitutes an activity in or connected with an official proceeding authorized by law. (*See* Opp'n 6–7.) Plaintiffs confirmed at the hearing that they agree that the ICANN arbitration is an official proceeding within the meaning of the statute. Because the issue is uncontested, the Court accepts Defendants' arguments.

Plaintiffs argue their claim for declaratory relief concerning the effect of the ICANN arbitration has no bearing on Defendants' right of speech or petition. (MTS Opp'n 6–7.) But the claim for declaratory relief is not the subject of the motion to strike—the withdrawn breach and interference claims are. (*See* MTS 2.) The withdrawn state law claims rest squarely on Defendants' maintenance of the UDRP action.

For the first time at the hearing, Plaintiffs asserted that the anti-SLAPP statute may not be applied in this case because the Court has not exercised diversity subject-matter jurisdiction. The Court need not consider the argument. *Rice Corp. v. Grain Bd. of Iraq*, 582 F. Supp. 2d 1309, 1313 (E.D. Cal. 2008); *see also Johnson v. Gruma Corp.*, 614 F.3d 1062, 1069 (9th Cir. 2010) (deeming waived contentions raised for the first time at oral argument). In any event, the argument lacks merit: California's anti-SLAPP statute may be used to challenge state law claims in federal question cases. *See New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1099 (C.D. Cal. 2004); *see also Loop AI Labs Inc. v. Gatti*, No. 15-cv-00798-HSG, 2015 U.S. Dist. LEXIS 117297, at *6–7 (N.D. Cal. Sept. 2, 2015) (collecting cases); *cf. Lockheed Missiles & Space Co.*, 190 F.3d at 973 (concluding that the purposes of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), "favor application of California's Anti-SLAPP statute in federal cases").

Defendants meet their burden at the first step of the anti-SLAPP analysis to show

the statute applies to the conduct of which Plaintiffs complained.

### B. The Withdrawn Breach of Contract and Interference with Prospective Business Advantage Claims Are Legally Insufficient

Plaintiffs do not dispute that their withdrawn claims lack merit at the second step of the anti-SLAPP analysis. (*See generally* MTS Opp'n.) The Court deems their failure to address the legal sufficiency of the withdrawn claims as their consent to granting the motion. C.D. Cal. R. 7-12.

The breach of contract claim was insufficiently pleaded. To state a claim for breach of contract, a plaintiff must plead "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). "A claim for breach of contract [] must be based on the nonperformance of express promises or legal duties contained in a contract." *See Samica Enters., LLC v. Mail Boxes Etc. USA, Inc.*, 637 F. Supp. 2d 712, 719 (C.D. Cal. 2008) (alteration in original) (quoting *Traumann v. Southland Corp.*, 858 F. Supp. 979, 982 (N.D. Cal. 1994)). Plaintiffs failed to identify express promises or legal duties in the settlement agreement Defendants breached by bringing the ICANN dispute, taking Plaintiffs' domain name, and continuing to assert Plaintiffs have no right to use Defendants' marks. (*See* Compl. ¶ 27.) Having conducted an independent review of the agreement, the Court has discovered no express promise or duty forbidding Defendants from engaging in the alleged conduct.

The interference claim was similarly defective. To state a claim of intentional interference with prospective economic advantage, a claimant must plead "(1) the existence, between the plaintiff and some third party, of an economic relationship that contains the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentionally wrongful acts designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm proximately caused by the defendant's action." *Roy Allan Slurry Seal, Inc. v. Am.*

*Asphalt S., Inc.*, 2 Cal. 5th 505, 512 (2017). Plaintiffs failed to plead how Defendants' pursuit of the UDRP dispute and other efforts to protect their intellectual property were "wrongful apart from the interference itself." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1154 (2003). Plaintiffs also failed to identify any specific prospective business relationship with which Defendants interfered. *See UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1117 (C.D. Cal. 2015) (requiring facts "showing that defendant interfered with a relationship with a particular individual" and dismissing interference claim where "none of the purported prospective relationships is identified" (cleaned up)).

Plaintiffs have not established a reasonable probability of prevailing on their breach of contract and interference claims. The motion to strike is granted.

### C. Declaratory Relief Is Not a Cognizable Claim

Defendants submit that the remaining claim for declaratory relief must be dismissed because declaratory relief is a remedy, not an independent claim. (MTD 12.) The Court agrees. *See Lopez v. Wells Fargo Bank, N.A.*, 727 F. App'x 425, 426 (9th Cir. 2018) ("[T]he district court properly dismissed Lopez's request for declaratory relief because Lopez had no claim upon which to request relief or remedies."); *cf. Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver . . . ."). Plaintiffs do not identify, let alone sufficiently plead, any underlying claim for which a declaratory remedy may be granted. (MTD Opp'n 7–10.)

### D. Leave to Amend Is Inappropriate

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). In their briefs, Plaintiffs failed to identify any independent claim for which they may seek declaratory relief as a remedy. At the hearing, Plaintiffs' counsel stated that Plaintiffs do not intend to pursue any claim independent of their standalone request for

9

a declaratory remedy, and that Plaintiffs have pleaded substantially all the facts upon which they would base an amended claim for declaratory relief. On these grounds, the Court determines amendment would be futile. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

## V. CONCLUSION

The motion to strike is granted. The motion to dismiss is granted in part and denied in part as moot. The Court dismisses the Complaint without leave to amend. The Court orders Defendants to move for attorney's fees under California Code of Civil Procedure section 425.16(c)(1) within 21 days. The Court expects the parties to conduct a thorough prefiling conference before the fee motion. C.D. Cal. R. 7-3. The parties may elect to resolve the issue by stipulation, which would advance the "just, speedy, and inexpensive determination" of this matter by obviating the need for further motion practice. Fed. R. Civ. P. 1.

**IT IS SO ORDERED.**

Dated: March 29, 2022

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE