UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN DEAN and LIZA DEAN, Individually and DBA SUREFILE FILING SYSTEMS,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and Does 1-50 Inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTER-CLAIMS. | Case No. 5:22-cv-00278-MCS-SHK<br><br>**ORDER GRANTING DEFENDANT AND COUNTERCLAIMANT KAISER FOUNDATION HEALTH PLAN, INC.'S MOTION FOR PRELIMINARY INJUNCTION AGAINST DEFENDANTS** |

After consideration of defendant and counterclaimant Kaiser Foundation Health Plan's ("KFHP") motion for preliminary injunction against plaintiffs and counter-defendants Stephan Dean and Liza Dean, dba SureFile Filing Systems (collectively, "Counter-Defendants"), all other papers filed herein, the records of the case, hearing on the motion, and good cause appearing, the Court hereby **GRANTS** KFHP's motion in its entirety.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." *Glob. Horizons, Inc. v. U.S. Dep't of Labor*, 510 F.3d 1054, 1057 (9th Cir. 2007) (citations, emphasis, and internal quotation marks omitted). The Ninth Circuit balances these factors using a "sliding scale" approach, where "a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

KFHP has demonstrated that it is likely to succeed on the merits of its statutory and common law claims of trademark infringement, unfair competition, and breach of contract. In particular, KFHP has demonstrated that Counter-Defendants likely have used the KAISER, KAISER PERMANENTE, KP, KP HEALTHCONNECT, and the Happy Family Logo marks (collectively, the "KFHP Marks") without KFHP's consent and in a manner that is likely to cause confusion. *See Century 21 Real Estate Corporation v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1988).

The evidence further shows that Counter-Defendants likely have breached their contracts with KFHP by expressly and unequivocally threatening to violate their obligation to keep all Kaiser patient data confidential. *MAG Aerospace Indus., LLC v. Precise Aerospace Mfg., Inc.*, No. 5:18-CV-01096-RGK-JC, 2018 WL 6074596, at *2-3 (C.D. Cal. July 18, 2018). Counter-Defendants' efforts to sell that information also likely violate the parties' 2009 Business Associates Agreement, which only permits Counter-Defendants to use the information for the purposes of scanning.

KFHP has demonstrated that Counter-Defendants' conduct is likely to cause irreparable harm without a preliminary injunction. KFHP has provided evidence sufficient to show that it has built and maintained a positive reputation among the

healthcare industry, and that reputation will be diminished so long as Counter-Defendants continue to operate a website suggesting that KFHP sells its own patients' data. These facts also tip the balance of the equities in favor of KFHP and show that the public interest favors granting KFHP's motion. Therefore, KFHP has met its burden. *See Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011) (quoting *Winter*, 444 U.S. at 20).

For the foregoing reasons, the Court **GRANTS** the motion and **ORDERS** the following:

1. Counter-Defendants and each of them, and, as applicable, their officers, agents, servants, directors, employees, servants, partners, representatives, assigns, successors, related companies, and attorneys, and all persons in active concert or participation with Counter-Defendants or with any of the foregoing, be enjoined preliminarily during the pendency of this action thereafter from:

   a. Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods or services under the KFHP Marks;

   b. Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods or services under any other mark, name, symbol, or logo, which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any goods or services that Counter-Defendants caused to enter the stream of commerce or any of Counter-Defendants' commercial activities are sponsored or licensed by KFHP, are authorized by KFHP, or are connected or affiliated in some way with KFHP or the KFHP Marks;

   c. Implying KFHP's approval, endorsement, or sponsorship of, or affiliation or connection with, Counter-Defendants' goods, services, or commercial activities, passing off Counter-Defendants' business as that of KFHP's;

   d. Representing or implying that Counter-Defendants are in any way sponsored by, affiliated with, or licensed by KFHP;

   e. Selling, disclosing, or causing the sale or disclosure to any third party of any patient information associated with KFHP; and

   f. Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs (a) to (e) above.

 2. KFHP shall post a bond in the amount of $5,000, pursuant to Fed. R. Civ. P. 65(c).

IT IS SO ORDERED.

Dated: April 19, 2022

*[signature: Mark C. Scarsi]*
UNITED STATES DISTRICT JUDGE

cc: Fiscal

-4-