Stephan Dean
Liza Dean
37 187 Bankside Dr Apt 2
Cathedral City, CA 92234
(323) 314 9692
Email: surefile@msn.com

Plaintiffs and Counter defendants in pro pre

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN DEAN AND LIZA DEAN INDIVIDUALLY AND DBA SUREFILE FILING SYSTEMS,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS; DOES 1-50 INCLUSIVE<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No: 5:22-CV-00278-MCS-KK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION OF COUNTERCLAIMANTS FOR SUMMARY JUDGMENT**<br><br>Date:      August 1, 2022<br>Time:      9:00 AM<br>Courtroom: 7C |

## 1. Introduction

The counterclaim is, as a matter of law, barred by several defenses, including claim preclusion, issue preclusion, the statute of limitations, and, as to the request for injunctive relief, laches. If we reach the substantive claims, they are barred by the release Counterclaimants ("Kaiser") signed in 2011. In addition, apart from the defenses, the key document, the 2011 settlement agreement, does not bar the Counterdefendants' ("the Deans") right to use the Kaiser name along with the non-PHI (personal health information) of Kaiser members in 2010.

Kaiser now tries to revisit the dispute that occurred in 2011-2013 and to seek a different outcome. To put it mildly, there are a plethora of disputed material facts, mostly because Kaiser does not really understand what is material. However, the existence of multiple disputed issues of material fact, which alone would require denial of this motion, is not the only reason the motion should be denied. The Deans are, based upon the true material facts, entitled to prevail as a matter of law.

Putting aside the defenses, Kaiser's contention that the parol evidence rule and the 2011 settlement agreement bar the Deans' claim is misguided; in fact, that argument applies to and bars Kaiser's claim that the settlement agreement prohibits the use of the Kaiser trademark (its name) or the non-PHI information.

**2. The Material Facts**

The material facts stated below come from the Separate Statement of Disputed and Undisputed Facts ("SDUMF") filed concurrently. Facts that are not material but are cited as background or to assist the Court in analyzing the material facts come from the Declaration of Stephan Dean ("Dean Declaration") or in some instances from the pleadings or briefs filed by Kaiser.[1]

It is undisputed that the Deans entered into contracts both verbal and written with Kaiser more than a decade ago, that allowed Dean to handle PHI for specific purposes Scanning and storage (SDUMF #8) and after turning over the information on thousands of their members the parties relationship soured (SDUMF #10.) In March of 2011 Dean and Kaiser signed a settlement and release (SDUMF #11). The release applies to the claims of both Dean and Kaiser. The agreement by design was, on its face, intended to preclude the parties from asserting against each other any claims that they had or could arise based upon the matters being released.

The release in the settlement agreement was unambiguous; subject to the two exceptions set out below, the parties agreed to release all claims against each other

---

[1] A party is bound by statements in his pleadings and briefs filed with the court.
_____.

both past, present, and future, known or unknown, and waived California Civil Code § 1542. The agreement preserved two rights of the Deans:

- The Deans retained the right to use information about Kaiser members that had been transmitted to them by Kaiser but were not permitted to transfer any personal health information ("PHI") as defined in HIPAA, the federal law governing medical privacy, of the members if it violated HIPAA or any other law. There was no restriction on the use by Dean of the information regarding Kaiser members that was not PHI.
- The Deans retained the right to use the Kaiser name, even though it was trademarked, in their own business without Kaisers written authorization.[2]

How specifically this was done is discussed at length in Declaration of Stephan Dean in paragraphs 7,8, 9 and 10.

The parties Business Associate Agreement (BAA) was superseded by the parties Settlement Agreement of March 24, 2011(SDUMF #9) thus since March 24 2011 the Deans have had the right to use the PHI for marketing purposes with no restrictions as long as it didn't violate public policy. On March 8, 2011, Ms. Burke negotiated with the Deans attorney and presented the two options the Deans had proposed regarding the use of the Kaiser trademark and name for marketing purposes without being restricted. (Dean Decl.¶ 9 Exhibit 2.) Kaiser chose the option for $110 thousand omitting any restriction baring Deans use of the Kaiser name and trademark. Thus, since March 24, 2011 the Deans have had the right to use the Kaiser name and Trademark without Kaisers written permission. On September 12, 2012 Kaiser proposed the Deans release their two surviving rights

---

[2] This right actually extended to all Kaiser trademarks, but since Dean has no intention of using any Kaiser trademark other than simply the name "Kaiser" (or "Kaiser Permanente"), any claim by Kaiser of infringement of those other trademarks is moot and will not be addressed in this brief.

by signing a new release to supersede the current March 24, 2011 agreement ( Dean Decl. ¶ 12, Exhibit 3). The Deans did not agree to release their rights they had retained since March 24,2011 and didn't sign the proposed agreement.  On October 12, 2012 , Kaiser filed a lawsuit against the Deans (Dean Decl.¶ 13 Exhibit 4) seeking among other things injunctive relief regarding the PHI the Deans were retaining as allowed per the terms of the 3/24/2011 agreement.  The Deans filed a Motion for summary judgement seeking to enforce the release Kaiser had made in the March 24, 2011 agreement and the Deans Motion was granted. (Dean Decl. ¶ 17, Exhibit 8) ) Kaiser requested leave to amend their complaint or had the option to appeal but instead dismissed the entire issue of the strength and enforceability of the March 24, 2011 release with prejudice a decade ago (Dean Decl. ¶18, Exhibit 10).  The March 24, 2011 agreement by law precludes Kaiser from asserting any claims against the Deans including what is at Bar.

## 3.  The Portion of the Counterclaim Dealing with the PHI is Barred by Claim and Issue Preclusion

Claim preclusion (Res Judicata) is the principle that a cause of action such as Kaisers counter claim dealing with the PHI and alleged HIPAA violations may not be relitigated once it has been judged on the merits. "Finality" is the term which refers to when a court renders a final judgment on the merits. Kaisers claims by law are barred by claim preclusion (Res Judicata).  "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "California, as most states, recognizes that the doctrine of res judicata will bar not only those claims actually litigated in a prior proceeding, but also claims that could have been litigated." *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993).

As in the Allen case cited, Kaiser is attempting to relitigate a claim that has already been dismissed with prejudice. In July of 2013 Kaiser was given the opportunity to amend their complaint regarding the same PHI claim and alleged HIPAA violations they are now (Dean Decl. ¶ 18, Exhibit 9 pg. 16 line 24 - pg 17 line 9). However, Kaiser did not amend their complaint and it was dismissed with prejudice. Therefore, Kaiser is barred from all their counter claims dealing with PHI and alleged HIPAA violations.

Issue preclusion, as in claim preclusion, is a doctrine that prevents a party, such as Kaiser in their cross complaint, from relitigating an already decided issue. Three elements must be satisfied in order to apply the doctrine:

- There must be a prior litigation in which the identical issue was brought before the court.
- The issue must be actually litigated in the first judicial proceeding, and the party against whom collateral estoppel is being asserted had a full and fair opportunity to litigate the issue in the first judicial proceeding.
- The issue must necessarily be decided and rendered as a necessary part of the court's final judgement.

In *Little v. Blue Goose Motor Coach Co.*, 346 Ill. 266, the plaintiff sued the defendant for damages of medical expenses. The court ruled that the relitigating of the issue of negligence, which was actually litigated in a former case brought by Blue Goose against Little for damages in a car accident, was precluded by issue preclusion.  As in the Little case cited, Kaiser is attempting to relitigate issues dealing with PHI and alleged HIPAA violations.  Kaiser is barred by law from pursuing these issues.

**4.  Kaisers Entire Cross Complaint is Barred by the Statute of Limitations**, **and, as to the request for injunctive relief, laches.**

1

2      There is no doubt that Kaiser was aware of their PHI and alleged HIPAA

3   violations claims against the Deans as early as September 2012 (Dean Decl. ¶ 12,

4   Exhibit 3).  It is an undisputed material fact that both parties were aware of these

5   claims when Kaiser filed their lawsuit (SDSMU #18).  Kaiser was also aware that

6   until the Deans computers, devices and email accounts were forensically wiped

7   these potential claims existed (Dean Decl. ¶ 14, Exhibit 5).  Kaiser never got the

8   Deans to agree on a forensic wiping or get a court to order it. The most analogous

9   state statute of limitations in this case is California's four-year statute of limitations

10  for breach of contract.  *California Civ. Proc. §337*. The point at which the clock

11  starts tolling typically is the date of a discover of a wrong.  It is an undisputed fact

12  that Kaiser has known about the Deans possession of PHI as early as 2008

13  (SDSMU #8).

14

15      Kaiser was also aware of potential Lanham act claims as early as September

16  12, 2012  (Dean Decl.¶ 12, Exhibit 3) In *Pinkette v CWL D.C No.* 2:15-cv-04950-

17  SJO-AJW  (9th Cir. 2018)The most analogous state statute of limitations in this case

18  is California's four-year statute of limitations for trademark infringement actions.

19  See *Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985,

20  990 n.2 (9th Cir. 2009). Laches runs "from the time the plaintiff knew or should

21  have known about its potential cause of action." *Tillamook Country Smoker, Inc. v.*

22  *Tillamook Cty. Creamery Ass'n,* 465 F.3d 1102, 1108 (9th Cir. 2006). CWL should

23  have known about its claims no later than when Pinkette's registration issued in

24  July 2010. See E-Sys., 720 F.2d at 607 (applying laches where "Monitek registered

25  its trademark in 1972," "[b]ut plaintiff did not file suit for infringement . . . until

26  1978"). Yet CWL did not file its cancellation petition until nearly five years later in

27  June 2015. Because CWL delayed beyond the expiration of the most analogous

28

state statute of limitations, a strong presumption in favor of laches arises. See *La Quinta Worldwide*, 762 F.3d at 878.  As in the cited case of Tillamook Kaiser knew about a potential cause of action in 2012.  Well past any statute of limitations. Kaiser's entire cross complaint including any issues regarding PHI, alleged HIPAA violations or Langham act claims is barred by the statute of limitations. Their injunctive relief is barred by laches.

**5.  The Summary Judgment Motion Must be Denied if a Single Material Fact is Disputed as to Kaiser's Claims or the Deans' Defenses**

F.R.Civ.P. 56(a) provides as pertinent here "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

The burden is on the moving party to submit admissible evidence that based upon admissible evidence to which there is no dispute, the party is entitled to judgment as a matter of law. If the opposing party demonstrates by admissible evidence that even a single material fact is in dispute, the motion must be denied.

Summary judgment is inappropriate "[w]here contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004). The evidence is viewed in the light most favorable to the non-movant—in this case [the Deans]. See id. [The Deans'] only burden was to offer more than a "mere scintilla" of evidence that a factual dispute remains for trial. *Int'l Church of the Foursquare Gospel v. City of San Leandro,* 673 F.3d 1059, 1068 (9th Cir. 2011).

As to the Deans' affirmative defenses (claim and issue preclusion, statute of limitations, release), they have the burden of producing admissible evidence sufficient support a judgment in their favor on those issues. If they do, whether those material facts are disputed is irrelevant.

In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), the Supreme Court cautioned that ""Neither do we suggest that the trial courts should act other than with caution in granting summary judgment or that the trial court may not deny summary judgment in a case in which there is reason to believe that the better course would be to proceed to a full trial. Despite the somewhat confusing double negatives, the meaning is apparent – any doubt should be resolved in favor of denial of the motion.

### 6. Conclusion

The courts uncontested ruling on the Deans Summary Judgement motion in 2013 Bars Kaisers entire cross complaint (Deans Decl. ¶ 18, Exhibit 10)   The uncontested ruling stated that the Settlement agreement on its face is not confined to claims of non- payment made by Plaintiffs (Kaiser.) Kaiser did not Appeal the courts ruling or amend their complaint to expand the issues, but instead dismissed their entire complaint with prejudice.  This material fact bars Kaisers entire cross complaint. (Claim Preclusion) (Issue Preclusion) The current claims by Kaiser are subsumed by the Settlement agreement.

There is no doubt that Kaiser was aware of the Deans two surviving claims. Kaiser offered in September 2012 prior to their lawsuit consideration for the Deans to release those claims they still retained.  The material facts are clear Kaiser was aware and didn't amend their complaint or appeal the courts ruling, instead they agreed that the Settlement agreement precludes either party from successfully asserting claims (All Claims) against each other.

As stated above Kaiser released these claims in the Settlement agreement and any future claim was dismissed by Kaiser at the MSC in 2013. The current cross complaint regarding patient information is barred by claim and issue preclusion. The court in 2013 clearly stated that Kaisers claims regarding PHI were subsumed

- 8 -

by the Settlement agreement. Kaiser never amended their complaint or appealed the court's ruling.  The material facts are that Kaisers claims now are precluded by claim and issue preclusion.

For the reasons stated above, this Court should deny the Motion for Summary Judgment.

Dated:       July 10, 2022

By: _____
                Stephan Dean

_____
                Liza Dean

Plaintiffs and Counterdefendants in Pro Per

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION BY
COUNTERCLAIMANTS FOR SUMMARY JUDGMENT