STEPHAN DEAN and LIZA DEAN
37-187 Bankside Drive #2
Cathedral City, CA 92234
Telephone: 323-314-9692
Email: surefile@msn.com
Plaintiffs in Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN DEAN and LIZA DEAN, Individually and DBA SUREFILE FILING SYSTEMS, <br><br> Plaintiffs, <br><br> v. <br><br> KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and Does 1-50 Inclusive, <br><br> Defendants. <br> ———————————————— <br> AND RELATED COUNTER-CLAIM. | Case No. 5:22-cv-00278-MCS-KK <br><br> **STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN DISPUTE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** <br><br> **[[Filed concurrently with Plaintiff and Counter-claimant's Opposition to Defendants and Counter Claimant's Motion; Memorandum of Points and Authorities; Declaration of Stephan Dean; and [Proposed] Order]** <br><br> Hearing: <br> Date:    August 1, 2022 <br> Time:    9:00 a.m. <br> Courtroom:   7C |

      Pursuant to Local Rule 56-2, Plaintiffs and Counter-Defendants Stephan Dean and Liza Dean dba Surefile Filing Systems (collectively, "the Deans") hereby submit the following Statement of Genuine Issues of Material Fact in Dispute in Opposition to the Motion for Summary Judgment.

      The facts below correspond to the facts and supporting evidence presented in the Statement of Uncontroverted Facts submitted by Counterclaimants (collectively "Kaiser") and are augmented at the end by additional material facts and supporting evidence showing additional genuine issues of disputed material fact.

| | | **Moving Party's Alleged Uncontroverted Facts** | **Response** |
|---|---|---|---|
| | 1. | KFHP is a non-profit public benefit corporation that provides health care services to its members through Kaiser Foundation Hospitals ("KFH") (a non-profit public benefit corporation) and eight independent medical groups (the "Permanente Medical Groups" or "PMGs"). Collectively, these separate legal entities, Kaiser, KFH, and the PMGs, operate under the trade name and trademark "Kaiser Permanente." The system known as the Kaiser Permanente Medical Care Program comprises one of the largest health care providers in the United States, serving more than 12 million pre-paid health care plan members in Hawaii, Washington, Oregon, California, Colorado, Maryland, Virginia, Georgia, and the District of Columbia.<br>Dkt. 22 (KFHP's Counterclaims), ¶ 11; Dkt. 26 (the Deans' Answer), ¶ 11 | Undisputed |
| | 2. | The organization that is now known as Kaiser Permanente started during the Great Depression, and adopted the KAISER trademark for its provision of healthcare services in 1953.  By 1984, the organization | Undisputed |

-2-

STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN DISPUTE IN OPPOSITION TO MOTION FOR
SUMMARY JUDGMENT

| | | Moving Party's Alleged Uncontroverted Facts | Response |
|---|---|---|---|
| | | was also using the KAISER PERMANENTE trademark and the Happy Family Logo, i.e., . Dkt. 22 (KFHP's Counterclaims), ¶ 12; Dkt. 26 (the Deans' Answer), ¶ 12 | |
| | 3. | Kaiser Permanente prominently uses KAISER, KAISER PERMANENTE, KP, KP HEALTHCONNECT, and the Happy Family Logo, and variations and permutations thereof (collectively, the "KFHP Marks'), on and in conjunction with the goods and services it offers, including, but not limited to, Kaiser Permanente's primary website on <healthy.kaiserpermanente.org>. Dkt. 22 (KFHP's Counterclaims), ¶ 13, Ex. A; Dkt. 26 (the Deans' Answer), ¶ 13 | Undisputed |
| | 4. | In addition to its common law rights in the KFHP Marks, KFHP owns numerous federal registrations of the KFHP Marks with the U.S. Patent & Trademark Office ("PTO"). Dkt. 22 (KFHP's Counterclaims), ¶ 14, Exs. B, C; Dkt. 26 (the Deans' Answer), ¶ 14 | Undisputed |
| | 5. | The KAISER PERMANENTE and the Happy Family Logo trademarks are inherently distinctive and have acquired distinction | Undisputed |

-3-

STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN DISPUTE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

d

| | Moving Party's Alleged Uncontroverted Facts | Response |
|---|---|---|
| | through KFHP's extensive, continuous, and exclusive use of them.<br><br>Dkt. 22 (KFHP's Counterclaims), ¶ 42; Dkt. 26 (the Deans' Answer), ¶ 42 | |
| 6. | KFHP's goods and services offered under the KFHP Marks have come to be known to the purchasing public as conforming to a certain standard of quality.  As a result, the KFHP Marks and the goodwill associated with them are of tremendous value to KFHP and its authorized licensees and business partners.<br><br>Dkt. 22 (KFHP's Counterclaims), ¶ 15; Dkt. 26 (the Deans' Answer), ¶ 15 | Undisputed |
| 7. | The KAISER PERMANENTE and the Happy Family Logo trademarks are famous and distinctive within the meaning of 15 U.S.C. §§ 1125(c)(1) and 1127.<br><br>Dkt. 22 (KFHP's Counterclaims), ¶ 43; Dkt. 26 (the Deans' Answer), ¶ 43 | Undisputed |
| 8. | Between 2008 and 2010, KFHP entered into agreements with the Deans under which the Deans scanned and stored Kaiser's patients' private medical records. | Undisputed |

Case No. 5:22-cv-00278-MCS-KK

STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN DISPUTE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

d

| | | Moving Party's Alleged Uncontroverted Facts | Response |
|---|---|---|---|
| | | Dkt. 1-1 (the Dean's Compl),  ¶ 6; Dkt. 22 (Kaiser's Counterclaims), ¶ 17; Dkt. 26 (the Deans' Answer), ¶ 17; Declaration of Holly Burke ("Burke Decl.") ¶ 2, Exs. A, B | |
| | 9. | Under the parties' 2009 Business Associate Agreement, KFHP permitted the Deans to use the patients' medical records solely in connection with the "scanning services" they were performing.<br>Burke Decl., ¶ 3; Ex. C, ¶ 2, p. 7 | Disputed<br>Dean Decl ¶ 17. Exhibit 8 pg 3 line 16.  (2013 Motion for Summary Judgement Order) .<br>BAA is irrelevant as it was terminated and superseded by the 2011 settlement agreement. |
| | 10. | After KFHP turned over thousands of patient records to the Deans to scan and store, the parties' relationship soured.<br>Burke Decl. ¶ 4, Ex. D; Dkt. 1-1 (the Deans' Complaint), ¶¶ 6-9 | Undisputed |
| | 11. | In 2011, the parties entered into a settlement agreement to resolve their then-dispute (the "Settlement Agreement").<br>Burke Decl. ¶ 4, Ex. D; Dkt. 1-1 (the Deans' Complaint), ¶ 9, Ex. 1 | Disputed<br>Dean Decl. ¶ 18, Exhibit 9. (2013 Motion for Summary Judgement Transcript) page 8, Line 23 - page 9, Line 20. |

-5-

STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN DISPUTE IN OPPOSITION TO MOTION FOR
SUMMARY JUDGMENT

| | Moving Party's Alleged Uncontroverted Facts | Response |
|---|---|---|
| | | The Settlement Agreement resolved more than the "then" dispute as there were several disputes that were resolved. |
| 12. | The Settlement Agreement sets forth the discrete services the Deans performed in connection with the scanning and storage of KFHP patient medical records, and describes that a dispute arose over the amount of payment owed for those services.<br><br>Burke Decl. ¶ 4, Ex. D; Dkt. 1-1 (the Deans' Complaint), ¶ 9, Ex. 1 | Disputed<br>Dean Decl. ¶ 17, Exhibit 8, p. 3; line 15.<br>"On its face the Settlement Agreement is not confined to claims of non-payment made by plaintiff" |
| 13. | KFHP paid the Deans a total of $110,000 for any obligation incurred, and the parties mutually released each other for all claims arising out of that dispute.<br><br>Burke Decl. ¶ 4, Ex. D; Dkt. 1-1 (the Deans' Complaint), ¶ 9 & Ex. 1, ¶¶ 1, 3 | Undisputed that KFHP paid the Deans $110,000. The remainder is disputed. |

-6-

STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN DISPUTE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

d

|   | **Moving Party's Alleged Uncontroverted Facts** | **Response** |
|---|---|---|
|   |   | Dean Decl. ¶18, Exhibit 9, pg. 10, line 24 – pg. 11, line 12. |
|   |   | Release was for more than "that Dispute". |
|   |   | . |
| 14. | The Settlement Agreement does not address the Deans' use of the KFHP Marks or use the word "trademark." Burke Decl. ¶ 4, Ex. D; Dkt. 1-1 (the Deans' Complaint), ¶ 9, Ex. 1 | Disputed Dean Decl. ¶9, Exhibit 2. (Penultimate Negotiations) The Deans had the right to use the non-PHI and the trademarks from KFHP and the parties agreed that no restriction |

-7-

STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN DISPUTE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

| | Moving Party's Alleged Uncontroverted Facts | Response |
|---|---|---|
| | | on that right would appear in the settlement agreement – for which the Deans in effect paid KFHP $90,000 (the difference between the two settlement amounts). |
| 15. | Through the Settlement Agreement, the Deans also agreed to keep the patient information in the records confidential. Burke Decl. ¶ 4, Ex. D; Dkt. 1-1 (the Deans' Complaint), ¶ 9, Ex. 1, ¶ 13 | Undisputed |
| 16. | The Settlement Agreement requires the Deans to "take appropriate steps to preserve all confidential information in the medical records handled by Dean during the course of providing Services as required by the Confidentiality of Medical Records Act, Cal. Civ. Code § 56 et seq. [("CMIA")], Health Insurance Portability and Accountability Act [("HIPAA")], and the parties' Business Associate Agreement of June 24, 2009." Burke Decl. ¶ 4, Ex. D; Dkt. 1-1 (the Deans' Complaint), ¶ 9 & Ex. 1, ¶ 13 | Undisputed |

| | **Moving Party's Alleged Uncontroverted Facts** | **Response** |
|---|---|---|
| 17. | The Settlement Agreement has an integration clause.  Among other things, that clause states that the Settlement Agreement "states the entire agreement among the parties," that it "supersedes the [parties'] prior agreements, negotiations or understandings," and that the Deans "acknowledge[d] and agree[d] that no other party, nor agent, nor attorney of any of the parties made any promise, representation or warranty, express or implied, not set forth in this Agreement." Burke Decl. ¶ 4, Ex. D; Dkt. 1-1 (the Deans' Complaint), ¶ 9, Ex. 1 ¶ 18 | Undisputed |
| 18. | KFHP and KFH sued the Deans in 2012 because they retained the patients' medical records. Burke Decl. ¶ 5, Ex. E; Dkt. 1-1 (the Deans' Complaint), ¶ 13 | Undisputed |
| 19. | The court granted summary judgment because the Settlement Agreement "resolved all the outstanding issues" between the parties, including the retention claims. Burke Decl. ¶ 5, Ex. E | Undisputed/Disputed Dean Decl. Exhibit 9. (2013 Motion for Summary Judgement Transcript) pg 9, Line 13 - Line 20. |

STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN DISPUTE IN OPPOSITION TO MOTION FOR
SUMMARY JUDGMENT

d

| | Moving Party's Alleged Uncontroverted Facts | Response |
|---|---|---|
| | | Release covered more than just outstanding claims. Moreover, Ms. Burke's opinion as to what the order effectuated is inadmissible opinion and not the best evidence. The court's order and the transcript of the hearing reflect what the court intended the order to cover. |
| 20. | Nowhere in the summary judgment order does the court use the word "trademark" or purport to rule on whether the Deans had any rights in, or to use, the KFHP Marks.<br>Burke Decl. ¶ 5, Ex. E | Undisputed |
| 21. | On or around August 24, 2021, the Deans registered the domain name <kphealthconnectusa.com>, which incorporates in full one of the registered KFHP Marks – KP HEALTHCONNECT – and operated a website thereon advertising the sale of medical records of Kaiser Permanente's members and patients. | Undisputed that the Deans registered that domain name and operated a website in that domain. It is disputed that the Deans advertised the sale of medical records. |

-10-

STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN DISPUTE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

d

| | **Moving Party's Alleged Uncontroverted Facts** | **Response** |
|---|---|---|
| | The website prominently used certain of the KFHP Marks.<br>Dkt. 22 (KFHP's Counterclaims), ¶ 19; Dkt. 26 (the Deans' Answer), ¶ 19 | Dkt. 22 (KFHP's Counterclaims) ¶ 19 |
| 22. | The website on <kphealthconnectusa.com> advertised "access to thousands of current and past Kaiser Permanente members and patients."<br>Dkt. 22 (KFHP's Counterclaims), ¶ 20, Ex. D; Dkt. 26 (the Deans' Answer), ¶ 20 | Undisputed |
| 23. | The website on <kphealthconnectusa.com> stated: "We can provide you with lists that contain": "Patients' name"; "Medical record number"; "Date of birth"; and "Date of when the patient was admitted into a specific facility."<br>Dkt. 22 (KFHP's Counterclaims), ¶ 20, Ex. D; Dkt. 26 (the Deans' Answer), ¶ 20 | Undisputed |
| 24. | The website on <kphealthconnectusa.com> stated: "[o]ur company can provide a great deal of information for attorneys, doctors, pharmaceutical companies and insurance brokers by providing access to this exclusive Kaiser Permanente market."<br>Dkt. 22 (KFHP's Counterclaims), ¶ 20, Ex. D; Dkt. 26 (the Deans' Answer), ¶ 20 | Undisputed |

STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN DISPUTE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

d

| | **Moving Party's Alleged Uncontroverted Facts** | **Response** |
|---|---|---|
| 25. | The website on <kphealthconnectusa.com> listed Kaiser's phone number and genuine website domain name to "opt out." Dkt. 22 (KFHP's Counterclaims), ¶ 20, Ex. D; Dkt. 26 (the Deans' Answer), ¶ 20 | Undisputed |
| 26. | <kp.org> is a KFHP domain name that automatically redirects to <healthy.kaiserpermanente.org/>. Burke Decl. ¶ 7 | Undisputed |
| 27. | On October 1, 2021, KFHP sent the Deans a letter demanding that the Deans cease and desist their infringement of the KFHP Marks and cybersquatting, and enclosed a printout of Plaintiffs' website on <kphealthconnectusa.com> as of that date. Dkt. 22 (KFHP's Counterclaims), ¶ 20, Ex. D; Dkt. 26 (the Deans' Answer), ¶ 20 | Undisputed |
| 28. | The Deans refused to stop, asserting that through the Settlement Agreement, KFHP had "agreed in writing that [the Deans] may use the Kaiser name and logo." Burke Decl. ¶ 7; Exs. H, I | Undisputed |
| 29. | The Deans sought $1,000,000 or more from KFHP for a sale of the Deans' "computers" and | Undisputed |

-12-

d

| | Moving Party's Alleged Uncontroverted Facts | Response |
|---|---|---|
| | "business," telling KFHP that "[t]he six-figure ship left port several years ago." Burke Decl. ¶ 7; Exs. H, I | |
| 30. | On October 15, 2021, KFHP filed a complaint with the National Arbitration Forum ("NAF") for transfer of the <kphealthconnectusa.com> domain name pursuant to the Internet Corporation for Assigned Names and Numbers' ("ICANN") Uniform Domain Name Dispute Resolution Policy ("UDRP"). Dkt. 22 (KFHP's Counterclaims), ¶ 22; Dkt. 26 (the Deans' Answer), ¶ 22 | Undisputed |
| 31. | In December 2021, after full briefing on the matter, a three-person arbitration panel granted KFHP's complaint and ordered that <kphealthconnectusa.com> be transferred to KFHP. Dkt. 22 (KFHP's Counterclaims), ¶ 23, Ex. F; Dkt. 26 (the Deans' Answer), ¶ 23 | Undisputed |
| 32. | The NAF panel decision concluded that the <kphealthconnectusa.com> domain name "is identical or confusingly similar to [KFHP's trademarks] in which [KFHP] has definitive rights." | Undisputed |

-13-

d

|  | Moving Party's Alleged Uncontroverted Facts | Response |
|---|---|---|
|  | Dkt. 22 (KFHP's Counterclaims), ¶ 23, Ex. F; Dkt. 26 (the Deans' Answer), ¶ 23 |  |
| 33. | The NAF panel decision explained that the Deans' website on the <kphealthconnectusa.com> domain name "comes complete with the Kaiser Permanente logo and service mark and is offering to provide 'potential access to thousands o[f] current and past Kaiser Permanente members and patients.'" Dkt. 22 (KFHP's Counterclaims), ¶ 23, Ex. F; Dkt. 26 (the Deans' Answer), ¶ 23 | Undisputed |
| 34. | The NAF panel decision stated that the website on the <kphealthconnectusa.com> domain name "ha[d] all the trappings of being an official website of [KFHP]," and "pretend[ed] to be officially sponsored by [KFHP]." Dkt. 22 (KFHP's Counterclaims), ¶ 23, Ex. F; Dkt. 26 (the Deans' Answer), ¶ 23 | Undisputed |
| 35. | The NAF panel decision stated that the Deans registered the <kphealthconnectusa.com> domain name "primarily for the purpose of extorting a benefit from [KFHP]." Dkt. 22 (KFHP's Counterclaims), ¶ 23, Ex. F; Dkt. 26 (the Deans' Answer), ¶ 23 | Undisputed |

Case No. 5:22-cv-00278-MCS-KK

STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN DISPUTE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

d

| | **Moving Party's Alleged Uncontroverted Facts** | **Response** |
|---|---|---|
| 36. | The NAF panel decision stated that "the fact that the disputed Domain Name is identical or confusingly similar to [KFHP's] marks was precisely [the Deans'] reason for registering it." Dkt. 22 (KFHP's Counterclaims), ¶ 23, Ex. F; Dkt. 26 (the Deans' Answer), ¶ 23 | Undisputed |
| 37. | The NAF panel decision noted that the Deans' counsel "expressly put[ ] [KFHP] on notice that in exchange for the disputed domain name it is looking for a six-figure settlement." Dkt. 22 (KFHP's Counterclaims), ¶ 23, Ex. F; Dkt. 26 (the Deans' Answer), ¶ 23 | Undisputed |
| 38. | The Deans argued to the NAF panel that KFHP granted them the right to use the KFHP Marks by omitting mention of them from the Settlement Agreement. Dkt. 22 (KFHP's Counterclaims), ¶ 23, Ex. F; Dkt. 26 (the Deans' Answer), ¶ 23 | Undisputed |
| 39. | The NAF panel decision rejected this argument because "the deletion of an express denial that a party may use an owner's mark and logo that is not inclusive to those claims [settled in the agreement] is not magically transformed into an | Undisputed |

-15-

d

| | Moving Party's Alleged Uncontroverted Facts | Response |
|---|---|---|
| | affirmative authorization that it has any right to do so."<br>Dkt. 22 (KFHP's Counterclaims), ¶ 23, Ex. F; Dkt. 26 (the Deans' Answer), ¶ 23 | |
| 40. | The Deans launched a website on the domain name <patientlists.org> with the same content as that included on <kphealthconnectusa.com>.<br>Dkt. 22 (KFHP's Counterclaims), ¶ 24; Dkt. 26 (the Deans' Answer), ¶ 24; Burke Dec., ¶ 9; Ex. L | Undisputed |
| 41. | The Deans continued their prominent unauthorized use of the KFHP Marks on the website on <patientslist.org>.<br>Dkt. 22 (KFHP's Counterclaims), ¶ 24; Dkt. 26 (the Deans' Answer), ¶ 24 | Disputed<br>Dean Decl. ¶ 9, Exhibit 2. ("Penultimate Negotiations"<br>Parties agreed as consideration for the Deans to maintain the claim of the use of the KFHP Marks or the word trademark as a term of settlement through omission of any restriction of use. |
| 42. | The website on <patientslist.org> advertised access to KFHP's patient names, medical record | Undisputed/Disputed |

STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN DISPUTE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

d

| | **Moving Party's Alleged Uncontroverted Facts** | **Response** |
|---|---|---|
| | numbers, birth dates, and treatment dates and locations.<br>Dkt. 22 (KFHP's Counterclaims), ¶ 24; Dkt. 26 (the Deans' Answer), ¶ 24 | Dkt. 22 (KFHP's Counterclaims), ¶ 24<br>The website on \<patientslist.org\> does not advertise access to treatment dates |
| 43. | The website on \<patientslist.org\>'s footer directed consumers to "contact Kaiser Permanente member services at (800)-464-4000 or visit KP.org" if they wish to opt out of the sale.<br>Dkt. 22 (KFHP's Counterclaims), ¶ 24; Dkt. 26 (the Deans' Answer), ¶ 24 | Undisputed |
| 44. | On February 16, 2022, the Deans' counsel explicitly threatened to sell patient information, stating the Deans "have a customer who will purchase information of 100 West LA Kaiser patients on an ongoing basis."<br>Declaration of John F. Burns ("Burns Decl.") ¶ 2, Ex. N | Undisputed/Disputed Declaration of John F. Burns ("Burns Decl.") ¶ 2, Ex. N<br>The Deans counsel did not threaten to sell patient information, |
| 45. | The Deans have selected "KP Healthconnect" as their name in their incomplete registration to act as a data broker in California.<br>Burke Decl. ¶ 10; Ex. M | Undisputed |

-17-

STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN DISPUTE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

d

| | Moving Party's Alleged Uncontroverted Facts | Response |
|---|---|---|
| 46. | The Deans' incomplete registration to act as a data broker in California instructs consumers to "[c]ontact Kaiser member services 1(800)-464-4000 or visit KP.Org" to opt out of the data sale, demand deletion of information posted online, or learn about data collecting practices. Burke Decl. ¶ 10; Ex. M | Undisputed |
| 47. | The Deans claim that KFHP granted them a "de facto" right to use the KFHP Marks by not including language expressly prohibiting the Deans from doing so in the Settlement Agreement. Dkt. 1-1 (the Deans' Complaint), ¶¶ 10-12 | Undisputed |
| 48. | The Deans claim that their inability to use the KFHP Marks has damaged them. Dkt. 1-1 (the Deans' Complaint), ¶¶ 26-29, 41-47 | Undisputed |
| | | |

| | Movings Party's Alleged Uncontroverted Facts | Response |
|---|---|---|
| 49. | Between 2008 and 2010, KFHP entered into agreements with the Deans under which the | Undisputed |

-18-

STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN DISPUTE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

d

| | | **Movings Party's Alleged Uncontroverted Facts** | **Response** |
|---|---|---|---|
| | | Deans scanned and stored Kaiser's patients' private medical records. Dkt. 1-1 (the Dean's Compl), ¶ 6; Dkt. 22 (Kaiser's Counterclaims), ¶ 17; Dkt. 26 (the Deans' Answer), ¶ 17; Burke Decl. ¶ 2, Exs. A, B | |
| | 50. | Under the parties' 2009 Business Associate Agreement, KFHP permitted the Deans to use the patients' medical records solely in connection with the "scanning services" they were performing. Burke Decl., ¶ 3; Ex. C, ¶ 2, p. 7 | Disputed Dean Decl. ¶ 17, Exhibit 8 (Motion for Summary Judgement Order) pg. 3 line 16.  2013. BAA is irrelevant |
| | 51. | After KFHP turned over thousands of patient records to the Deans to scan and store, the parties' relationship soured. Burke Decl. ¶ 4, Ex. D; Dkt. 1-1 (the Deans' Complaint), ¶¶ 6-9 | Undisputed |
| | 52. | In 2011, the parties entered into a settlement agreement to resolve their then-dispute (the "Settlement Agreement"). Burke Decl. ¶ 4, Ex. D; Dkt. 1-1 (the Deans' Complaint), ¶ 9, Ex. 1 | Disputed Dean Decl. ¶ 18, Exhibit 9 (Motion for Summary Judgement Transcipt) pg. 8, Line 23 - pg 9, Line 20. Settlement Agreement resolved more than the "then- dispute" |

-19-

STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN DISPUTE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

d

| | Movings Party's Alleged Uncontroverted Facts | Response |
|---|---|---|
| 53. | The Settlement Agreement sets forth the discrete services the Deans performed in connection with the scanning and storage of KFHP patient medical records, and describes that a dispute arose over the amount of payment owed for those services.<br>Burke Decl. ¶ 4, Ex. D; Dkt. 1-1 (the Deans' Complaint), ¶ 9, Ex. 1 | Disputed<br>Dean Decl. ¶ 17, Exhibit 8 (2013 Motion for Summary Judgement Order), pg 3; line 15. "On its face the Settlement Agreement is not confined to claims of non-payment made by plaintiff" |
| 54. | KFHP paid the Deans a total of $110,000 for any obligation incurred, and the parties mutually released each other for all claims arising out of that dispute.<br>Burke Decl. ¶ 4, Ex. D; Dkt. 1-1 (the Deans' Complaint), ¶ 9 & Ex. 1, ¶¶ 1, 3 | Disputed<br>Dean Decl. ¶ 18, Exhibit 9 (2013 Motion for Summary Judgement Transcript) pg. 10, line 24 – pg. 11, line 12. Release was for more than " that Dispute". |
| 55. | Through the Settlement Agreement, the Deans agreed to keep the patient information in the records confidential.<br>Burke Decl. ¶ 4, Ex. D; Dkt. 1-1 (the Deans' Complaint), ¶ 9, Ex. 1, ¶ 13 | Undisputed |
| 56. | The Settlement Agreement requires the Deans to "take appropriate steps to preserve all | Undisputed/Disputed |

-20-

STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN DISPUTE IN OPPOSITION TO MOTION FOR
SUMMARY JUDGMENT

d

| | Movings Party's Alleged Uncontroverted Facts | Response |
|---|---|---|
| | confidential information in the medical records handled by Dean during the course of providing Services as required by the Confidentiality of Medical Records Act, Cal. Civ. Code § 56 et seq. [("CMIA")], Health Insurance Portability and Accountability Act [("HIPAA")], and the parties' Business Associate Agreement of June 24, 2009." Burke Decl. ¶ 4, Ex. D; Dkt. 1-1 (the Deans' Complaint), ¶ 9 & Ex. 1, ¶ 13 | Dean Decl. ¶ 17, Exhibit 8 (2013 Motion for Summary Judgement Order) pg 3, line 16; BAA no longer relevent |
| 57. | The Settlement Agreement has an integration clause. Among other things, that clause states that the Settlement Agreement "states the entire agreement among the parties," that it "supersedes the [parties'] prior agreements, negotiations or understandings," and that the Deans "acknowledge[d] and agree[d] that no other party, nor agent, nor attorney of any of the parties made any promise, representation or warranty, express or implied, not set forth in this Agreement." Burke Decl. ¶ 4, Ex. D; Dkt. 1-1 (the Deans' Complaint), ¶ 9, Ex. 1 ¶ 18 | Undisputed |
| 58. | KFHP and KFH sued the Deans in 2012 because they retained the patients' medical records. | Undisputed |

-21-

STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN DISPUTE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

d

| | Movings Party's Alleged Uncontroverted **Facts** | Response |
|---|---|---|
| | Burke Decl. ¶ 5, Ex. E; Dkt. 1-1 (the Deans' Complaint), ¶ 13 | |
| 59. | The court granted summary judgment because the Settlement Agreement "resolved all the outstanding issues" between the parties, including the retention claims. Burke Decl. ¶ 5, Ex. E | Undisputed/Disputed Dean Decl. ¶ 18, Exhibit 9 (2013 Motion for Summary Judgement Transcript) pg. 8, Line 23 – pg. 9, Line 20. Settlement Agreement resolved more than the outstanding issues.. |
| 60. | The order also does not give the Deans the right to sell patients' information.  To the contrary, the order specifically notes that the Deans had agreed under the Settlement Agreement to "'take appropriate steps to preserve all confidential information in the medical records handled by Dean … as required by … the parties['] Business Associates Agreement.'" Burke Decl. ¶ 5, Ex. E | Disputed Dean Decl. ¶ 17, Exhibit 8 (2013 Motion for Summary Judgement Order) pg 3, line 16; BAA no longer relevant. |
| 61. | At the hearing where Kaiser agreed to dismiss the case, the Deans specifically represented to the state court that they did "not have any patient information belonging to any Kaiser patient at all," and if they found any electronic | Undisputed/Disputed Dean Decl, ¶ 14-¶ 16, Exhibit 5 (Albee Declaration); Dean Decl, ¶ 16, Exhibit 7 (2013 Deposition of Stephan |

-22-

STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN DISPUTE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

d

| | Movings Party's Alleged Uncontroverted Facts | Response |
|---|---|---|
| | records with patient information they would "destroy it, delete it." Burke Decl. ¶ 6, Ex. F | Dean) pg. 90, lines 14-20; pg. 107, lines 13-16; pg. 141, lines 16-23 |
| 62. | On or around August 24, 2021, the Deans registered the domain name <kphealthconnectusa.com>, which incorporates in full one of the registered KFHP Marks – KP HEALTHCONNECT – and operated a website thereon advertising the sale of medical records of Kaiser Permanente's members and patients. The website prominently used certain of the KFHP Marks. Dkt. 22 (KFHP's Counterclaims), ¶ 19; Dkt. 26 (the Deans' Answer), ¶ 19 | Undisputed/Disputed Nowhere on Deans website kphealthconnectusa.com, does Dean advertise the sale of medical records of Kaiser Permanente's member and patients. |
| 63. | The website on <kphealthconnectusa.com> advertised "access to thousands of current and past Kaiser Permanente members and patients." Dkt. 22 (KFHP's Counterclaims), ¶ 20, Ex. D; Dkt. 26 (the Deans' Answer), ¶ 20 | Undisputed |
| 64. | The website on <kphealthconnectusa.com> stated: "We can provide you with lists that contain": "Patients' name"; "Medical record number"; "Date of birth"; and "Date of when the patient was admitted into a specific facility." Dkt. 22 (KFHP's Counterclaims), ¶ 20, Ex. D; Dkt. 26 (the Deans' Answer), ¶ 20 | Undisputed |

-23-

d

| | Movings Party's Alleged Uncontroverted Facts | Response |
|---|---|---|
| 65. | The website on <kphealthconnectusa.com> stated: "[o]ur company can provide a great deal of information for attorneys, doctors, pharmaceutical companies and insurance brokers by providing access to this exclusive Kaiser Permanente market." Dkt. 22 (KFHP's Counterclaims), ¶ 20, Ex. D; Dkt. 26 (the Deans' Answer), ¶ 20 | Undisputed |
| 66. | The website on <kphealthconnectusa.com> listed Kaiser's phone number and genuine website domain name to "opt out." Dkt. 22 (KFHP's Counterclaims), ¶ 20, Ex. D; Dkt. 26 (the Deans' Answer), ¶ 20 | Undisputed |
| 67. | The Deans sought $1,000,000 or more from KFHP for a sale of the Deans' "computers" and "business," telling KFHP that "[t]he six-figure ship left port several years ago." Burke Decl. ¶ 7; Exs. H, I | Undisputed |
| 68. | The Deans launched a website on the domain name <patientlists.org> with the same content as that included on <kphealthconnectusa.com>. Dkt. 22 (KFHP's Counterclaims), ¶ 24; Dkt. 26 (the Deans' Answer), ¶ 24 | Undisputed |
| 69. | The website on <patientslist.org> advertised access to KFHP's patient names, medical record | Undisputed/Disputed Dkt. 22 (KFHP's Counterclaims), ¶ 24 |

-24-

STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN DISPUTE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

d

| | Movings Party's Alleged Uncontroverted Facts | Response |
|---|---|---|
| | numbers, birth dates, and treatment dates and locations.<br>Dkt. 22 (KFHP's Counterclaims), ¶ 24; Dkt. 26 (the Deans' Answer), ¶ 24 | The website on <patientslist.org> does not advertise access to treatment dates |
| 70. | The website on <patientslist.org>'s footer directed consumers to "contact Kaiser Permanente member services at (800)-464-4000 or visit KP.org" if they wish to opt out of the sale.<br>Dkt. 22 (KFHP's Counterclaims), ¶ 24; Dkt. 26 (the Deans' Answer), ¶ 24 | Undisputed |
| 71. | On February 16, 2022, the Deans' counsel explicitly threatened to sell patient information, stating the Deans "have a customer who will purchase information of 100 West LA Kaiser patients on an ongoing basis."<br>Burns Decl. ¶ 2, Ex. N | Disputed<br>Burns Decl. ¶ 2, Ex. N<br>Deans counsel never explicitly threatened to sell patient information. |
| 72. | The Deans assert that the "personal identification information" they intend to sell is not subject to HIPAA, but they do not explain this assertion.<br>Dkt. 1-1 (the Dean's Compl), ¶ 7 | Undisputed/Disputed<br>Dkt. 1-1 (the Dean's Compl), ¶ 7<br>The Deans have never threatened to sell patient information without their written authorization. Therefore it is not a violation of HIPAA. A |

-25-

STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN DISPUTE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

d

| | Movings Party's Alleged Uncontroverted Facts | Response |
|---|---|---|
| | | person's name and that they were admitted into a medical facility is not considered protected information under HIPAA. |
| 73. | If the Deans are permitted to offer to sell or disclose patients' information, KFHP is likely to suffer reputational damage and loss of goodwill, because it will give the false impression that KFHP has authorized the use.<br><br>Burke Dec., ¶ 11 | Disputed<br>Dean Decl. ¶ 6, Exhibit 1 (March 2011 Settlement Agreement) ¶ 13; Dean is not restricted from using patient information |
| 74. | KFHP and KFH incurred legal fees moving to dismiss and to strike the Deans' lawsuit, which was based in part on their incorrect premise that they had the right to sell Kaiser's patients' medical information.  KFHP also incurred legal fees in pursuing the UDRP action.  And KFHP incurred legal fees moving for a preliminary injunction meant to stop the Deans from their proposed use of the patients' medical information.<br><br>Burns Dec., ¶ 3; Dkt. 31, 33, 34 | Undisputed |
| 75. | After granting KFHP and KFH's motion to strike, the Court ordered the Deans to pay | Undisputed |

Case No. 5:22-cv-00278-MCS-KK

STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN DISPUTE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

d

| | Movings Party's Alleged Uncontroverted Facts | Response |
|---|---|---|
| | $50,804.89 in attorneys' fees incurred by KFHP and KFH in connection with the motion. Dkts. 31, 33, 34 | |
| 76. | The Deans have not paid the attorneys' fees that the Court ordered them to pay, and now assert that they are "financially unable" to pay the Court's attorneys' fee award order or "any substantial portion of it." Dkt. 50 at 3, 8 | Undisputed |

## CONCLUSIONS OF LAW

The Court has jurisdiction over this action pursuant to 28 U.S.C.§1331, 1138(a) and (b), and 1367, and 15 U.S.C. §1121.

As a matter of law KFHP is not entitled to permanent injunction relief sought in any of its counterclaims and their counterclaims should be denied and dismissed with prejudice.  Alternatively, there is a triable issue of fact and their motion should be denied.

Respectfully Submitted,

July 11, 2022                    _____

Stephan Dean

_____

Liza Dean

Plaintiffs and Counterdefendants in pro per

-27-

Case No. 5:22-cv-00278-MCS-KK

d