Stephan Dean
Liza Dean
37 187 Bankside Dr Apt 2
Cathedral City, CA 92234
(323) 314 9692
Email: surefile@msn.com

Plaintiffs and Counter defendants in pro pre

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN DEAN AND LIZA DEAN INDIVIDUALLY AND DBA SUREFILE FILING SYSTEMS,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS; DOES 1-50 INCLUSIVE<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No: 5:22-CV-00278-MCS-KK<br><br>**AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION OF COUNTERCLAIMANTS FOR SUMMARY JUDGMENT**<br><br>Date:       August 1, 2022<br>Time:      9:00 AM<br>Courtroom: 7C |

**1. Introduction**

The counterclaim is, as a matter of law, barred by several defenses, including claim preclusion, issue preclusion, the statute of limitations, and, as to the request for injunctive relief, laches. If we reach the substantive claims, they are barred by the release Counterclaimants ("Kaiser") signed in 2011. In addition, apart from the defenses, the key document, the 2011 settlement agreement, does not bar the

Counterdefendants' ("the Deans") right to use the Kaiser name along with the non-PHI (personal health information) of Kaiser members in 2010.

There are a plethora of disputed material facts, mostly because Kaiser does not really understand what is "material." However, the existence of multiple disputed issues of material fact, which alone would require denial of this motion, is not the only reason the motion should be denied. The Deans are, based upon the actual material facts, entitled to prevail as a matter of law.

Putting aside the defenses, Kaiser's contention that the parol evidence rule, and the 2011 settlement agreement bar the Deans' claim is misguided; in fact, that argument applies to and bars Kaiser's claim that the settlement agreement prohibits the use of the Kaiser trademark (its name) or the non-PHI information.

## 2. The Material Facts

The material facts come from the Separate Statement of Disputed and Undisputed Facts ("SDUMF") filed concurrently. Facts that are not material but are cited as background or to assist the Court in analyzing the material facts come from the Declaration of Stephan Dean ("Dean Declaration") or in some instances from the pleadings or briefs filed by Kaiser.

It is undisputed that the Deans entered into contracts both verbal and written with Kaiser more than a decade ago, that allowed Dean to handle PHI for the purpose scanning and storage (SDUMF #8). After Kaiser turned over to the Deans information on thousands of its members, the parties' relationship soured (SDUMF #10). In March 2011, Dean and Kaiser signed a settlement and release (SDUMF #11). The release applies to the claims of both Dean and Kaiser. The agreement by design was, on its face, intended to preclude the parties from asserting against each other any claims that they had or could arise based upon the matters being released.

The release in the settlement agreement was unambiguous; subject to the two exceptions set out below, the parties agreed to release all claims against each other both past, present, and future, known or unknown, and waived California Civil Code § 1542. The agreement preserved two rights of the Deans:

- The Deans retained the right to use information about Kaiser members that had been transmitted to them by Kaiser but were not permitted to transfer any personal health information ("PHI") as defined in HIPAA, the federal law governing medical privacy, of the members if it violated HIPAA or any other law. There was no restriction on the use by Dean of the information regarding Kaiser members that was not PHI.
- The Deans retained the right to use the Kaiser name, even though it was trademarked, in their own business without Kaisers written authorization.[1]

How specifically this was done is discussed at length in the Dean Declaration at paragraphs 7, 8, 9 and 10.

The parties Business Associate Agreement ("BAA") was terminated and superseded by the settlement agreement of March 24, 2011(SDUMF #9).

On March 8, 2011, Ms. Burke emailed Tom Stefanelli, the Deans' attorney, in which she confirmed the two options the Deans had presented to Kaiser regarding the use of the Kaiser trademark and name for marketing purposes without being restricted:

- For a payment of $110,000, the Deans would retain the right to use the Kaiser name, trademarks, and patient information (subject to any limitations of HIPAA or the California Medical Information Act ("CMIA")

---

[1] This right actually extended to all Kaiser trademarks, but since Dean has no intention of using any Kaiser trademark other than simply the name "Kaiser" (or "Kaiser Permanente"), any claim by Kaiser of infringement of those other trademarks is moot and will not be addressed in this brief.

- 3 -
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION BY COUNTERCLAIMANTS FOR SUMMARY JUDGMENT

- For a payment of $200,000, the Deans would agree never to use the Kaiser name or trademarks or patient information (and would have physically delivered their computers to Kaiser for forensic clearance)

Kaiser chose the option for $110,000, which eliminated any restriction barring Deans from use of the Kaiser name and trademark. As a result, since March 24, 2011, the Deans have had the right to use the Kaiser name and Trademark without Kaisers written permission (Dean Decl. ¶9, Exhibit 2).

On September 12, 2012, Kaiser offered to pay the Deans to release their two surviving rights and asked the Deans to sign a new release to supersede the March 24, 2011, agreement (Dean Decl.¶ 12). The Deans did not agree to release the rights they had retained and declined to sign the proposed agreement.

On October 12, 2012, Kaiser filed a lawsuit against the Deans (Dean Decl. ¶ 13) seeking among other things injunctive relief regarding the PHI the Deans were retaining as allowed per the terms of the March 2011 agreement. The Deans filed a motion for summary judgement seeking to enforce the release in the March 2011 agreement. After extensive argument, the Deans' motion was granted. (Dean Declaration paragraphs 17-18). Kaiser requested leave to amend their complaint or could have appealed, but instead dismissed the entire issue with prejudice, making the judgment final. The March 24, 2011, agreement precludes Kaiser from asserting any claims against the Deans it asserts in this counterclaim.

**3. The Portion of the Counterclaim Dealing with the PHI and alleged HIPAA violations is Barred by Claim and Issue Preclusion**

Claim preclusion (res judicata) is the principle that a cause of action such as Kaisers counter claim dealing with the PHI and alleged HIPAA violations may not be relitigated once it has been judged on the merits. "Finality" is the term which

refers to when a court renders a final judgment on the merits. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993)."

As in the case *Palomar Mobilehome Park v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993) ("Palomar argues that its claim cannot be barred because it was not afforded a full and fair opportunity to litigate its federal claims.") *Palomar Mobilehome Park v. City of San Marcos*, 989 F.2d 362, 365 (9th Cir. 1993) ("Moreover, nothing in the record before us suggests that we should question the district court's conclusion that Palomar fully litigated its federal constitutional claims in the state court." Kaiser is attempting to relitigate a claim in federal court that has already been fully adjudicated in a state court and dismissed with prejudice at Kaisers request, a final judgment. In July 2013, Kaiser was given the opportunity to amend their complaint regarding the same PHI claim and alleged HIPAA violations they are now claiming (Dean Decl. ¶ 18, Exhibit 9, pg. 16 line 24 - pg 17 line 9). Kaiser elected not to amend its complaint and the action was dismissed with prejudice.

In another case " *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir.1997)). Res judicata applies where there is identify of claims, final judgment on the merits, and identity or privity between the parties. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002); Owens, 244 F.3d at 713." As in the Owens case cited the parties Kaiser and Dean are the same, claims are the same, final judgement was on the merits.

Issue preclusion, as in claim preclusion, is a doctrine that prevents a party, such as Kaiser from relitigating a specific issue that was decided in a prior lawsuit. Three elements must be satisfied in order to apply the doctrine:

- There was a prior lawsuit in which the identical issue was brought before the court.
- The issue was actually litigated in the first judicial proceeding, and the party against whom collateral estoppel is being asserted had a full and fair opportunity to litigate the issue in that proceeding.
- The issue was decided as a necessary part of the court's final judgment in the prior litigation.

In the *Arduini v. Hart*, Case No. 12-15750 (9th Cir. Dec. 17, 2014) the Court ruled "Issue preclusion prevents a moving party, who is in privity with other prior plaintiff's, from suing on the same or ultimately same issue against a defendant who has already prevailed on the issue, despite new legal or factual arguments." As in the Arduini case cited the issues Kaiser is attempting to relitigate are identical dealing with PHI and alleged HIPAA violations. Kaiser is barred by law from pursuing these issues, claim preclusion.

4. **Kaisers Entire Cross Complaint is Barred by the Statute of Limitations, and, as to the request for injunctive relief, laches.**

It is an undisputed material fact that Kaiser has known about the Deans possession of PHI as early as 2008 and at all times after that (SDSMU #8). The most analogous state statute of limitations in this case is California's four-year statute of limitations for breach of contract. *California Code of Civ. Proc. §337*. Kaiser is well beyond the four-year statute. The point at which the clock starts tolling typically is the date of the wrongful act, but occasionally it is from discovery by the plaintiff of the claim.

Kaiser was also aware of potential Lanham act claims as early as September 12, 2012 asking the Deans to release their rights to claims of omissions made by Kaiser. (Dean Decl. ¶12, Exhibit 3). Any attempt by Kaiser to enjoin the Deans from using their trademark or name is barred by Laches. In, *Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd.*, 894 F.3d 1015 (9th Cir. 2018) "the court noted that the most analogous state statute of limitations in this case is California's four-year statute of limitations for trademark infringement actions. See *Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 990 n.2 (9th Cir. 2009). Laches runs "from the time the plaintiff knew or should have known about its potential cause of action." *Tillamook Country Smoker, Inc. v. Tillamook Cty. Creamery Ass'n,* 465 F.3d 1102, 1108 (9th Cir. 2006)."

As in the Pinkett case citing Internet specialists California's four-year statute of limitations for trademark infringement, Kaiser knew about a potential cause of action in 2012, well past any statute of limitations in California. As in the Tillamook case, Kaiser knew of, or should have known, thus they are barred by Latches from seeking injunctive relief. Kaiser's entire cross complaint including any issues regarding PHI, alleged HIPAA violations or Langham act claims is barred Claim preclusion, Issue preclusion and the statute of limitations. Their injunctive relief is barred by laches.

**The Summary Judgment Motion Must be Denied if a Single Material Fact is Disputed as to Kaiser's Claims or the Deans' Defenses**

F.R.Civ.P. 56(a) provides as pertinent here "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION BY COUNTERCLAIMANTS FOR SUMMARY JUDGMENT

The burden is on the moving party to submit admissible evidence that based upon admissible evidence to which there is no dispute, the party is entitled to judgment as a matter of law.  If the opposing party demonstrates by admissible evidence that even a single material fact is in dispute, the motion must be denied.

Summary judgment is inappropriate "[w]here contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004). The evidence is viewed in the light most favorable to the non-movant—in this case [the Deans Declaration paragraph 17]. See id. [The Deans Declaration paragraph 18] only burden was to offer more than a "mere scintilla" of evidence that a factual dispute remains for trial. *Int'l Church of the Foursquare Gospel v. City of San Leandro,* 673 F.3d 1059, 1068 (9th Cir. 2011).

As to the Deans' affirmative defenses (claim and issue preclusion, statute of limitations, Laches), they have the burden of producing admissible evidence sufficient support a judgment in their favor on those issues. If they do, whether those material facts are disputed is irrelevant.

In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), the Supreme Court cautioned that ""Neither do we suggest that the trial courts should act other than with caution in granting summary judgment or that the trial court may not deny summary judgment in a case in which there is reason to believe that the better course would be to proceed to a full trial."" Despite the somewhat confusing double negatives, the meaning is apparent – any doubt should be resolved in favor of denial of the motion.

**5. Conclusion**

The courts uncontested ruling on the Deans Summary Judgement motion in 2013 Bars Kaisers entire cross complaint (Deans Decl. ¶ 18, Exhibit 10)  The

- 8 -
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION BY COUNTERCLAIMANTS FOR SUMMARY JUDGMENT

uncontested ruling stated that the Settlement agreement on its face is not confined to claims of non- payment made by Plaintiffs (Kaiser.) Kaiser did not Appeal the courts ruling or amend their complaint to expand the issues, but instead dismissed their entire complaint with prejudice.  This material fact bars Kaisers entire cross complaint. (Claim Preclusion) (Issue Preclusion) The current claims by Kaiser are subsumed by the Settlement agreement.

There is no doubt that Kaiser was aware of the Deans two surviving rights. Kaiser offered in September 2012 prior to their lawsuit consideration for the Deans to release those rights they still retained. The material facts are clear Kaiser was aware and didn't amend their complaint or appeal the courts ruling, instead they agreed that the Settlement agreement precludes either party from successfully asserting claims (All Claims) against each other.

As stated above Kaiser released these claims in the Settlement agreement and any future claims were dismissed with prejudice by Kaiser at the Mandatory Settlement Conference in 2013. The current cross complaint regarding patient information is barred by claim and issue preclusion as well as any trademark claims.  Kaiser never amended their complaint or appealed the court's ruling; the Settlement Agreement precludes either party from asserting claims against each other.  The material facts are that Kaisers claims now are precluded by claim and issue preclusion as well as the Settlement Agreement.

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION BY COUNTERCLAIMANTS FOR SUMMARY JUDGMENT

For the reasons stated above, this Court should deny the Motion for Summary Judgment.

Dated: July 12, 2022

By: _____
Stephan Dean

_____
Liza Dean

Plaintiffs in Pro Per

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION BY COUNTERCLAIMANTS FOR SUMMARY JUDGMENT