SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
JILL M. PIETRINI, Cal. Bar No. 138335
PAUL BOST, Cal. Bar No. 261531
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
Telephone:  310.228.3700 / Facsimile:  310.228.3701
Email:  JPietrini@sheppardmullin.com
         PBost@sheppardmullin.com

JOHN F. BURNS, Cal. Bar No. 290523
501 West Broadway, 19th Floor
San Diego, CA 92101
Telephone:  619.338.6588 / Facsimile:  619.515.4182
Email:  JBurns@sheppardmullin.com

Attorneys for Defendant and Counterclaimant
Kaiser Foundation Health Plan, Inc. and Defendant
Kaiser Foundation Hospitals

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| STEPHAN DEAN and LIZA DEAN, Individually and DBA SUREFILE FILING SYSTEMS,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and Does 1-50 Inclusive,<br><br>Defendants.<br><br>AND COUNTER-CLAIMS. | Case No. 5:22-cv-00278-MCS-KK<br><br>**REPLY IN SUPPORT OF DEFENDANT KAISER FOUNDATION HEALTH PLAN, INC. AND KAISER FOUNDATION HOSPITALS' MOTION TO:  (1) ENFORCE STIPULATION ON ATTORNEY'S FEES [ECF NO. 33] AND ORDER AWARDING ATTORNEY'S FEES [ECF NO. 34]; (2) HOLD PLAINTIFFS AND COUNTER-DEFENDANTS IN CONTEMPT OF ORDER AWARDING ATTORNEY'S FEES; AND (3) AWARD COSTS AND FEES AND OTHER SANCTIONS**<br><br>Hearing:<br>Judge:      Hon. Mark C. Scarsi<br>Date:        April 10, 2023<br>Time:       9:00 a.m.<br>Courtroom: 7C |

## I. INTRODUCTION

The Deans' untimely opposition[1] to Kaiser's motion to enforce the Court's $50,804.89 attorney's fees award only confirms that the Deans have no regard for their legal obligations or the rule of law. The Deans simply *ignore* authorities establishing the consequences of their failure to pay the Court's attorney fee award and *ignore* the authorities setting forth what the Deans must do if they claim they are unable to pay the award. The Deans recite their "inability to pay as a practical reason" (Opp'n [Dkt. No. 94] at 2), but they provide no corroborating evidence, much less the documents required by *Sparrow LLC v. Lora*, CV-14-1188, 2015 WL 12778337, at *2, 4 (C.D. Cal. Apr. 6, 2015). (Dkt. 85-1 at 12–14.)

Instead, the Deans renew arguments that the Court has repeatedly rejected. First, the Deans argue that the 2011 Settlement Agreement authorized the Deans to use Kaiser's trademarks because it did not specifically preclude them from doing so. As a result, the Deans contend, the Court's order on Kaiser's motion to strike is wrong. Second, the Deans argue that the release in the 2011 Settlement Agreement means that Kaiser can *never* seek money from the Deans ever again, even for obligations that arise over a decade later, like the fee award issued by the Court in this case. Both theories fail now for the same reason they failed when the Deans raised them in opposition to Kaiser's motions to dismiss and to strike, motion for a preliminary injunction, summary judgment motion, and motion to compel.

The Deans' opposition entirely disregards the Court's orders and only further reinforces why the Court should grant Kaiser's motion and enter appropriate sanctions, including a finding of contempt and/or striking the Deans' Answer to Kaiser's Counterclaims. Without meaningful consequences, the Deans will continue to ignore their legal responsibilities and the orders of this Court.

---

[1] Per Paragraph 9.b. of the Initial Standing Order, the Deans' opposition was due 14 days after the filing of the motion, i.e., March 15, 2023.

## II. ARGUMENT

### A. The Deans' Authorization-by-Silence Theory Fails.

The Deans repeat their meritless argument that they need not pay the Court's fee award because "Kaiser cannot contend that Trademarks were not part of the Bi-Lateral settlement and release." (Opp'n [Dkt. No. 94] at 3.) Notably, the Deans continue to fail to reference any affirmative language in the 2011 Settlement Agreement supporting their position. They instead argue that they obtained the right to use Kaiser's trademarks because the trademarks were part of the discussions that led to the 2011 Settlement Agreement, and the 2011 Settlement Agreement does not specifically prohibit the Deans from using them. The Deans maintain that the Court's ruling on Kaiser's motion to strike is wrong and as a result they have no obligation to pay the ensuing fee award.

The Deans' authorization-by-silence argument is not new; they have repeatedly raised it in this case. (Dkt. No. 19 at 10; Dkt. No. 20 at 11; Dkt. No. 30 at 4; Dkt. No. 71-1 at 3.) The Court has rejected it each time. (Dkt. No. 31 at 8; Dkt. No. 37 at 2; Dkt. No. 81 at 6–10.) Most recently, in its order on Kaiser's motion for summary judgment, the Court explained that "where a party has no right to engage in a course of conduct, a written contract's failure to disclaim the party's authority to engage in that conduct is not a concession (by omission or otherwise) that such conduct is authorized." (Dkt. No. 81 at 9.) In fact, the Court explained that adopting the Deans' theory "would undermine the entire body of contract and intellectual property licensing law." *Id.* at 10. Consequently, the Court held that the Deans cannot show that Kaiser agreed to grant the Deans an affirmative license to use its trademarks. *Id.* at 9.

The Deans' authorization-by-silence argument fails again for the same reasons it has failed every other instance the Deans have raised it, and does not excuse the Deans from their obligations under the Court's fee award.

### B. The Release Does Not Relieve the Deans of their Obligation to Pay the Fee Award.

The Deans also again argue that "the settlement agreement precludes either party from collecting additional money for any reason whatsoever for all times prior to and after the effective date." (Opp'n [Dkt. No. 94] at 3.) As with their authorization-by-silence theory, the Deans have raised this same release theory in response to virtually every motion Kaiser has filed. (Dkt. No. 19 at 14; Dkt. No. 20 at 9–10; Dkt; No. 30 at 4–5; Dkt. No. 71 at 2–3, 8.) The Deans even raised it in opposing Kaiser's motion to compel discovery, contending that they did not need to participate in discovery because the release precluded Kaiser from bringing this case. (Dkt. No. 93 at 2–3.) Each time the Deans have raised their release argument, the Court has rejected it. *See, e.g.*, Dkt. No. 81 at 18 (explaining the Deans' conduct post-dating the 2011 Settlement Agreement constituted a breach of the agreement). On March 14, 2023, Magistrate Judge Kato observed that the Deans' release argument is "meritless." (Dkt. No. 93 at 5.) The Court's rejection of the Deans' release theory accords with settled law in California. *See Nelson v. Equifax*, 522 F. Supp. 2d 1222, 1231 (C.D. Cal. 2007) ("[A] release does not apply to claims arising from subsequent conduct occurring after the execution of a release.").

The same is true here. The conduct that led to the Court's fee award was the Deans' filing of a complaint in 2022 that violated anti-SLAPP law. The release in the 2011 Settlement Agreement did not allow the Deans to violate anti-SLAPP law in perpetuity without consequences.

### III. CONCLUSION

The Deans' brazen disregard of their legal obligations and this Court's orders show why the requested relief is necessary. The Deans are bound by HIPAA and the 2011 Settlement Agreement to destroy all patient health information in their possession and to refrain from taking any action that could release the information. But the Deans have no regard for their legal obligations under HIPAA and the 2011

Settlement Agreement. The Deans promised a state court judge under penalty of perjury that they did not have any patient health data, and if they ever found any, they would delete it. But the Deans have no regard for the promises they made to the state court under penalty of perjury. The Court ordered the Deans to pay Kaiser $50,804.89 for the attorney's fees Kaiser incurred defending against their frivolous litigation strategy. But the Deans have no regard for the Court's fee order or the Court's many orders rejecting their authorization-by-silence and release theories that they again raise to avoid the fee award.

The Deans have been given chance after chance to provide the materials they are required to produce if they claim they cannot pay, but they refuse to do so. The Deans think that they can ignore the law and there will be no consequences. They are wrong. The Court should grant Kaiser's motion, and enter appropriate sanctions, including a finding of contempt and/or striking the Deans' Answer to Kaiser's Counterclaims.

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Dated: March 27, 2023

By /s/ John Burns
Jill Pietrini
Paul Bost
John Burns
Attorneys for Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals

**L.R. 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals, certifies that this brief contains 1,196 words, which complies with the word limit of L.R. 11-6.1.

Dated: March 27, 2023

By /s/ *John Burns*
Jill Pietrini
Paul Bost
John Burns
Attorneys for Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals