**NOTE CHANGES MADE BY THE COURT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN DEAN and LIZA DEAN, Individually and DBA SUREFILE FILING SYSTEMS,<br><br>    Plaintiffs,<br><br>    v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and Does 1-50 Inclusive,<br><br>    Defendants. | Case No. 5:22-cv-00278-MCS-KK<br><br>**JUDGMENT** |
| AND RELATED COUNTERCLAIMS. | |

After consideration of counterclaimant Kaiser Foundation Health Plan, Inc.'s ("Kaiser") motion for summary judgment against counterclaim defendants Stephan Dean and Liza Dean, dba SureFile Filing Systems (collectively, "Counterclaim Defendants"), all other papers filed herein, the records of the case, hearing on the motion, and good cause appearing, the Court hereby **GRANTS** Kaiser's motion in significant part.

The Court **ORDERS, ADJUDGES, AND DECREES** the following:

Counterclaim Defendants and each of them, and, as applicable, their officers,

agents, servants, directors, employees, servants, partners, representatives, assigns, successors, related companies, and attorneys, and all persons in active concert or participation with Counterclaim Defendants or with any of the foregoing, are enjoined from:

    a.    Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods or services under the KAISER, KAISER PERMANENTE, KP, KP HEALTHCONNECT, and the Happy Family Logo trademarks (collectively, the "Kaiser Marks");

    b.    Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods or services under any other mark, name, symbol, or logo, which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any goods or services that Counterclaim Defendants caused to enter the stream of commerce or any of Counterclaim Defendants' commercial activities are sponsored or licensed by Kaiser, are authorized by Kaiser, or are connected or affiliated in some way with Kaiser or the Kaiser Marks;

    c.    Implying Kaiser's approval, endorsement, or sponsorship of, or affiliation or connection with, Counterclaim Defendants' goods, services, or commercial activities, passing off Counterclaim Defendants' business as that of Kaiser's;

    d.    Representing or implying that Counterclaim Defendants are in any way sponsored by, affiliated with, or licensed by Kaiser;

    e.    Selling, disclosing, offering the sale or disclosure to any third party, or causing the sale or disclosure to any third party of any patient information associated with Kaiser; and

    f.    Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs (a) to (e) above.

1    ~~2.    An order requiring Counter-Defendants' specific performance of the~~
2    ~~2011 settlement agreement is appropriate.  Pursuant to the 2011 settlement~~
3    ~~agreement, Counter-Defendants and each of them, and, as applicable, their officers,~~
4    ~~agents, servants, directors, employees, servants, partners, representatives, assigns,~~
5    ~~successors, related companies, and attorneys, and all persons in active concert or~~
6    ~~participation with Counter-Defendants or with any of the foregoing, are ORDERED~~
7    ~~that they cannot sell, disclose, offer for sale, offer for disclosure, or otherwise use~~
8    ~~any patient information associated with Kaiser~~.

Notwithstanding Kaiser's right, Kaiser no longer seeks monetary remedies on any of its counterclaims.[1]  Thus, based on this order, entry of final judgment on the counterclaims in this matter is proper.

**Pursuant to the Court's Order Re: Motion to Dismiss and Motion to Strike (ECF No. 31), the Complaint of Plaintiffs Stephan Dean and Liza Dean, individually and dba SureFile Filing Systems, is dismissed with prejudice and without leave to amend as against Defendants Kaiser Foundation Health Plan, Inc., and Kaiser Foundation Hospitals.**

**IT IS SO ORDERED.**

Dated: May 31, 2023

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that nothing in this judgment shall prevent Kaiser from seeking relief in judgment enforcement proceedings or from continued efforts to collect attorney's fees.