UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN DEAN et al.,<br><br>          Plaintiffs,<br><br>    v.<br><br>KAISER FOUNDATION HEALTH PLAN et al.,<br><br>          Defendants. | Case No. 5:22-cv-00278-MCS-KK<br><br>**ORDER RE: MOTION AND AFFIDAVIT FOR LEAVE TO APPEAL IN FORMA PAUPERIS (ECF NO. 113)** |

    Plaintiff and Counterclaim Defendant Stephan Dean[1] moves for leave to appeal in forma pauperis. (Mot., ECF No. 113.) Federal Rule of Appellate Procedure 24(a)(1) provides that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." The motion must be accompanied by an affidavit showing the party's inability to pay or to give security for fees and costs, claiming an entitlement to redress, and stating the issues that the party intends to present

---

[1] "Stephan Dean, et al." brings the motion, which presents information about the finances of Mr. Dean's wife and co-party, Liza Dean, but only Mr. Dean signed the motion. The Court assumes that Mrs. Dean is not prosecuting this motion or appeal. (*See* Notice of Appeal, ECF No. 113-1 (referring solely to Mr. Dean).)

on appeal. Fed. R. App. P. 24(a)(1)(A)–(C). A court has no discretion to allow a litigant to appeal in forma pauperis if the litigant has not met the statutory criteria for such status. *See Stanley v. Swope*, 99 F.2d 308, 308–09 (9th Cir. 1938).

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is taken in good faith if it seeks review of any issue that is non-frivolous. *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). An issue is frivolous if it has "no arguable basis in fact or law." *O'Laughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (internal quotation marks omitted). As described by Mr. Dean, the issues to be prosecuted on appeal are:

    a.    Under 425.16(C)(1) the court must in making its determination consider the pleadings, and supporting opposing affidavits.

    b.    A second exemption, set forth in the § 425.17(c) applies in this case "commercial speech exemption."

(Mot. 1 (errors preserved).) Construing this liberally, the Court surmises that Mr. Dean finds error in the Court's order granting an anti-SLAPP motion and dismissing his Complaint. (Order, ECF No. 31; *see* Notice of Appeal 1 (identifying the Order as a subject of the proposed appeal).)[2]

As to the first issue, the Court considered the pleadings and supporting and opposing papers in its analysis of the motion. (Order 1 (reciting motion papers reviewed); *see id.* at 4 (citing Mr. Dean's pleading).) Without more information about which papers Mr. Dean asserts the Court ignored, there appears to be no factual or legal merit to Mr. Dean's argument that the Court did not properly consider the record in resolving the motion. As to the second issue, Mr. Dean did not argue in his brief that

---

[2] To the extent Mr. Dean instead intended to appeal a separate order awarding fees in connection with the anti-SLAPP motion, (Order on Stip. Regarding Attorney's Fee Award, ECF No. 34), the Court notes that Mr. Dean himself consented to the entry of that order, (Stip. Regarding Attorney's Fee Award, ECF No. 33).

the commercial speech exception to the anti-SLAPP statute applied, (*see generally* MTS Opp'n, ECF No. 20), so the issue proposed for appeal has been waived, *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) ("Arguments not asserted in the [lower] court are waived and will not be considered for the first time on appeal." (internal quotation marks omitted)).

Because the Court has not found that "at least one issue or claim" Mr. Dean presents for appeal is "non-frivolous," *Hooker*, 302 F.3d at 1092, the Court certifies that the proposed appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3). For similar reasons, the appeal also does not present a substantial question within the meaning of 28 U.S.C. § 753(f). Pursuant to Rule 24(a)(4), the Court directs the Clerk to immediately notify Mr. Dean and the Ninth Circuit Court of Appeals of this Order. The Court advises Mr. Dean that he may seek leave to proceed in forma pauperis on appeal by filing such a motion in the Ninth Circuit Court of Appeals within 30 days of service of this Order. Fed. R. App. P. 24(a)(5). Any such motion "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." *Id.*

**IT IS SO ORDERED.**

Dated: June 23, 2023

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE