UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-01277-MCS-JPR; 5:22-cv-00278-MCS-KK | Date | August 16, 2024 |
| Title | Dean v. Kaiser Found. Health Plan, Inc. | | |

Present: The Honorable **Mark C. Scarsi, United States District Judge**

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) REMAND ORDER (JS-6)**

Plaintiffs Stephan Dean and Liza Dean, individually and doing business as SureFile Filing Systems, initiated this breach of contract action against Defendants Kaiser Foundation Health Plan, Inc., and Kaiser Foundation Hospitals in the Riverside County Superior Court. (Compl., ECF No. 1-2.) Defendants removed the action to this court, invoking federal-question jurisdiction. (Notice of Removal ¶¶ 14–19, ECF No. 1.) The Court ordered Defendants to show cause why the case should not be remanded for lack of jurisdiction and invited "a written response . . . either conceding the Court lacks jurisdiction or adducing additional facts and argument toward federal-question jurisdiction." (OSC 2, ECF No. 23.) Defendants filed a response "agree[ing] to remand of this action, subject to its right to again remove if Plaintiffs take any action making this case removable." (Defs.' OSC Resp., ECF No. 25.) Plaintiffs filed a response that does not address whether the Court has subject-matter jurisdiction over this action. (Pls.' Resp., ECF No. 26.)

Instead, Plaintiffs assert that Defendants' response should be understood as an admission that the Court did not have subject-matter jurisdiction over a different case between the parties that was before this Court, *Dean v. Kaiser Foundation*

*Health Plan, Inc.*, No. 5:22-cv-00278-MCS-kk ("*Dean I*"). (Pls. Resp. 2.) They ask that the prior case "be stricken" on that basis. (*Id.* at 3.) Liberally interpreting Plaintiffs' request as a motion for relief from the judgment in *Dean I*, the motion is denied. A judgment may be set aside as void for lack of jurisdiction. Fed. R. Civ. P. 60(b)(4); *see Dietz v. Bouldin*, 794 F.3d 1093, 1096 (9th Cir. 2015). Additionally, a district court may consider subject-matter jurisdiction issues "on its own initiative, at any stage in the litigation, even after . . . the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). In *Dean I*, the Court reasoned that it had original federal-question jurisdiction over Plaintiffs' claim for declaratory relief, which arose under federal cybersquatting and trademark law. Order Re: Mot. to Dismiss & Mot. to Strike 3, *Dean I* (C.D. Cal. Mar. 29, 2022), ECF No. 31. The Court stands by that analysis. Because the Court had an "arguable basis for jurisdiction," relief under Rule 60(b)(4) is not warranted. *U.S. Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (internal quotation marks omitted).[1]

      The Court interprets the parties' responses as their concession that the Court lacks jurisdiction over this case (but not *Dean I*). On that basis, the Court determines it lacks jurisdiction, so remand is appropriate. 28 U.S.C. § 1447(c). Accordingly, the Court remands the case to the Riverside County Superior Court, Case No. CVPS2402884. The Court directs the Clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**

---

[1] Given that this Order pertains in part to relief sought in *Dean I*, the Court orders the Clerk to cross-file the Deans' response to the order to show cause (ECF No. 26) and this Order in *Dean I*.