Stephan C. Dean and Liza Dean
37187 Bankside Drive #2
Cathedral City, CA  92234
323-314-9692
Surefile@msn.com

In Pro Per

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN DEAN and LIZA DEAN, Individually and DBA SUREFILE FILING SYSTEMS,<br><br>    Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and Does 1-50 Inclusive,<br><br>    Defendants. | Case No.: 5:22-cv-00278-MCS<br>Honorable Mark C Scarsi<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF Plaintiffs Stephan C Dean and Liza D Dean DBA Surefile Filing Systems Motion for Relief under FRCP 60 (B) (1)- (6)<br>[Filed concurrently with Defendants' Notice of Motion; Request for Judicial Notice; Declaration of Thomas Stefanelli Declaration of Stephan C Dean and Liza D Dean DBA Surefile filing Systems<br><br>Hearing:<br>Date: Monday November 18, 2024<br>Time: 9:00 a.m.<br>Courtroom: 7C |

Introduction

1.  This motion is being made pursuant to FRCP 60 (B) because plaintiff (Kaiser) pulled a fast one on this court by filing a cross complaint in case (No. 5:22-cv-00278-MCS-KKx) all the supporting documents in this filing were made subject to judicial notice by the plaintiff Kaiser.  In 2013 plaintiff to

1

avoid having to present parole evidence which would have proven they had bargained away trademark licensing requirements to the Deans as consideration decided to cut and run see (Declaration of Thomas Stefanelli). With full knowledge Kaiser decided not to pursue a breach of the settlement agreement in state court or expand the issues regarding the settlement agreement or the subject agreements and dismissed the entire matter with prejudice. Plaintiffs are also barred by the Rooker / Feldman doctrine. The facts and evidence and law prove that the plaintiff in this case dismissed the breach of contract claim (settlement agreement), and any outstanding issues related to the 2011 settlement agreement on September 13, 2013 with prejudice. Case 5:22-cv-00278-MCS-kk Document 53-2 Filed 06/10/22 Page 48 of 85.page

ID #:1114

"THE COURT: All right. Is there a motion on behalf of

the plaintiff?

MR. FREEMAN: Your Honor, we would move to dismiss the

case with prejudice. And the only thing I would ask is, there

was a bond posted in conjunction with the preliminary

injunction, we would like the bond released.

THE COURT: Yes. Thank you.

The plaintiff's motion is granted. This matter is

dismissed with prejudice. The bond, having previously been

posted, is exonerated. And the preliminary injunction, having

previously been issued in this case, is dissolved."

    2. This makes the state courts uncontested ruling of August 20, 2013, a final judgement on the merits see Case 5:22-cv-00278-MCS-kk Document 53-2 Filed 06/10/22 Page 39 of 85 Page ID #:1105. Dean Declaration (Exhibit 3) Claim and issue preclusion do apply, and this court overlooked three very important points which warrant this rule 60(B) motion be granted and respectfully request that the entire cross complaint be stricken, and injunctions be dissolved in case (No. 5:22-cv-00278-MCS-KKx)

3. On October 12, 2012 Kaiser filed a civil complaint in State of California Riverside County Superior court INC 1207224 for Breach of contract, Claim and delivery, Conversion/Trespass to chattel, Unfair business practices (Business @ prof. code17200).   The complaint asserted the Deans had violated both state and federal laws.  Kaiser decided to have the state exercise subject matter jurisdiction rather than file in federal court and the Deans agreed by not seeking removal even though it involved federal question. Dean Declaration (Exhibit 1)

4.   During the litigation Kaiser did obtain a preliminary injunction regarding use and disclosure of patient information. That injunction was vacated by the court when they dismissed their lawsuit with prejudice in September of 2013.

5.   The Deans filed a motion for summary judgement based on Kaiser conceding that the March 24, 2011 settlement and release resolved not only all issues related to the subject agreements but also **all outstanding issues between the parties**.  Dean Declaration (Exhibit 2)

This matter is here for a motion for summary judgment.
The court issued its tentative ruling yesterday. That was
posted. Mr. Freeman, on behalf of Kaiser, has requested oral
argument.
And, as you can see, I spent a good deal of time
wrestling with these issues, and I must tell you that this was
not an easy call. And a large part of the court's tentative
ruling -- and I underscore that that is only a tentative
ruling -- was based upon the four corners of plaintiffs'
complaint, particularly in -- I believe it was paragraph 16 of
the complaint, in which there were allegations raised
specifically providing that following the execution of the Surefile Transfer Agreement in March of
2011, the defendants and

3

1 plaintiffs negotiated a confidential settlement agreement to
2 resolve all of the outstanding issues between them. And there
3 was an offer at that time for -- from the plaintiffs to make
4 that settlement agreement available to the court, although the
5 court has read and reviewed that settlement agreement in that it
6 was an exhibit to the moving papers.
7 So with that foundation, Mr. Freeman, you are free to
8 make any comments or arguments that you would like.

10   6. At the hearing on the tentative ruling of the court, Kaiser requested leave to amend their complaint based on the courts tentative allowing for amendments. The court however warned Kaiser throughout the hearing it was probably a lesson in futility based on the release in the settlement agreement. The court specifically asked Kaiser about the settlement agreement and if they were going to claim breach of that agreement in their proposed amended complaint.  Kaiser responded it may be with respect to breach of the settlement agreement.   Even though Kaiser was allowed to amend their complaint claiming breach of the settlement agreement they instead dismissed with prejudice making the courts ruling the final judgement, the matter decided on by the merits. The state courts final uncontested ruling not only ruled the settlement agreement resolved all disputes arising out of the subject agreements as this court ruled on, but this court overlooked this material fact **"resolution of all disputes through the settlement agreement" see Case 5:22-cv-00278-MCS-kk Document 53-2 Filed 06/10/22 Page 39** Dean Declaration (Exhibit 3)

   1   MR. FREEMAN:  That is the fallback position.  But as
   2      the court -- the court cited in its tentative the Laabs
   3      decision, at 163 Cal.App.4th 1242.  And at page 1248 of that
   4      decision, the court cites the Kirby versus Albert D. Seeno
   5      Construction Company case, which makes the point and the holding
   6      in -- in the Kirby case is that on a motion for summary

4

```
 7    judgment, if the plaintiff wishes to expand the issues
 8    presented, we may and must at this hearing request leave to
 9    amend.
10    THE COURT:  Okay.
11    MR. FREEMAN:  So I don't want there to be any ambiguity
12    about the fact that we -- if the court stands by its
13    interpretation of the settlement agreement as subsuming the
14    allegations alleged, we seek leave to amend to allege either
15    mistake of fact or concealment of material facts, a fraud claim.
16    THE COURT:  But not leave to amend on an allegation of
17    a breach of the settlement agreement?
18    MR. FREEMAN:  Well, it may be with respect to the
19    settlement agreement, Your Honor.
20    THE COURT:  Okay.
```

   7. The plaintiff was given full opportunity to expand the issues and amend claiming breach of the settlement agreement. The state court judge even asked them if they were going to and agreed to allow them to do so. The state court even took judicial notice of this fact.  The facts and evidence prove Kaiser dismissed with prejudice proving claim and issue preclusion do apply. Plaintiff admitted in 2013**" if the plaintiff wishes to expand the issues presented, we may and must at this hearing request leave to amend."** Plaintiff is precluded from relitigating the 2012 state lawsuit by getting a second chance of amending their complaint to breach of the settlement agreement or expanding the issues over a decade later via a cross complaint or this court serving as the de facto appellate court.  The state courts uncontested final ruling on the settlement agreement is a final ruling on the merits. see Case 5:22-cv-00278-MCS-kk Document 53-2 Filed 06/10/22 Page 39 of 85 Dean Declaration (Exhibit 3)

### The Law

   **8.**   The fact is the plaintiff did not amend to breach of the settlement agreement or expand the issues as they requested to do in 2013. This court has ruled that state preclusion laws apply to this case and

hence this motion before the court should be granted. see Case 5:22-cv-00278-MCS-KK Document 81 Filed 11/22/22 Page 14 of 22 Page ID #:1517

" When claim or issue preclusion is based on a prior state court judgment, federal courts must apply the law of preclusion of the state in which the judgment was entered. Furnace v. Giurbino, 838 F.3d 1019, 1023 (9th Cir. 2016). The previous judgment was entered in California, meaning California preclusion laws apply. (See State Ct. Summ. J. Order.)"

. " Claim preclusion, or res judicata, "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them. Claim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." Cal Sierra Dev., Inc. v. George Reed, Inc., 14 Cal. App. 5th 663, 671 (2017) (cleaned up). Once applied, whether or not it was actually asserted or decided in the first lawsuit." Samara v. Matar, 8 Cal. App. 5th 796, 803 (2017), aff'd, 5 Cal. 5th 322 (2018)."

9. Plaintiff had full opportunity in 2013 to plead breach of the settlement agreement by amending the complaint, but did not do so**, this court overlooked this fact in Dean 1**. Claim preclusion bars the cross complaint filed in this case." **claim preclusion acts as a bar to any cause of action that "could have been brought,"**). **Once applied, whether or not it was actually asserted or decided in the first lawsuit." Samara v. Matar, 8 Cal. App. 5th 796, 803 (2017), aff'd, 5 Cal. 5th 322 (2018)."** Plaintiff made a prudent decision to avoid opening up pandoras box proving they had released trademark licensing requirements to the Deans as consideration (Declaration of Thomas Stefanelli) and decided not to amend to breach of the settlement agreement in 2013. By dismissing with prejudice and not amending to breach of the settlement agreement the states August 20, 2013 ruling is a final judgement on the merits. Providing that the state courts final ruling of August 20, 2013 controls Dean Declaration (Exhibit 3)   Claim preclusion bars the cross complaint in this case.

6

" Issue preclusion, also known as collateral estoppel, "prevents relitigation of previously decided issues, rather than causes of action as a whole." Samara v. Matar, 5 Cal. 5th 322, 327 (2018) (internal quotation marks omitted). "[I]ssue preclusion applies (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 825 (2015). Thus, issue preclusion does not apply with respect to "issues that could have been raised and decided in the prior proceeding but were not." Bridgeford v. Pac. Health Corp., 202 Cal. App. 4th 1034, 1043 (2012)"

10.  The issue presented by plaintiff (Dean) in their motion for summary judgement in state court in 2013 **was about the settlement agreement itself and its effect not the subject agreements, this court overlooked this fact in Dean 1**. The state court interpreted and ruled the **"settlement agreement resolved all the outstanding issues between the parties."** The time to expand the issues related to the settlement agreement or expand the issues relating to the subject agreements and oppose the state courts interpretation of it and its final ruling was in 2013.  Plaintiff could have amended the complaint to breach of the settlement agreement or appealed the final August 20, 2013 ruling in state appellate court. Instead, plaintiff dismissed with prejudice making it a final judgement on the merits." **if the plaintiff wishes to expand the issues presented, we may and must at this hearing request leave to amend."** These options were no longer available in 2022 over a decade later. The plaintiff in this case was aware of this material fact and made a fraudulent representation to this court. This court was not the place to try and relitigate issues that had already been adjudicated to a final judgement back in 2013.  Plaintiff in filing a cross complaint over a decade later claiming breach of the settlement agreement is issue precluded and the Deans only remedy is filing this motion. Claim and Issue preclusion do apply, and the plaintiffs rule 60 motion should be granted.

### Rooker – Feldman Doctrine

**11.** Parties agreed to allow the state court to exercise subject matter jurisdiction over the breach of contract claims even though it involved federal law in the 2012 suit Dean Declaration (Exhibit 1) Plaintiff has attempted to use this court to appeal the state courts final judgement of August 20 2013 Dean Declaration (Exhibit 3) and is barred by the Rooker- Feldman doctrine. See Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003) (holding that Rooker-Feldman is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments).

**12.** This doctrine bars plaintiff from seeking what is a de facto appeal in the cross complaint. This is exactly what plaintiff induced this court to do knowing full well that the state court had made an uncontested final judgement in this case regarding the settlement agreement. The uncontested final ruling from 2013 states the "**settlement agreement**" "**resolved all outstanding issues between them.**" this is stated numerous times in the states ruling and is very relevant and was overlooked by this court. This court ruled Case 5:22-cv-00278-MCS-KK Document 81 Filed 11/22/22 Page 14 of 22 Page ID #:1517 **" The state court held there was no triable issue because the settlement agreement "settled all disputes arising out of the subject agreements." (State Ct. Summ. J. Order 3.) Here, KFHP does not allege a violation of any of the subject agreements, but instead claims the Deans "have breached the parties' settlement agreement" itself. (Answer & Countercls. ¶ 73, ECF No. 22 (emphasis added).) Because no breach** of **the settlement agreement was actually litigated in earlier case, issue preclusion does not bar KFHP's current claim."** Plaintiff is precluded from over a decade later appealing the states final ruling and pleading a breach of the settlement agreement or arguing issues in the cross-complaint. The uncontested final 2013 ruling states the settlement agreement **"resolved all outstanding issues between them."** This is the state courts final ruling and a final judgement and cannot be appealed. Kaiser cannot use this court or any other court to overturn the states ruling from 2013 and plaintiff was aware they were misleading this court. The Rooker / Feldman doctrine bars this court from serving as the appellate court and deciding what "**all outstanding issues**" are and

considering the breach of the settlement agreement action or any issues related to it. Rule 60 (b) allows this court to correct this oversite.

13. Based on the following facts and judicially noticed evidence in support of these facts plaintiff respectfully request that this court grant this motion under rule 60 (b) and strike the entire cross complaint in Dean 1 (No. 5:22-cv-00278-MCS-KKx) and vacate the injunctions.

## CERTIFICATE OF COMPLIANCE

We, Stephan C. Dean and Liza D Dean, in Pro Per, and Plaintiffs of Record, certify that this brief contains 2653 words, which complies with the word limit Local Rule 11-6.1.

Dated: October 4, 2024

Respectfully submitted,

/S/*Stephan C Dean*

Stephan C Dean

/S/ *Liza D Dean*

Liza D Dean