UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 5:22-cv-00278-MCS-kk | Date October 15, 2024 |
| Title *Dean v. Kaiser Found. Health Plan, Inc.* | |

Present: The Honorable **Mark C. Scarsi, United States District Judge**

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: RULE 60(B) MOTION (ECF NO. 128)

The Court entered judgment in this case over a year ago. (Judgment, ECF No. 106.) Plaintiffs and Counterclaim Defendants Stephan Dean and Liza Dean appealed, and the Ninth Circuit Court of Appeals dismissed the appeal as frivolous. (Order, ECF No. 125.) The Court construed a filing by the Deans in a separate case as a motion for relief from the judgment in this case and denied it. (Remand Order 1–2, ECF No. 127.) Undeterred, the Deans filed another motion for relief from the judgment. (Mot., ECF No. 128-1.) The Court deems the motion appropriate for decision without further briefing and without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. The Court denies the motion for a number of independent reasons.

First, to the extent the Deans bring the motion under Rule 60(b)(1)–(3), the motion is untimely, as the Court entered judgment over a year ago. Fed. R. Civ. P. 60(c)(1). Second, to the extent the Deans bring the motion under Rule 60(b)(4)–(6), they fail to present any "exceptional circumstances" for such an "extraordinary remedy." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005) (internal quotation marks omitted); *accord Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

      The Deans raise two substantive arguments in their motion: (1) Counterclaimant Kaiser Foundation Hospitals, Inc.'s counterclaims were barred by claim and issue preclusion, and (2) the Court should have declined jurisdiction over the counterclaims under the *Rooker-Feldman* doctrine. In short, the Deans take the position that a state-court judgment from 2013, which acknowledged that a settlement agreement had "resolved all outstanding issues between" the Deans and Kaiser, immunized the Deans from further legal claims by Kaiser. (Mot. 5–9.) Before judgment, the Court entertained and rejected the Deans' preclusion argument as applied to Kaiser's contract counterclaims, noting that Kaiser did not allege a violation of the agreements that were the subject of the state-court litigation, but instead a violation of the settlement agreement itself. (Order Re: MSJ 14–15, ECF No. 81.) The Deans' theory lacked merit then, and it lacks merit now. Kaiser's counterclaims were based on conduct from 2021 or later. Its suit did not involve a judgment on the same cause of action or an adjudication of an identical issue litigated in the state-court proceeding between the parties from nearly a decade earlier. *See Cal Sierra Dev., Inc. v. George Reed, Inc.*, 14 Cal. App. 5th 663, 671 (2017); *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 825 (2015). Declining jurisdiction under the *Rooker-Feldman* doctrine is inappropriate for a similar reason: the counterclaims did not amount to a de facto appeal of the state-court judgment because they pertained to conduct that was not the subject of the state-court action and, in fact, took place years after the entry of judgment. *See Cooper v. Ramos*, 704 F.3d 772, 778 (9th Cir. 2012). In other words, the Deans' arguments lack merit because the issues litigated in Kaiser's counterclaims concerning conduct in or after 2021 were not outstanding at the time the state-court judgment was entered in 2013.

      The motion is denied.

**IT IS SO ORDERED.**