SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
JILL M. PIETRINI, Cal. Bar No. 138335
PAUL BOST, Cal. Bar No. 261531
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
Telephone: 310.228.3700 / Facsimile: 310.228.3701
Email: JPietrini@sheppard.com
PBost@sheppard.com

JACK BURNS, Cal. Bar No. 290523
501 West Broadway, 19th Floor
San Diego, CA 92101
Telephone: 619.338.6588 / Facsimile: 619.515.4182
Email: JBurns@sheppard.com

Attorneys for Defendant and Counterclaimant
Kaiser Foundation Health Plan, Inc. and Defendant
Kaiser Foundation Hospitals

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

STEPHAN DEAN and LIZA DEAN, Individually and DBA SUREFILE FILING SYSTEMS,

Plaintiffs,

v.

KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and Does 1-50 Inclusive,

Defendants.

AND COUNTER-CLAIMS.

Case No. 5:22-cv-00278-MCS-KK

**KAISER FOUNDATION HEALTH PLAN, INC. AND KAISER FOUNDATION HOSPITALS' OPPOSITION TO PLAINTIFFS' MOTION UNDER FRCP 60(B)(4)**

Hearing:

| | |
|---|---|
| Judge: | Hon. Mark C. Scarsi |
| Date: | August 31, 2026 |
| Time: | 9:00 a.m. |
| Courtroom: | 7C |

# I. INTRODUCTION

Kaiser and the Court should not have to continue to waste time on Plaintiffs' never-ending litigation of this long-closed case. In 2023, after granting Kaiser's motion to dismiss and strike, the Court entered judgment against Plaintiffs on Kaiser's counterclaims and enjoined them from using Kaiser's trademarks and patient data. Plaintiffs appealed and the Ninth Circuit dismissed the appeal as "frivolous." Plaintiffs then brought three lawsuits seeking a redo of this case. As a result, Plaintiffs are now on the California vexatious litigants list and cannot sue in California state court without approval of the presiding judge. Plaintiffs also brought four motions under Rule 60(b) asking the Court to vacate its rulings. The Court denied the first three motions, and should now deny the fourth.

Plaintiffs again argue that because they dismissed three of their causes of action, the Court lacked jurisdiction to proceed on their remaining claim for declaratory relief. The Court already rejected this argument, holding that the dismissal "does not divest the Court of subject-matter jurisdiction, as Plaintiffs contend." As the Court explained, "[t]he Court has jurisdiction to decide a claim for declaratory relief arising under federal law" because "the declaratory relief Plaintiffs seek would require an adjudication of the parties' rights under federal law." The Court has since repeatedly reaffirmed that it "stands by [its] analysis."

Plaintiffs' jurisdictional argument fails now just like it did before. The Court's exercise of jurisdiction was correct as a matter of law. Thus, Plaintiffs cannot come close to overcoming Rule 60(b)(4)'s highly deferential "arguable basis" standard. The Court should not permit Plaintiffs to raise the same arguments over-and-over, futilely hoping for a different result. The Court should deny Plaintiffs' motion and declare Plaintiffs vexatious litigants under Local Rule 83-8.2.

# II. BACKGROUND

This case has a long and increasingly repetitive history, which is the subject of countless orders against Plaintiffs. Kaiser repeats it here only as necessary.

This case arose after Plaintiffs registered the domain name <kphealthconnectusa.com>, which includes a registered trademark of Kaiser, and launched a website that displayed Kaiser's logos and offered to sell Kaiser's patients' private medical records. *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:22-CV-00278, 2023 WL 8261408, at *2 (C.D. Cal. May 31, 2023). After Kaiser successfully challenged the domain name for violating federal cybersquatting and trademark law, Plaintiffs launched an identical website using the domain name <patientslist.org> and sued Kaiser in state court for breach of contract, interference with prospective economic advantage, injunctive relief, and declaratory relief. *Id.*; *Dean v. Kaiser Found. Health Plan, Inc.*, 562 F. Supp. 3d 928, 932 (C.D. Cal. 2022). Plaintiffs' declaratory relief claim sought a declaration that Plaintiffs have the right to use Kaiser's trademarks. (Dkt. 1-1 ¶ 34.)

Kaiser removed and then moved to dismiss and strike Plaintiffs' complaint. (Dkt. 10, 11.) In response, Plaintiffs voluntarily dismissed their contract, interference, and injunction causes of action. (Dkt. 14.) Plaintiffs argued that this maneuver stripped the Court of jurisdiction, but the Court rejected their argument. *Dean*, 562 F. Supp. 3d at 932. The Court agreed with Kaiser that Plaintiffs' remaining claim for declaratory relief "depends on substantial questions of federal cybersquatting and trademark law." *Id.* Thus, the Court had "jurisdiction to decide a claim for declaratory relief arising under federal law" and Plaintiffs' dismissal of their other claims "d[id] not divest the Court of subject-matter jurisdiction, as Plaintiffs contend." *Id.* at 931-32. After the Court confirmed its jurisdiction, it granted Kaiser's motions to dismiss and to strike and ordered Plaintiffs to pay Kaiser $50,804.89, a sum that Plaintiffs have still not paid. *Id.* at 936; Dkt. 34.

While Plaintiffs' declaratory relief claim remained pending, Kaiser asserted counterclaims against Plaintiffs for, among other things, violation of federal trademark law based on Plaintiffs' new website. (Dkt. 22 at 13-21.) In May 2023, the Court granted Kaiser's motion for summary judgment on its claims against

Plaintiffs and enjoined Plaintiffs from using Kaiser's trademarks and patients' data. *Dean*, 2023 WL 8261408, at *7; Dkt. 106. Plaintiffs appealed and the Ninth Circuit dismissed the appeal as "frivolous." *Dean v. Kaiser Found. Health Plan, Inc.*, No. 23-55580, 2024 WL 2828826, at *1 (9th Cir. Apr. 1, 2024).

Undeterred, Plaintiffs then brought three separate cases seeking to relitigate the Court's rulings and judgment here: *Dean v. Kaiser Found. Health Plan, Inc.*, No. CVPS2402884 (Cal. Super. May 15, 2024); *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:24-cv-2742 (C.D. Cal. Dec. 27, 2024); *Dean v. Kaiser Found. Health Plan, Inc.*, No. CVPS2507250 (Cal. Super. Oct. 3, 2025). As a result of their continued litigation of decided issues, the state court entered an order declaring Plaintiffs vexatious litigants and entered a prefiling order prohibiting them from suing pro se in California court without first obtaining leave of the presiding judge. *Dean v. Kaiser Found. Health Plan, Inc.*, No. CVPS2507250, 2026 WL 1035669, at *5 (Cal. Super. Mar. 19, 2026). Plaintiffs are now listed on the California vexatious litigant list. Judicial Council of California Vexatious Litigant List at 17, https://courts.ca.gov/system/files/file/vexlit.pdf (last accessed Aug. 5, 2026).

Plaintiffs also brought three motions in this Court challenging the Court's rulings and judgment under Rule 60(b). The first motion claimed that the Court lacked jurisdiction over this case, and the Court denied it, standing by its earlier jurisdictional analysis. *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:22-CV-00278-MCS-KK, 2024 WL 5439274, at *1 (C.D. Cal. Aug. 16, 2024) ("[T]he Court reasoned that it had original federal-question jurisdiction over Plaintiffs' claim for declaratory relief, which arose under federal cybersquatting and trademark law. . . . The Court stands by that analysis."). Plaintiffs' second motion reargued legal theories that the Court already considered. The Court denied the motion, explaining that Plaintiffs "fail to present any 'exceptional circumstances' for such an 'extraordinary remedy'" and holding that Plaintiffs' theories continued to lack merit. *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:22-CV-00278-MCS-KK, 2024 WL

5439273, at *1 (C.D. Cal. Oct. 15, 2024). Plaintiffs' third motion again claimed that the Court lacked jurisdiction over this case, and the Court again rejected the argument. *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:25-CV-02938-MCS-DTB, 2025 WL 3725647, at *3 (C.D. Cal. Nov. 18, 2025) ("[T]he Court reasoned that it had original federal-question jurisdiction over Plaintiffs' claim for declaratory relief, which arose under federal cybersquatting and trademark law. . . . The Court stands by this analysis.").

## III. ARGUMENT

The motion pending before the Court is Plaintiffs' fourth attempt to undo the Court's rulings and judgment under Rule 60(b). Plaintiffs again argue that the Court lacked jurisdiction. Plaintiffs' argument is meritless now for the same reason it was meritless before. The Court's exercise of jurisdiction was correct as a matter of law. Thus, Plaintiffs' motion necessarily fails under even the most searching standard of review, much less Rule 60(b)(4)'s "arguable basis" standard.

### A. The Court Correctly Exercised Jurisdiction

Removal is proper for any action in which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1338(a), a district court has original jurisdiction over an action "arising under any Act of Congress relating to . . . trademarks." When a declaratory judgment action "seeks in essence to assert a defense" to an impending or threatened action, courts also apply the well-pleaded complaint rule to the impending or threatened action. *Atay v. Cty. of Maui*, 842 F.3d 688, 697-98 (9th Cir. 2016). In other words, "the character of the threatened action" is used to determine whether there is federal-question jurisdiction. *Id*. at 698; *accord Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 197 (2014). In applying this analysis, courts "reposition the parties in a declaratory relief action by asking whether [the court] would have jurisdiction had the declaratory relief defendant been a plaintiff seeking a federal remedy." *Standard Ins. v. Saklad*, 127 F.3d 1179, 1181 (9th Cir. 1997); *Franchise Tax Bd. v. Constr.*

*Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 11 (1983) ("Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question").

In *Medtronic*, for example, the Supreme Court confirmed federal jurisdiction in a declaratory judgment case involving patents. 571 U.S. at 197. Under 28 U.S.C. § 1338, patents—like trademarks—are subject to federal jurisdiction. Like Plaintiffs here, Medtronic sought to establish through its declaratory judgment suit that its intended use did not constitute infringement. *Medtronic*, 571 U.S. at 197. As the Court explained, if Medtronic were to act on its belief that it was not engaged in infringement, the defendant could bring a federal action for patent infringement. *Id.* Consequently, the Court explained, there was federal jurisdiction because Medtronic's "declaratory judgment action, which avoids that threatened action, also 'arises under' federal patent law." *Id.* at 198.

Under Ninth Circuit law, the same standard applies to removed actions. In *Atay v. County of Maui*, as here, the plaintiffs filed a declaratory relief action in state court to resolve questions surrounding an action's legality under federal law. 842 F.3d at 695-96. The defendants removed to federal court, which denied the plaintiffs' motion to remand. *Id*. at 695. While there were "no federal claims present on the face of" the plaintiffs' complaint in *Atay*, the district court explained that this did not matter because "*the inquiry is focused on the nature of a well-pleaded complaint that the declaratory judgment defendant could bring*." *Atay v. Cnty. of Maui*, No. 14-cv-582, 2015 WL 998792, at *4 (D. Haw. Mar. 5, 2015) (emphasis added). The plaintiffs then appealed the district court's denial of the motion to remand to the Ninth Circuit, which affirmed and confirmed that the case was properly removed. *Atay*, 842 F.3d at 697-98 ("In these circumstances, it is the character of the [threatened federal action] action, in which questions of federal preemption are front and center, that determines whether there is federal question

jurisdiction. Therefore, the district court did not err in denying [the plaintiffs'] motion to remand."). *See also Get Fit Fast Supplements LLC v. Nature's Health Connection, Inc.*, No. 21-cv-81987, 2021 WL 10257112, at *2 (S.D. Fla. Dec. 10, 2021) (denying motion to remand where declaratory relief sought was in essence a defense to the removing defendant's asserted right "to enforce its trademark rights under the Lanham Act" and therefore "the Court ha[d] subject matter jurisdiction over the declaratory-relief claim").

The Court has jurisdiction under *Medtronic* and *Atay*. Here, just as in those cases, the declaratory relief sought by Plaintiffs was essentially a defense to a federal action by Kaiser. Kaiser's pre-suit cease and desist letter and Plaintiffs' response confirm that Plaintiffs brought their declaratory relief action to avoid Kaiser's federal claims. (Dkt. 22 at 10; Exhs. D & E.) At bottom, Plaintiffs sought a declaration that would relieve them from an action by Kaiser to assert rights under federal trademark law. Thus, *Medtronic* and *Atay* are controlling and confirm that removal was appropriate.

**B. Kaiser's Counterclaims Also Conferred Jurisdiction**

"In this circuit, we recognize that a District Court generally may adjudicate a counterclaim having an independent basis for federal jurisdiction despite the dismissal of plaintiff's action for lack of subject matter jurisdiction." *Cripps v. Life Ins. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (internal quotation marks omitted). In *Cripps*, the Ninth Circuit held that the district court lacked jurisdiction over the plaintiff's ERISA-based claims. *Id.* at 1264-67. That conclusion, however, did not end the jurisdictional inquiry on appeal because the case also involved cross-claims and counterclaims that raised federal issues. *Id.* at 1266-67. The Ninth Circuit held that the district court therefore had jurisdiction based on the federal counterclaims. *Id.* at 1267.

Here, Kaiser's federal counterclaims, including its claim for trademark infringement, arose under federal law. 28 U.S.C. § 1338(a). Thus, under the Ninth

Circuit's decision in *Cripps*, the Court had independent jurisdiction based on Kaiser's counterclaims, which Kaiser asserted while Plaintiffs' declaratory relief claim remained pending. This is yet another reason—independent of *Medtronic*, *Atay*, and the Court's correct conclusion that Plaintiffs' declaratory relief claim conferred federal jurisdiction—why Plaintiffs have no basis to challenge the Court's orders and judgment.

**C. Plaintiffs' Argument That the Court Lost Jurisdiction Lacks Merit**

Plaintiffs do not challenge Kaiser's removal of their original complaint, apparently conceding that the removal was proper. (Mot. ¶ 11.) Rather, Plaintiffs contend that the Court lost jurisdiction over the properly removed case once Plaintiffs voluntarily dismissed their state law contract, interference, and injunction causes of action. (Mot. ¶ 11.) Plaintiffs' theory is that, since the remaining declaratory relief claim lacked legal merit, the Court lost jurisdiction once Plaintiffs dismissed the other three causes of action. (*Id.* ¶¶ 9, 19.)

Plaintiffs' argument conflates the Court's *jurisdiction over* Plaintiffs' case with the *merits of* Plaintiffs' case. That Plaintiffs' declaratory relief claim failed on the merits has no bearing on the Court's jurisdiction over it. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513-16 (2006). In *Arbaugh*, the plaintiff invoked federal question under a federal law, Title VII, that specifies, as a prerequisite to its application, that the defendant have fifteen or more employees. *Id.* at 513. While it later turned out that the defendant had fewer than fifteen employees, that fact went to the merits, not to the existence of federal question jurisdiction. *Id.* at 515. Thus, the Supreme Court held, the federal district court retained subject matter jurisdiction over the case. *Id.* Similarly, in this case, Plaintiffs are correct that their declaratory relief claim lacked merit; indeed, the Court dismissed that claim for that reason. But the claim's lack of merit is irrelevant to the question of jurisdiction.

Plaintiffs' argument also ignores that Kaiser's federal counterclaims provided an independent basis for subject matter jurisdiction. *Supra* at III.B. Thus, even if

Plaintiffs' argument had merit (it does not), the Court would still have subject matter jurisdiction.

**D. Plaintiffs Ignore Rule 60(b)(4)'s Stringent Burden**

Plaintiffs' motion fails under any standard because the Court clearly had jurisdiction. But the stringent standard for granting reconsideration under Rule 60(b)(4)—the provision under which Plaintiffs bring their motion—reveals by how far Plaintiffs miss the mark.

Rule 60(b)(4) authorizes the court to relieve a party from a final judgment if "the judgment is void." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). A motion under Rule 60(b)(4) does not replace a timely appeal and a judgment is not void "simply because it is or may have been erroneous." *Id.* Instead, Rule 60(b)(4) relief is reserved "for the exceptional case in which the court that rendered judgment lacked even an '*arguable basis'* for jurisdiction." *Id.* at 271 (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)) (emphasis added). "'[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and . . . *only rare instances of a clear usurpation of power will render a judgment void*.'" *Espinosa*, 559 U.S. at 271 (quoting *United States v. Boch Oldsmobile, Inc*., 909 F.2d 657, 661 (1st Cir. 1990)) (emphasis added). Thus, Plaintiffs' contention that "[a] judgment entered without subject-matter jurisdiction is void and must be vacated under Federal Rule of Civil Procedure 60(b)(4)" is simply wrong. (Mot. ¶¶ 13, 28.)

*Nemaizer*—which the Supreme Court's *Espinosa* decision quoted for the "arguable basis" standard—illustrates Rule 60(b)(4)'s standard. There, the district court errantly exercised jurisdiction over an action removed to federal court on ERISA preemption grounds. *Nemaizer*, 793 F.2d at 64. But that did not render the Court's judgment in the case void or warrant Rule 60(b)(4) relief because a mere error of law was insufficient. As the Court emphasized, cases allowing an attack of a judgment under Rule 60(b)(4) "always involve[d] a clear usurpation of power by a

district court, and not an error of law in determining whether it has jurisdiction." *Id.* at 65. The Court therefore held that Rule 60(b)(4) relief is appropriate only when "there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction." *Id.* Because caselaw supported the application of ERISA preemption in some cases, the Court held that the district court could have reasonably (albeit erroneously) found a basis for jurisdiction. *Id.* The exercise of jurisdiction was thus immune from challenge under Rule 60(b)(4). *Id.*

*Nemaizer* and *Espinosa* demonstrate how frivolous Plaintiffs' serial motions for reconsideration are. Plaintiffs do not even try to argue that the Court lacked an "arguable basis" for its exercise of jurisdiction over this case such that the Court could be accused of engaging in "a clear usurpation of power." *Id.*; *Espinosa*, 559 U.S. at 271. At most, Plaintiffs argue an error of law, akin to the exercise of jurisdiction based on ERISA preemption in *Nemaizer*. But that is not enough to satisfy Rule 60(b)(4). Moreover, the Court quoted the "arguable basis" standard and cited *Espinosa* in its order denying Plaintiffs' first and third motions for reconsideration. *Dean*, 2024 WL 5439274, at *1; *Dean*, 2025 WL 3725647, at *3. Plaintiffs still, however, do not address the standard because they have no basis to satisfy it. Plaintiffs' motion therefore fails for this reason as well.

In summary, Kaiser submits that the Court properly exercised jurisdiction under the authorities discussed above, including *Medtronic*, *Atay*, and *Cripps.* But like the ERISA cases referenced in *Nemaizer*, these same authorities at the very least provided an arguable basis for the Court's jurisdiction.

**E. The Court Should Declare Plaintiffs Vexatious Litigants**

Plaintiffs have returned to federal court because they are vexatious litigants in state court and can no longer file there. Absent similar measures in federal court, Plaintiffs are likely to continue filing meritless motions. Local Rule 83-8.2 serves exactly this purpose. It provides that a Court "[o]n its own motion" can

a. "order a party to give security in such amount as the Court determines to be appropriate to secure the payment of any costs, sanctions or other amounts which may be awarded against a vexatious litigant . . .";

b. direct the Clerk "not to accept further filings from the litigant without payment of normal filing fees"; and

c. direct the Clerk not to accept filings "without written authorization from a judge of the Court or a Magistrate Judge, issued upon such showing of the evidence supporting the claim as the judge may require."

The Court should issue an order to show cause why it should not impose each of these conditions on Plaintiffs.

## IV. CONCLUSION

Plaintiffs' motion is frivolous. The Court correctly exercised jurisdiction over this case and Plaintiffs do not come close to overcoming the deferential "arguable basis" standard that governs motions under Rule 60(b)(4). The Court should deny Plaintiffs' motion and declare Plaintiffs vexatious litigants under the process set forth in Local Rule 83-8.2.

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Dated: August 10, 2026

By */s/ Jack Burns*

Jack Burns
Jill Pietrini
Paul Bost
Attorneys for Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals

**L.R. 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals, certifies that this brief contains 3,131 words, which complies with the word limit of L.R. 11-6.1.

Dated: August 10, 2026

By */s/ Jack Burns*
Jack Burns
Jill Pietrini
Paul Bost
Attorneys for Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals