UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **5:22-cv-00278-MCS-kk** | Date | August 10, 2026 |
| Title | ***Dean v. Kaiser Found. Health Plan, Inc.*** | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER RE: RULE 60 MOTION AND OTHER REQUESTS (ECF NOS. 130–32)**

In May 2023, the Court entered a judgment enjoining Stephan Dean and Liza Dean, individually and doing business as SureFile Filing Systems, from selling any goods or services under certain trademarks, among other prohibitions. (J., ECF No. 106.) In April 2024, the Ninth Circuit dismissed the Deans' appeal of the judgment as frivolous. (9th Cir. Order, ECF No. 125; 9th Cir. Mandate, ECF No. 126.) In August 2024, the Court construed a filing the Deans submitted in a separate case as a Rule 60(b)(4) motion for relief from the judgment in this case and denied it on the merits, reasoning that relief was unwarranted "[b]ecause the Court had an 'arguable basis for jurisdiction'" in that "it had original federal-question jurisdiction over [the Deans'] claim for declaratory relief, which arose under federal cybersquatting and trademark law." (Remand Order 2, ECF No. 127 (quoting *U.S. Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)).) Finally, in October 2024, the Court denied another Rule 60(b) motion the Deans filed. (Order Re: Rule 60(b) Mot., ECF No. 129.)

Now, over three years after entry of judgment against the Deans, over two years after dismissal of the Deans' appeal, and over a year after denial of the Deans' Rule 60(b) motions, the Deans bring a new motion for relief from the judgment under Federal Rule of Civil Procedure 60(b)(4). (Mot., ECF No. 130.) Kaiser Foundation

Health Plan, Inc., and Kaiser Foundation Hospitals filed a brief opposing the motion. (Opp'n, ECF No. 134.)[1] The Court deems the motion appropriate for decision without further briefing or oral argument and vacates the hearing set for August 31, 2026. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

Under Federal Rule of Civil Procedure Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" on the basis that "the judgment is void," among other reasons. "Because the scope of what constitutes a 'void' judgment is 'narrowly circumscribed,' a judgment is void 'only where the assertion of jurisdiction is truly unsupported'—and a 'void judgment must lack even a colorable basis.'" *FTC v. Hewitt*, 68 F.4th 461, 466 (9th Cir. 2023) (quoting *Hoffmann v. Pulido*, 928 F.3d 1147, 1151 (9th Cir. 2019)).

The Deans contend that the judgment is void because the Court lost subject-matter jurisdiction over the case after they voluntarily dismissed three of their four claims. (Mem. 5–7, ECF No. 130.) The Court previously rejected the Deans' position on this exact issue twice. In March 2022, the Court recognized that it retained federal-question jurisdiction over the Deans' sole remaining claim for declaratory relief because it "depend[ed] on substantial questions of federal cybersquatting and trademark law." (Order Re: Mot. to Dismiss & Mot. to Strike 3, ECF No. 31.) It is true that the Court ultimately concluded the Deans failed to state a claim for declaratory relief. (*Id.* at 9.) But that does not mean the Court lacked subject-matter jurisdiction over the claim. "A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable . . . ." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006). "Courts

---

[1] In their brief, the Kaiser entities ask the Court to declare the Deans vexatious under Local Rule 83-8.2. (Opp'n 1, 9–10.) An opposition brief is not an appropriate vehicle in which to seek affirmative relief. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *Smith v. Premiere Valet Servs., Inc.*, No. 2:19-cv-09888-CJC-MAA, 2020 U.S. Dist. LEXIS 228465, at *42 (C.D. Cal. Aug. 4, 2020) (collecting cases for the proposition that "a request for affirmative relief is not proper when raised for the first time in an opposition"). The Court is not prepared to consider this "extreme remedy" in connection with the instant motion, especially given that the Kaiser entities have not provided an exhaustive compilation of the record for the Court to "outline and discuss," and have not demonstrated that "other sanctions" would be inadequate to address any vexatious filings. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057–59 (9th Cir. 2007) (internal quotation marks omitted).

---

have not expressly defined what a colorable claim is," but "[a] determination that [a claim] lacks merit does not necessarily mean . . . that it is so insubstantial and immaterial that it does not pass the 'colorable' test." *Boettcher v. Sec'y of Health & Hum. Servs.*, 759 F.2d 719, 722 (9th Cir. 1985). Here, the Deans' declaratory claim colorably raised issues of federal law notwithstanding the Deans' failure to support that claim with a substantive federal-law theory under which a declaratory remedy could be granted. The Court confirmed its determination that the declaratory claim was colorable, if not meritorious, when it addressed the Deans' jurisdictional argument for the second time. (Remand Order 2.) The Court "stands by that analysis" again here. (*Id.*)[2]

The motion for relief from judgment is denied. Because the Court does not perceive that the Deans can pursue any further relief in this postjudgment case and still comport with Federal Rule of Civil Procedure 11(b), the Court denies Mr. Dean's request to proceed in forma pauperis and application for permission for electronic filing as unnecessary.

**IT IS SO ORDERED.**

---

[2] Accordingly, the Court does not reach the Kaiser entities' argument that their counterclaim also conferred federal jurisdiction. (Opp'n 6–7 (citing, inter alia, *Cripps v. Life Ins. of N. Am.*, 980 F.2d 1261 (9th Cir. 1992)); *see Syken v. Berman*, No. 2:25-cv-11622-MCS-MBK, 2026 U.S. Dist. LEXIS 23996, at *5–6 (C.D. Cal. Jan. 30, 2026) (Scarsi, J.) (questioning whether the principle stated in *Cripps* "survived decades of intervening authorities and *Royal Canin* [*U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025)]").